**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| NFS LEASING, INC., )<br>)<br>Plaintiff, )<br>) Case No.<br>v. )<br>)<br>SA HOSPITAL ACQUISITION GROUP, LLC, )<br>)<br>SERVE REGISTERED AGENT: )<br>)<br>INCORP SERVICES, INC. )<br>919 NORTH MARKET STREET, STE. 950 )<br>WILMINGTON, DE  19801 )<br>)<br>AMERICAN HEALTHCARE SYSTEMS, LLC, )<br>)<br>SERVE REGISTERED AGENT: )<br>)<br>FAISAL GILL )<br>5025 BACKLICK RD. STE. B )<br>ANNANDALE, VA 22003 )<br>)<br>and AMERICAN HEALTHCARE SYSTEMS )<br>MISSOURI, LLC, )<br>)<br>SERVE REGISTERED AGENT: )<br>)<br>REGISTERED AGENTS INC )<br>117 SOUTH LEXINGTON STREET, STE. 100 )<br>HARRISONVILLE, MO 64701 )<br>)<br>Defendants. )<br>) | |

**VERIFIED COMPLAINT FOR REPLEVIN AND DAMAGES**

Plaintiff, NFS Leasing, Inc. for its Verified Complaint for Replevin and Damages against Defendants SA Hospital Acquisition Group, LLC, American Healthcare Systems, LLC, and American Healthcare Systems Missouri, LLC, respectfully states the following:

## NATURE OF THE LAWSUIT

1. In this lawsuit, NFS Leasing, Inc. ("NFS") seeks to recover equipment it owns and leased to Defendant SA Hospital Acquisition Group, LLC ("SA Hospital") at 3933 S Broadway, St. Louis, MO 63118, as well as for damages against the entities which currently operate and control SA Hospital, Defendants American Healthcare Systems, LLC ("AHS LLC") and American Healthcare Systems Missouri, LLC ("AHS MO" and together with AHS LLC, "AHS Parties"), for their conversion of NFS's equipment and unjust enrichment flowing from their continued, unlawful use of the equipment.

2. On April 26, 2021, SA Hospital executed, in favor of NFS, Master Equipment Lease No. 2021-0233 (the "Master Lease" and together with Schedule 1 and all amendments and modifications thereto, the "Lease Agreement") identifying specific terms and equipment to be leased thereunder (the "Leased Equipment"). In connection with the Lease Agreement, SA Hospital also executed a Security Agreement, and a Tri-Party Landlord Agreement, each in favor of NFS. NFS's ownership interest in the Leased Equipment and security interest in assets of SA Hospital are evidenced by the Lease Agreement, Security Agreement, and UCC-1 filings.

3. SA Hospital has been in default under the Lease Agreement since at least September 2022.

4. Upon information and belief, SA Hospital has and is attempting to sell its assets, which are subject to NFS's security interests, and the Leased Equipment, to potential buyers and has entered into an asset purchase agreement to sell the same to the AHS Parties. This attempted sale is in breach of the Lease Agreement, the Security Agreement, and NFS's UCC filings.

5. Despite the defaults and multiple demands for payment and return of the Leased Equipment, SA Hospital and the AHS Parties have refused to make payments, return, or permit NFS to recover its equipment for more than six months.

6. In this lawsuit, NFS seeks the immediate return and possession of its Leased Equipment, together with damages NFS has sustained as a result of the AHS Parties unlawfully converting, using, and diminishing the value of the Leased Equipment.

## THE PARTIES

7. Plaintiff NFS is a Massachusetts corporation with a principal place of business at 900 Cummings Center, Suite 226-U, Beverly, MA 01915 and authorized to transact business in Missouri. Accordingly, NFS is a citizen of Massachusetts.

8. Defendant SA Hospital is a Delaware limited liability company having a principal place of business at 3933 S Broadway, St. Louis, Missouri 63118.

9. SA Hospital is a citizen of the State of Delaware.

10. The members of SA Hospital are Benjamin Meir Klein, Jeffrey K. Alholm, Lawrence Feigen, and Troy Schell.

11. Benjamin Meir Klein ("Klein") is an individual residing at 284 E Palisade Ave., Englewood, NJ 07631.

12. Klein is a citizen of the State of New Jersey.

13. Jeffrey K. Alholm ("Alholm") is an individual residing at 4308 Via Entrada, Newbury Park, CA 91320.

14. Alholm is a citizen of the State of California.

15. Lawrence Feigen ("Feigen"), is an individual residing at 415 S. June St., Los Angeles, CA 90020.

16. Feigen is a citizen of the State of California.

17. Troy Schell ("Schell") is an individual residing at 269 West Bonita Ave., Claremont, CA 91711.

18. Schell is a citizen of the State of California.

19. The registered agent for SA Hospital listed with the Office of the Secretary of State of Delaware is Incorp Services, Inc., 919 North Market Street, Suite 950, Wilmington, Delaware 19801.

20. Defendant, AHS LLC, is a Virginia limited liability company, having a principal place of business at 5025 Backlick Rd. Ste. B, Annandale, VA 22003.

21. AHS LLC is a citizen of Virginia.

22. Upon information and belief, AHS LLC has no members domiciled in Missouri.

23. The registered agent information for AHS LLC listed with the Secretary of State of Virginia is Faisal Gill, 5025 Backlick Rd. Ste. B, Annandale, VA 22003.

24. Defendant, AHS MO, is a Missouri limited liability company, having a principal place of business at 505 N. Brand Blvd., Suite 1110, Glendale, CA 91203.

25. Upon information and belief, AHS MO has no members domiciled in Missouri.

26. The registered agent information for AHS MO listed with the Secretary of State of Missouri is Registered Agents Inc, 117 South Lexington Street, Ste. 100, Harrisonville, MO 64701.

## JURISDICTION AND VENUE

27. This Court has personal jurisdiction over SA Hospital, AHS LLC, and AHS MO because they operate and transact business in Missouri and are thus subject to jurisdiction under Missouri's long-arm statute, Mo. Rev. Stat. § 506.500.1(1).

28. This Court has subject-matter jurisdiction over this lawsuit under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy, excluding interest and costs, exceeds $75,000.00.

29. Venue is appropriate in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim of relief and the property to be recovered under the replevin action occurred in this District.

## GENERAL ALLEGATIONS

30. On or about April 26, 2021, SA Hospital and NFS executed the Master Equipment Lease No. 2021-0233 (the "Master Lease" and together with Schedule 1 and all amendments and modifications thereto, the "Lease Agreement") identifying specific terms and equipment to be leased by SA Hospital (the "Leased Equipment") whereby SA Hospital, as lessee, agreed to the terms pursuant to which it would lease the Leased Equipment. A true and accurate copy of the Lease Agreement is attached hereto and incorporated by reference as **Exhibit A**.

31. Pursuant to paragraph 1.2 of the Master Lease, SA Hospital agreed: "It is expressly understood that the Equipment is, and at all times shall remain the personal property of Lessor. Lessee shall have no right, title or interest in the Equipment except as expressly provided herein."

32. Pursuant to paragraph 10 of the Master Lease, upon an Event of Default, including a default for non-payment, NFS may require SA Hospital to assemble the Leased Equipment for pickup by NFS and/or for NFS to obtain possession of the Leased Equipment by summary proceeding or otherwise.

33. To protect and provide public notice that it owns the Leased Equipment, NFS recorded in Delaware, SA Hospital's state of formation, a UCC-1 financing governing the Leased

Equipment.  A true and accurate copy of said UCC Statement is attached hereto and incorporated by reference as **Exhibit B**.

34. On or about April 26, 2021, SA Hospital executed a Security Agreement in favor of NFS pursuant to which SA Hospital granted NFS Leasing a security interest in all of SA Hospital's equipment to secure the obligations owed by SA Hospital to NFS including those under the Lease Agreement ("Security Agreement").  A true and accurate copy of the Security Agreement is attached hereto and incorporated by reference as **Exhibit C.**

35. Pursuant to the Security Agreement, NFS recorded in Delaware, SA Hospital's state of formation, a UCC-1 Financing Statement against SA Hospital, which granted NFS a first priority lien on certain assets of SA Hospital.  A true and accurate copy of the UCC-1 is attached hereto and incorporated by reference as **Exhibit D**.

36. On April 30, 2021, NFS, SA Hospital and PI Broadway, LLC, the original landlord ("Landlord") of the premises where SA Hospital operates (the "Premises"), entered into a Tri-Party Landlord Agreement, pursuant to which SA Hospital and Landlord agreed that, upon default under the Lease Agreement, NFS was to be granted access to the Premises to enforce its rights of repossession of the Leased Equipment and permitted to remove such Leased Equipment from the Premises.  A true and accurate copy of the Tri-Party Landlord Agreement is attached hereto and incorporated by reference as **Exhibit E**.

37. Upon information and belief, in breach of the Security Agreement and/or the Lease Agreement, SA Hospital and the AHS Parties entered into an asset purchase agreement in an effort to fraudulently transfer to the AHS Parties the Leased Equipment and/or assets secured by NFS's security interests.

38. Upon information and belief, the AHS Parties began operating SA Hospital in or about May 2022.

39. In September 2022, SA Hospital defaulted on its Lease Agreement obligations for failing to make payments required by the Lease Agreement.

40. On or about November 3, 2022, NFS sent, or caused to be sent, a notice of default (the "Default Notice") to SA Hospital, including a demand for the assembly and return of its Leased Equipment. A true and accurate copy of the Default Notice is attached hereto and incorporated by reference as **Exhibit F**.

41. Upon information and belief, SA Hospital continues to hold title to the secured assets and the AHS Parties operate, possess, and control those assets, along with the Leased Equipment.

42. Despite NFS's multiple demands upon SA Hospital and the AHS Parties and despite SA Hospital's multiple breaches of its obligations under the Lease Agreement, the Tri-Party Landlord Agreement, and the Security Agreement, including the absolute right of NFS to recover the Leased Equipment it owns in the event of default, both SA Hospital and the AHS Parties have refused to return the equipment owned by NFS or make any payments whatsoever for more than six months. The total amount owed under the Lease Agreement for past due lease payments, exclusive of any interest, costs or fees is presently $482,694.55.

43. SA Hospital and the AHS Parties have failed to return or make available for recovery the Leased Equipment, despite multiple demands, and have thereby converted the personal property of NFS.

44. SA Hospital and the AHS Parties continue to use and operate the Leased Equipment, without consent and despite multiple demands for return, and have thereby wrongfully

and unlawfully accepted the benefit of the Leased Equipment without compensating NFS and diminished its value.

## COUNT I

### **REPLEVIN**

45. Plaintiff NFS hereby pleads, alleges and incorporates by reference the allegations of the foregoing paragraphs of its Complaint as if fully set forth herein.

46. At all times hereto there was and is in full force and effect in the State of Missouri, a certain statue being Mo. Rev. Stat. § 533.010 *et seq.* (the "Replevin Statute").

47. Pursuant to the Replevin Statute, Plaintiff NFS is lawfully entitled to the possession of the Leased Equipment.

48. Defendants SA Hospital and the AHS Parties are wrongfully retaining the Leased Equipment.

49. The Leased Equipment has not been seized under any process, execution or attachment.

50. Because the Leased Equipment is readily movable, readily marketable, and easily damaged by misuse, Plaintiff NFS is in danger of losing the Leased Equipment unless it is taken out of Defendants SA Hospital's and the AHS Parties' possession or otherwise secured.

51. As a direct and proximate result of Defendants SA Hospital's and the AHS Parties' wrongful retention and possession of the Leased Equipment, Defendants SA Hospital and the AHS Parties have damaged Plaintiff NFS in an amount to be proven at trial.

WHEREFORE, Plaintiff NFS Leasing, Inc. prays this Court enter judgment in Count I in favor of Plaintiff and against Defendants SA Hospital Acquisition Group, LLC, American

Healthcare Systems, LLC, and American Healthcare Systems Missouri, LLC and each of their employees, directors, officers, agents and representatives jointly and severally granting Plaintiff:

(A) Immediate possession of the Leased Equipment;

(B) For such damages as it will be proven at the time of trial together with pre-judgment interest, post judgment costs, and attorney fees; and

(C) Such other and further relief as the Court deems just and proper.

## COUNT II

## CONVERSION

Comes now Plaintiff and for Count II of its Complaint against the AHS Parties states as follows:

52. NFS pleads, alleges, and incorporates by reference the foregoing paragraphs as if set forth fully herein.

53. As expressly acknowledged in the Lease, NFS is the lawful owner of the Leased Equipment and had and has the immediate right to possess the Leased Equipment on demand in light of SA Hospital's default under the Lease Agreement.

54. NFS has made demand upon both SA Hospital and the AHS Parties to cease use of and return the Leased Equipment to NFS.

55. By refusing to return or permit access to the Leased Equipment, the AHS Parties have wrongfully and unlawfully assumed and retained possession and control of the Equipment to the exclusion of NFS Leasing's rights as owner.

55. At the time of its conversion, the Leased Equipment was worth at least $2,113,599.00.

9

56. The AHS Parties' refusal to return or deliver the Leased Equipment to NFS constitutes a wrongful taking of NFS's personal property.

57. The AHS Parties' actions as described herein were wanton, willful, and without just cause or excuse, thereby entitling NFS to an award of punitive damages.

58. NFS Leasing has been damaged by conversion of its property in an amount to be proven at trial, which amount will include, at a minimum, the value of the Leased Equipment at the time of the AHS Parties' wrongful taking of the Leased Equipment.

WHEREFORE, Plaintiff NFS Leasing, Inc. prays this Court enter judgment in Count II against American Healthcare Systems, LLC and American Healthcare Systems Missouri, LLC jointly and severally:

    a. For $2,113,599.00 as the value of the Leased Equipment at the time such Defendants converted it to their use;

    b. For punitive damages that are fair and reasonable under the circumstances; and

    c. Such other and further relief as this Court deems just and proper.

## COUNT III

### UNJUST ENRICHMENT

Comes now Plaintiff and for Count III of its Complaint against the AHS Parties states as follows:

59. NFS Leasing pleads, alleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

60. NFS provided the Leased Equipment to SA Hospital in consideration of monthly lease payments for a certain term.

61.     SA Hospital defaulted under the Lease Agreement by, among other things, failing to make payments to NFS.

62.     Since the AHS Parties took over control and operation of SA Hospital, the AHS Parties have used and received the benefit of the Leased Equipment owned by NFS without making payment to NFS Leasing.

63.     NFS has made demand upon both SA Hospital and the AHS Parties to cease use of and return the Leased Equipment to NFS.

64.     As the entities operating and controlling SA Hospital, the AHS Parties have acknowledged, accepted, and benefitted from the use of the Leased Equipment.

65.     The rental value of the Leased Equipment is $86,736.10 per month, exclusive of sales and use tax and personal property tax, and the AHS Parties were enriched by such amount each month and/or partial month they used the Leased Equipment to the detriment of NFS Leasing.

66.     It would be unjust and inequitable to allow the AHS Parties to retain such benefit without compensating NFS.

WHRERFORE, Plaintiff NFS Leasing, Inc. prays for judgment in Count III against American Healthcare Systems, LLC and American Healthcare Systems Missouri, LLC jointly and severally:

a.      For the rental value of the Leased Equipment of $86,736.10, plus sales and use tax and personal property tax, for each month and portions of months such Defendants used the Leased Equipment; and

b.      Such other and further relief as this Court deems just and proper.

Dated: February 20, 2023

Respectfully submitted,

**GREENSFELDER, HEMKER & GALE, P.C.**

By: */s/ Randall F. Scherck*
    Randall F. Scherck, #31085MO
    10 South Broadway, Suite 2000
    St. Louis, Missouri  63102
    (314) 241-9090 (Telephone)
    (314) 241-8624 (Facsimile)
    rscherck@greensfelder.com

    *Attorney for Plaintiff*

COMMONWEALTH OF MASSACHUSETTS   )
                                ) SS:
COUNTY OF ESSEX                 )

I, Dana Calumby, being of lawful age, and after being duly sworn, states that I am representative of NFS Leasing, Inc. and on behalf of NFS Leasing Inc., the facts contained in the foregoing Verified Petition are true and correct to the best of the company's knowledge and belief.

_____
Dana Calumby
Chief Financial Officer

Subscribed and sworn to before me, a Notary Public, on this 17th day of February, 2023.

_____
Notary Public

My commission expires:

13