# EXHIBIT B-1

# EXHIBIT 5

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
| (978) 338-4810 |

| B. E-MAIL CONTACT AT FILER (optional) |
| UCC@NFSLEASING.COM |

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

> NFS LEASING, INC.
>
> 900 CUMMINGS CENTER
>
> SUITE 226-U
>
> BEVERLY, MA 01915

**Delaware Department of State**
**U.C.C. Filing Section**
Filed: 05:46 PM 03/25/2021
**U.C.C. Initial Filing No: 2021 2367747**

**Service Request No:  20211048517**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
| SA HOSPITAL ACQUISITION GROUP, LLC | | | | |
| **OR** 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16192 COASTAL HIGHWAY | LEWES | DE | 19958 | US |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
| | | | | |
| **OR** 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
| NFS LEASING, INC. | | | | |
| **OR** 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 900 CUMMINGS CENTER, SUITE 226-U | BEVERLY | MA | 01915 | US |

4. COLLATERAL: This financing statement covers the following collateral:
All assets of the Debtor.    NOTICE - Pursuant to an agreement between Debtor and Secured Party.
Debtor has agreed not to grant a security interest in the above collateral to any other entity.
Accordingly, the acceptance of any security interest by anyone other than the Secured Party is
likely to constitute tortious interference with the Secured Party's rights.   In the event that any
entity is granted a secured interest in the above collateral contrary to the above, the Secured
Party asserts a claim to any proceeds thereof received by such entity.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative |
| 6a. Check only if applicable and check only one box: | | 6b. Check only if applicable and check only one box: |
| ☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien   ☐ Non-UCC Filing |
| 7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor |
| 8. OPTIONAL FILER REFERENCE DATA: |
| SA HOSPITAL SEC |

International Association of Commercial Administrators

**FILING OFFICE COPY** — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

# EXHIBIT 6

 **NFS Leasing**

## TRI-PARTY LANDLORD AGREEMENT

This Tri-Party Landlord Agreement is entered into as of this 30ᵗʰ day of April, 2021 (this "Agreement") by and among NFS Leasing, Inc., a Massachusetts corporation ("NFS"), SA Hospital Acquisition Group, LLC, a Delaware limited liability company ("Lessee"), and PI Broadway LLC ("Landlord"), a Missouri limited liability company.

WHEREAS, NFS and Lessee are entering into a certain equipment leasing transaction (the "Equipment Lease") whereby NFS will lease to Lessee certain equipment (the "Leased Equipment"), which Leased Equipment is more fully described below; and

WHEREAS, Landlord and Lessee are parties to that certain Hospital Lease dated January 19, 2021 and a true, complete and accurate copy of such lease, as amended, is attached hereto as Exhibit A (as amended, restated or otherwise modified from time to time the "Lease") for certain premises located at **3933 S. Broadway St, Louis, MO 63118** (the "Premises"); and

WHEREAS, the purpose of this Agreement is to provide for NFS to gain access to the Leased Equipment in the event Lessee defaults under the Equipment Lease and NFS exercises its rights thereunder to repossess the Leased Equipment.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties to this Agreement hereby agree as follows:

1. **Landlord's Representations:** Landlord hereby warrants and represents that the Lessee is the tenant under the Lease. The Landlord warrants any claim or defense to the contrary. The Lease represents the entire understanding between Landlord and Lessee with respect to the leasing of the Premises. The Lease has been duly authorized, executed and delivered by Landlord, and is in full force and effect. To the best knowledge of Landlord the Premises have not become subject to any mechanic's, laborer's, material person's or other lien. There exists no default of Landlord or Lessee under the Lease nor state of facts which, with the passage of time or the giving of notice or both, could ripen into a default on the part of Landlord, or to the best knowledge of Landlord, could ripen into a default on the part of Lessee under the Lease.

2. **Collateral and Leased Equipment.** For all purposes of this Agreement the "Leased Equipment" means that certain equipment set forth on the attached Schedule 1 as well as any subsequent equipment which may, in the future be leased to Lessee under any additional schedule to the Equipment Lease and which is to be physically located at the Premises, together with any replacements or additions thereto. Each of Landlord and Lessee agree to at all times recognize NFS' ownership interest in the Leased Equipment even where the Leased Equipment may be attached to, affixed to or upon the Premises, and shall not assert any claims to a lien or other interest on the Leased Equipment. Additionally, Landlord acknowledges that NFS has required and may to the future require as security for the obligations under the Equipment Lease, inter alia, liens on certain assets owned by Lessee that may be located at the Premises (the "Collateral"). Landlord hereby agrees that (a) Landlord will not assert against any of Lessee's assets (including without limitation the Collateral) any statutory or possessory liens including, without limitation, rights of levy or distraint for rent, all of which Landlord hereby waives; and (b) none of the Collateral located at the Premises shall be deemed to be fixtures.

3. **Access to Leased Equipment in the Event of Default Under Equipment Lease.** Each of Lessee and Landlord hereby agrees that in the event of any default declared by NFS under the Equipment Lease ("Default") which gives rise to NFS seeking to enforce its rights of repossession of the Leased Equipment and to enforce its security interest in the Lease and/or the Collateral, Landlord is hereby authorized and directed, at NFS' option, to allow NFS or its designated agents to (a) succeed to Lessee's right, title and interest under the Lease, and (b) or (c) remove the Leased Equipment and/or Collateral from the Premises within a reasonable time, not to exceed ninety (90) days after NFS provides notice to Landlord of the Default, provided that if NFS occupies the Premises in excess of twenty (20) days (the "Initial Period") after such notice of Default, NFS shall pay to Landlord a true and occupancy fee equal to the amount of the prorated monthly rental payment that would have been due under the Lease for the period of time NFS occupies the Premises after the Initial Period, and NFS shall pay Landlord for any actual damages directly caused by NFS or its representatives in removing the Leased Equipment and/or Collateral from the Premises. Landlord further agrees that Landlord will not hinder NFS' actions in repossessing the Leased Equipment or exercising its rights with respect to the Collateral.

4. ~~Certain Agreements. Landlord hereby agrees that it will not attempt to provide NFS with a copy of any notice of default, or any similar notice, sent to Lessee which relates to Lessee since or occupancy of the Premises in connection with the Lease. Landlord will not seek to exercise any right it may have to terminate the lease by reason of any obligation the terms of Lessee paid a reasonable period of time if its terms... Landlord shall have changed following the notice to Lessee (to the you be NFS or provided above) during which period NFS shall have the right, but shall have no duty to remedy such act or omission. Landlord agrees to accept such performance by NFS in possession of Lessee under the Lease. The agreements contained herein shall continue in full force and while same and Landlord or Lessee to NFS are paid and performed in full and all leasing and other arrangements between the Lessee and Lessee under the Equipment Lease have been terminated. Landlord shall retain all successors, transferees, purchasers, and mortgagees of the existence of this Agreement and the terms and conditions contained herein.~~ 

5. **Notices.** All notices permitted or required by this Agreement shall be in writing and served upon the parties by either certified mail, return receipt requested, or by a reputable overnight delivery service requiring a signature upon delivery, or via facsimile or electronic mail transmission for which a successful transmission report is generated. Any such notice shall be deemed effective when received by that party at the following address, email or facsimile number.

| If to NFS Leasing, Inc. | If to Lessee: | SA Hospital Acquisition Group, LLC | If to Landlord: | PI Broadway LLC |
|---|---|---|---|---|
| 900 Cummings Center, Suite 226-U | Address | 269 West Bonita | Address | c/o Positive Investments, Inc |
| Beverly, MA 01915 | | Claremont, CA 91711 | | 610 N. Santa Anita Ave Arcadia, CA 91006 |
| Fax (866) 805-8667 | Phone: | | Phone | (626) 321-4815 |
| Attn: Legal | Fax: | | Attn: | Rao Yalamanchili |
| Email: legal@nfsleasing.com | Email | Tim_scheff@schmuelle.com | Email | rao@positiveinvestments.com |

6  Governing Law, Jurisdiction and Venue:  This Agreement shall be interpreted under and governed by the laws of the State where the Leased Equipment is located and any action commenced hereunder shall be brought only in a court of competent jurisdiction sitting within said State

7  Modification:  To be effective any modification of this Agreement must be in writing and executed by all parties

8  Execution:  Each party represents and warrants to the other parties that the person executing this Agreement on its behalf is duly authorized to do so and that once executed, this Agreement is intended to be a binding agreement enforceable in accordance with its terms  This Agreement may be executed in several counterparts with each such counterpart constituting an original. Any party may execute this Agreement via fax with original signature pages thereafter furnished to the other parties, provided however that no party may avoid any obligation hereunder by virtue of its failure to furnish such original signatures

9  Severability.  In the event that any provision of this Agreement shall be held to be invalid void, voidable, or otherwise unenforceable, the remaining portions of this Agreement shall remain in full force and effect to the extent that they can be given effect without the invalid portions

10  Successors and Assigns  It is the intent of the parties that this Agreement shall be binding upon each of the party's successors, assigns, and personal representatives, upon any successor owner or transferee of the Premises, and upon any purchaser, including any mortgagee, from Landlord

Executed as an agreement under seal and effective on the date first above written

NFS Leasing, Inc

Name: Mark Bhisdell

Signature:

Title: CFO

Date: 4/30/2021

Lessee: SA Hospital Acquisition Group, LLC

Name:

Signature:

Title:

Date: 5/5/21

Landlord: PI Broadway LLC

Name: Rao Yalammchili

Signature:

Title: Manager

Date: 4/30/21

2

## Schedule 1

| Vendor | Invoice or PO # | Description |
|---|---|---|
| Alco Sales And Service Co | 2833897-IN | QTY 25 LITHIUM IRON PHOSPHATE BATTERY |
| BidMed, LLC | I-282-21 | PRECISION FLOUROSCOPY SYSTEM |
| BidMed, LLC | I-282-21 | SIGNA EXCITE 1.5T MOBILE MRI |
| Boelter | 720763-1 | CONTRACT TO FURNISH KITCHEN EQUIPMENT |
| Cadwell | 245921 | CAMERA ACCESSORIES |
| CDW 2 | 4049065 | MS SOFTWARE |
| CDW 3 | 3835877 | ARUBA SOFTWARE |
| CDW 4 | 3716877 | 48 WIRELESS GATEWAYS AND CONTROLLERS |
| CDW 5 | 4207989 | 100 7480 MONITORS 100 LOGITECH WIRELESS |
| CDW | 4171567 | 452 SOFTWARE LICENSES FOR MS EXCHANGE ETC |
| FISHER HEALTHCARE | 5819729 | JPL430A HIGH PERFORMANCE PLASMA FREEZER |
| FUTURA MOBILITY | 100063518 | QTY 10 M3BL CHASSIS POWER MI IFI AND ACCESORIES |
| FUTURA MOBILITY | 100063515 | 10 DELL OPTIPLEX MFI MLK |
| FUTURA MOBILITY | 100064007 | 10 HONEYWELL 1950 SCANNER ONLY |
| HILLROM | 1171078 | VOLARA SYSTEM AND STAND |
| JAKEN MEDICAL | 47560 | QTY 4 ELECTROCARDIOGRAPH GE MAC COLOR DISP 12SL GS INTERP |
| JUST MEDICAL | 4010584 | MRI SPIRODOC SPIROMETER AND OXIMETER |
| LINET-2 | 20202612 | BEDS MATTRESSES TABLES CHAIRS |
| MEDICAL POSITIONING | 5890 | ECHOTABLE AND ACCESSORIES |
| MINDRAY | P60D1320A | QTY 4 MINDRAY ULTRASOUND SYSTEMS AND ACCESORIES |
| MINDRAY | P60601320 | MINDRAY PATIENT MONITORING AND ANESTHESIA SYSTEM |
| NORIX | INV88672 | BEDS MATTRESSES RESTRAINT CHAIRS LOUNGE |
| ORTHO CLINICAL DIAGNOSTICS | 1851665718 | VITRO XT 7600 INTEGRATED SYSTEM ANTIGEN TESTING |
| SERVICE EXPRESS | 987076 | EMC DELL INTEL VM WARE |
| SILCOM COM 2 | 136089 | NURSECALL SYSTEM AND PATIENT MONITORING |
| SILCOM COM 3 | 136055 | TWO INVOICE INCLUDE SOFTWARE HARDWARE INSTALL AND TAX |
| SILCOM COM 1 | SIL-135917 | AVAYA PHONE HARDWARE AND SYS SOFTWARE |
| ABBOT | 27314 | HEMATOLOGY ANALYZER |
| ADVANCED STERILIZATION PRODUCTS | 27474 | SURGERY STERILIZER - ST100NX ALL CLEAR I-DR DUO and install kit |
| ARJO | 27482 | PATIENT LIFT AND SAFETY |
| COVIDIEN (Medtronic) | 27460 | QTY 4 VENTILATOR |
| FERGUSON FACILITIES SUPPLIES | 27256 | QTY 2 EVS DEPARTMENTS |
| GE | 27199 | DICOM GW PRO |
| GE | 27390 | DIGITAL X RAY - Optima XR646 ID base LED (Item # S1204AH) |
| GE | 27360 | RADIOLOGY |
| GE | 27366 | CT SCAN - Revolution Evo Gen 2 ES Digital BI |
| GE | 27442 | C-ARMS |
| GE | 27361 | NUCLEAR MEDICINE - GS INF2 375IN ACQ SYS - GoldSeal Infinia II dual detector imaging system |
| GE | 27363 | ULTRASOUND - GoldSeal Logiq S8 R4.5 QLED (Catalog # L8029SE) and Array Probe |
| MCKESSON | 30479 | BIOMERIEUX (MICROBIOLOGY) |
| MCKESSON | 30426 | BIOMERIEUX MICROBIOLOGY) |

3

| PHILIPS | 27473 | QTY 4 BIPAP MACHINE |
|---|---|---|
| SIEMENS | 27328 | CO AG ANALYZER |
| STERIS | 27424 | QTY 2 SURGICAL TABLES |
| STERIS | 27424 | SURGICAL LIGHTS FOR 3 OR ROOMS |
| STRYKER | 27310 | NEPTUNE WASTE SYSTEM |
| STRYKER | 27462 | INSTRUMENTS |
| GE | POs 27360 & 27581 | Cath lab & Hemodynamics |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 10/50/100. Ergo Trinoc (Catalog # NC1881917) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 4/10/20/100. Ergo Trinoc, Upgraded Stage (Catalog # NC1881919) |
| FISHER HEALTHCARE | Invoice # 4804846 | Ultra-Low Freezer: ULT FZ TSX40086A 115V/60HZ (Catalog # TSX40086A) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC3 W PL 4 PH 10/40 FULL GOUT (Catalog # NC1882294) |
| Philips Healthcare | PO # 27984 | 102303 IntraSight (NNAW511 - IntraSight 7) |

4

## Exhibit A

*Copy of Hospital Lease Attached.*

5

**NFS Leasing**

# TRI-PARTY LANDLORD AGREEMENT

This Tri-Party Landlord Agreement is entered into as of this _____ day of _____, 2021 (this "Agreement") by and among NFS Leasing, Inc., a Massachusetts corporation ("NFS"), SA Hospital Acquisition Group, LLC, a Delaware limited liability company ("Lessee"), and PI Broadway LLC ("Landlord"), a Missouri limited liability company.

WHEREAS, NFS and Lessee are entering into a certain equipment leasing transaction (the "Equipment Lease") whereby NFS will lease to Lessee certain equipment (the "Leased Equipment"), which Leased Equipment is more fully described below; and

WHEREAS, Landlord and Lessee are parties to that certain Hospital Lease dated January 19, 2021 and a true, complete and accurate copy of such lease, as amended, is attached hereto as **Exhibit A** (as amended, restated or otherwise modified from time to time the "Lease") for certain premises located at **3933 S. Broadway St, Louis, MO 63118** (the "Premises"); and

WHEREAS, the purpose of this Agreement is to provide for NFS to gain access to the Leased Equipment in the event Lessee defaults under the Equipment Lease and NFS exercises its rights thereunder to repossess the Leased Equipment.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties to this Agreement hereby agree as follows:

1.  <u>Landlord's Representations</u>:  Landlord hereby warrants and represents that the Lessee is the tenant under the Lease.  The Landlord waives any claim or defense to the contrary.  The Lease represents the entire understanding between Landlord and Lessee with respect to the leasing of the Premises.  The Lease has been duly authorized, executed and delivered by Landlord, and is in full force and effect.  To the best knowledge of Landlord, the Premises have not become subject to any mechanic's, laborer's, material person's or other lien.  There exists no default of Landlord or Lessee under the Lease nor state of facts which, with the passage of time or the giving of notice or both, could ripen into a default on the part of Landlord, or to the best knowledge of Landlord, could ripen into a default on the part of Lessee under the Lease.

2.  <u>Collateral and Leased Equipment</u>:  For all purposes of this Agreement the "Leased Equipment" means that certain equipment set forth on the attached **Schedule 1** as well as any subsequent equipment which may in the future be leased to Lessee under any additional schedule to the Equipment Lease and which is to be physically located at the Premises, together with any replacements or additions thereto.  Each of Landlord and Lessee agree to at all times recognize NFS' ownership interest in the Leased Equipment even where the Leased Equipment may be attached to, affixed to or installed in or upon the Premises, and shall not assert any claims to a lien or other interest in the Leased Equipment.  Additionally,  Landlord acknowledges that NFS has required, and may in the future require, as security for the obligations under the Equipment Lease, inter alia, liens on certain assets owned by Lessee that may be located at the Premises (the "Collateral").  Landlord hereby agrees that: (a) Landlord will not assert against any of Lessee's assets (including, without limitation, the Collateral) any statutory or possessory liens, including, without limitation, rights of levy or distraint for rent, all of which Landlord hereby waives; and (b) none of the Collateral located at the Premises shall be deemed to be fixtures.

3.  <u>Access to Leased Equipment in the Event of Default Under Equipment Lease</u>:  Each of Lessee and Landlord hereby agrees that in the event of any default declared by NFS under the Equipment Lease ("Default") which gives rise to NFS seeking to enforce its rights of repossession of the Leased Equipment and to enforce its security interest in the Lease and/or the Collateral, Landlord is hereby authorized and directed, at NFS' option, to allow NFS or its designated agents to (a) succeed to Lessee's right, title and interest under the Lease, and (b)  or (c) remove the Leased Equipment and/or Collateral from the Premises within a reasonable time, not to exceed ninety (90) days after NFS provides notice to Landlord of the Default, provided that if NFS occupies the Premises in excess of twenty (20) days (the "Initial Period") after such notice of Default, NFS shall pay to Landlord a use and occupancy fee equal to the amount of the prorated monthly rental payment that would have been due under the Lease for the period of time NFS occupies the Premises after the Initial Period, and NFS shall pay Landlord for any actual damages directly caused by NFS or its representatives in removing the Leased Equipment and/or Collateral from the Premises. Landlord further agrees that Landlord will not hinder NFS' actions in repossessing the Leased Equipment or exercising its rights with respect to the Collateral.

4.  <u>Certain Agreements</u>:  Landlord hereby agrees that it will simultaneously provide NFS with a copy of any notice of default, or any similar notice, sent to Lessee which relates to Lessee's use or occupancy of the Premises in connection with the Lease. Landlord will not seek to exercise any right it may have to terminate the Lease by reason of any act or omission of Lessee until a reasonable period of time (but in any event not less than thirty (30) days) shall have elapsed following the notice to Lessee (with a copy to NFS as provided above), during which period NFS shall have the right, but shall not be under any obligation, to remedy such act or omission. Landlord agrees to accept such performance by NFS on account of Lessee under the Lease.  The agreements contained herein shall continue in full force until all obligations and liabilities of Lessee to NFS are paid and performed in full and all leasing and other arrangements between the Lessee and Lessor under the Equipment Lease have been terminated. Landlord shall notify all successor owners, transferees, purchasers and mortgagees of the existence of this Agreement and the terms and conditions contained herein.

5.  <u>Notices</u>:  All notices permitted or required by this Agreement shall be in writing and served upon the parties by either certified mail, return receipt requested, or by a reputable overnight delivery service requiring a signature upon delivery, or via facsimile or electronic mail transmission for which a successful transmission report is generated. Any such notice shall be deemed effective when received by that party at the following address, email or facsimile number:

| If to: NFS Leasing, Inc. | If to Lessee: | SA Hospital Acquisition Group, LLC | If to Landlord: | PI Broadway LLC |
|---|---|---|---|---|
| 900 Cummings Center, Suite 226-U | Address: | 269 West Bonita | Address: | c/o Positive Investments, Inc. |
| Beverly, MA 01915 | | Claremont, CA 91711 | | 610 N. Santa Anita Ave Arcadia, CA 91006 |
| Fax: (866) 805-3667 | Phone: | | Phone: | |
| Attn: Legal | Fax: | | Attn: | Rao Yalamanchili |
| Email: legal@nfsleasing.com | Email: | Troy.schell@schnuelle.com | Email: | rao@positiveinvestments.com |

6.  <u>Governing Law, Jurisdiction and Venue</u>:   This Agreement shall be interpreted under and governed by the laws of the State where the Leased Equipment is located and any action commenced hereunder shall be brought only in a court of competent jurisdiction sitting within said State.

7.  <u>Modification</u>:  To be effective, any modification of this Agreement must be in writing and executed by all parties.

8.  <u>Execution</u>:  Each party represents and warrants to the other parties that the person executing this Agreement on its behalf is duly authorized to do so and that once executed, this Agreement is intended to be a binding agreement enforceable in accordance with its terms. This Agreement may be executed in several counterparts with each such counterpart constituting an original. Any party may execute this Agreement via fax with original signature pages thereafter furnished to the other parties, provided however that no party may avoid any obligation hereunder by virtue of its failure to furnish such original signatures.

9.  <u>Severability</u>. In the event that any provision of this Agreement shall be held to be invalid, void, voidable, or otherwise unenforceable, the remaining portions of this Agreement shall remain in full force and effect to the extent that they can be given effect without the invalid portions.

10. <u>Successors and Assigns</u>.  It is the intent of the parties that this Agreement shall be binding upon each of the party's successors, assigns, and personal representatives, upon any successor owner or transferee of the Premises, and upon any purchaser, including any mortgagee, from Landlord.


Executed as an agreement under seal and effective on the date first above written.

NFS Leasing, Inc.                         Lessee: SA Hospital Acquisition Group, LLC          Landlord: PI Broadway LLC

Name:_____          Name:_____                  Name:_____

Signature:_____          Signature:_____                  Signature:_____

Title:_____          Title:_____                  Title:_____

Date:_____          Date:_____                  Date:_____

# **Schedule 1**

| Vendor | Invoice or PO # | Description |
|---|---|---|
| Alco Sales And Service Co. | 2833897-IN | QTY 25 LITHIUM IRON PHOSPHATE BATTERY |
| BidMed, LLC | T-282-21 | PRECISION FLUOROSCOPY SYSTEM |
| BidMed, LLC | T-282-21 | SIGNA EXCITE 1.5T MOBILE MRI |
| Boelter | 720763-1 | CONTRACT TO FURNISH KITCHEN EQUIPMENT |
| Cadwell | 245921 | CAMERA ACCESSORIES |
| CDW 2 | 4049065 | MS SOFTWARE |
| CDW 3 | 3835877 | ARUBA SOFTWARE |
| CDW 4 | 3716877 | 48 WIRELESS GATEWAYS AND CONTROLLERS |
| CDW 5 | 4207989 | 100 7480 MONITORS 100 LOGITECH WIRELESS |
| CDW | 4171567 | 452 SOFTWARE LICENSES FOR MS EXCHANGE ETC. |
| FISHER HEALTHCARE | 5819729 | JPL430A HIGH PERFORMANCE PLASMA FREEZER |
| FUTURA MOBILITY | 100063518 | QTY 10 M38E CHASSIS POWER MLIFT AND ACCESORIES |
| FUTURA MOBILITY | 100063915 | 10 DELL OPTIPLEX MFF MLK |
| FUTURA MOBILITY | 100064007 | 10 HONEYWELL 1950 SCANNER ONLY |
| HILLROM | 1171078 | VOLARA SYSTEM AND STAND |
| JAKEN MEDICAL | 47560 | QTY 4 ELECTROCARDIOGRAPH GE MAC COLOR DISP 12SL GS INTERP |
| JUST MEDICAL | 4010584 | MRI SPIRODOC SPIROMETER AND OXIMETER |
| LINET -2 | 20202612 | BEDS MATTRESSES TABLES CHAIRS |
| MEDICAL POSITIONING | 5890 | ECHOTABLE AND ACCESSORIES |
| MINDRAY | P6001320A | QTY 4 MINDRAY ULTRASOUND SYSTEMS AND ACCESORIES |
| MINDRAY | P600011320 | MINDRAY PATIENT MONITORING AND ANESTHESIA SYSTEM |
| NORIX | INV88672 | BEDS MATTRESSES RESTRAINT CHAIRS LOUNGE |
| ORTHO CLINICAL DIAGNOSTICS | 1851665718 | VITRO XT 7600 INTEGRATED SYSTEM ANTIGEN TESTING |
| SERVICE EXPRESS | 987076 | EMC DELL INTEL VM WARE |
| STLCOM.COM 2 | 136089 | NURSE CALL SYSTEM AND PATIENT MONITORING |
| STLCOM.COM 3 | 136055 | TWO INVOICE INCLUDE SOFTWARE HARDWARE INSTALL AND TAX |
| STLCOM.COM 4 | STL-135017 | AVAYA PHONE HARDWARE AND SYS SOFTWARE |
| ABBOT | 27314 | HEMATOLOGY ANALYZER |
| ADVANCED STRILIZATION PRODUCTS | 27474 | SURGERY STERILIZER - ST100NX ALLCLEAR 1-DR DUO and install kit |
| ARJO | 27482 | PATIENT LIFT AND SAFETY |
| COVIDIEN (Medtronic) | 27460 | QTY 4 VENTILATOR |
| FERGUSON FACILITIES SUPPLIES | 27256 | QTY 2 EVS DEPARTMENTS |
| GE | 27499 | DICOM GW PRO |
| GE | 27390 | DIGITAL X RAY - Optima XR646 1D base LED (Item # S1204AH) |
| GE | 27360 | RADIOLOGY |
| GE | 27306 | CT SCAN - Revolution Evo Gen 2 ES Digital BJ |
| GE | 27442 | C-ARMS |
| GE | 27361 | NUCLEAR MEDICINE - GS INF2 .375IN ACQ SYS - GoldSeal Infinia II dual detector imaging system |
| GE | 27365 | ULTRASOUND - GoldSeal Logiq S8 R4.5 OLED (Catalog # L8029SE) and Array Probe |
| MCKESSON | 30429 | BIOMERIEUX (MICROBIOLOGY) |
| MCKESSON | 30426 | BIOMERIEUX MICROBIOLOGY) |

3

| PHILIPS | 27473 | QTY 4 BIPAP MACHINE |
| SIEMENS | 27328 | CO AG ANALYZER |
| STERIS | 27424 | QTY 2 SURGICAL TABLES |
| STERIS | 27424 | SURGICAL LIGHTS FOR 3 OR ROOMS |
| STRYKER | 27310 | NEPTUNE WASTE SYSTEM |
| STRYKER | 27462 | INSTRUMENTS |
| GE | POs 27360 & 27581 | Cath lab & Hemodynamics |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 10/50/100, Ergo Trinoc (Catalog # NC1881917) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 4/10/20/100, Ergo Trinoc, Upgraded Stage (Catalog # NC1881919) |
| FISHER HEALTHCARE | Invoice # 4804846 | Ultra-Low Freezer: ULT FZ TSX40086A 115V/60HZ (Catalog # TSX40086A) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC3 W PL 4 PH 10/40 FULL GOUT (Catalog # NC1882294) |
| Philips Healthcare | PO # 27984 | 102503 IntraSight (NNAW511 - IntraSight 7) |

# **Exhibit A**

*Copy of Hospital Lease Attached.*

# EXHIBIT 7

 **NFS Leasing**

November 3, 2022

*Sent via email and FedEx*

SA Hospital Acquisition Group, LLC
3933 S. Broadway
St. Louis, MO 63118

Attention:  Lawrence Feigen, Benjamin Klein, and Jeffrey Ahlholm

  RE:   NFS Leasing, Inc. Master Equipment Lease No. 2021-0233

## NOTICE OF DEFAULT

To Whom It May Concern:

Reference is made to that certain Master Equipment Lease No. 2021-0233 dated April 26,2021 between NFS Leasing, Inc. as Lessor ("NFS") and SA Hospital Acquisition Group, LLC as Lessee (the "Master Lease").  You are hereby notified that Lessee is in default of the Master Lease as follows:

Schedule 1 to Master Lease dated 4/26/2021

| Item Due | Amount | Due Date |
|---|---|---|
| Sch 1 (September 2022) | $98,359.83 | September 1, 2022 |
| Sch 1 (October 2022) | $98,359.83 | October 1, 2022 |
| Sch 1 (November 2022) | $98,359.83 | November 1, 2022 |
| **Past Due:** | **$295,079.49** | |

Summary of Amounts Due NFS to Cure Default

Lessee has 5 days following its receipt of this Notice of Default to cure such default by making payment to NFS of the following amounts which are due to NFS:

| Item Due | Amount |
|---|---|
| Sch 1 (September 2022) | $98,359.83 |
| Sch 1 (October 2022) | $98,359.83 |
| Sch 1 (November 2022) | $98,359.83 |
| Interest and Late Charges | $5,807.33 |
| ACH Bounce Fee | $35.00 |
| **TOTAL Past Due:** | **$300,921.82** |

Thus, the total amount required to be paid to NFS to cure Lessee's default is $300,921.82 together with per diem interest in the amount of $147.54 for each day subsequent to the date of this Notice through the date payment is received in full by NFS.

<u>Summary of NFS' Remedies Under the Master Lease</u>

Under the Master Lease, a default under any schedule to the Master Lease entitles NFS to declare immediately due and payable all amounts owed under all outstanding schedules to the Master Lease. In the event Lessee fails to timely cure its default by making payment in full of the above referenced amount due NFS, then NFS shall avail itself of all rights and remedies set forth in Paragraph 10 of the Master Lease. These remedies include but are not limited to the acceleration of all amounts due NFS under the remaining term of each Schedule as well as the immediate repossession of all equipment under each Schedule. NFS is also entitled to recover its costs, expenses and reasonable attorney's fees should it be required to take any action to collect any amounts due or otherwise enforce its rights under the Master Lease.

In the event Lessee does not intend to fully cure its defaults under all Schedules to the Master Lease within the aforementioned 5-day cure period, demand is hereby made that all equipment be assembled and that arrangements be made to allow NFS to pick up all of this equipment. Your failure to do so will simply result in additional legal and other expenses being incurred by NFS in connection with repossession of this equipment, all of which will ultimately be Lessee's obligation as per the terms of the Master Lease.

You are further advised that in the event this matter is not resolved then appropriate actions will be commenced without further notice to Lessee.

Sincerely,
NFS Leasing, Inc.

Taylor Nohelty
Contracts Administrative Assistant

*With copies to:*

*Benjamin Meir Klein*
*102 24th Street, Apt. 1608A*
*Miami Beach, FL 33139*

*Benjamin Meir Klein*
*284 East Palisade Avenue*
*Englewood, NJ 07631*

*Lawrence Edward Feigen*
*415 S. June Street*
*Los Angeles, CA 90020*

*Jeffrey Kenneth Ahlholm*
*4308 Via Entrada*
*Newbury Park, CA 91320*

# EXHIBIT 8



November 22, 2022

PI Broadway LLC
610 N Santa Anita Ave
Arcadia, California, 91006
Attn: Rao R Yalamanchili

      RE:    Tri-Party Landlord Waiver Dated as of April 30, 2021, among NFS Leasing, Inc. ("NFS"), SA Hospital Acquisition Group, LLC ("Lessee") and PI Broadway LLC ("Landlord")

## CERTIFICATION OF LESSEE'S DEFAULT

To Whom It May Concern:

      Reference is made to the above Agreement executed in connection with a certain Equipment Lease between NFS and the Lessee. In accordance with Paragraph 3 of the Agreement, NFS hereby certifies as follows:

1. Lessee has defaulted under the Equipment Lease after giving effect to all cure periods set forth therein;
2. A copy of this Certification of Lessee's Default has been simultaneously provided to Lessee.

      In accordance with the provisions of the Agreement, NFS is requesting access to the Premises on Monday, November 28, 2022 for purposes of removing the Leased Equipment as described in the Agreement. We note that this date is more than 48 hours from your and Lessee's receipt of this Notice.

      As a courtesy we are enclosing herewith a copy of the Agreement including the Schedules of Equipment located at the Premises.

      Please contact the undersigned upon your receipt hereof, and we thank you in advance for your immediate attention regarding this matter.

          Very truly yours,
          NFS Leasing, Inc.

          By: Taylor Nohelty,
          Contracts Administrative Assistant

encl.
cc: SA Hospital Acquisition Group, LLC ("Lessee")
3933 S. Broadway
St. Louis, MO 63118



*With copies to:*

*Benjamin Meir Klein*
*102 24th Street, Apt. 1608A*
*Miami Beach, FL 33139*

*Lawrence Edward Feigen*
*415 S. June Street*
*Los Angeles, CA 90020*

*Benjamin Meir Klein*
*284 East Palisade Avenue*
*Englewood, NJ 07631*

*Jeffrey Kenneth Ahlholm*
*4308 Via Entrada*
*Newbury Park, CA 91320*

# EXHIBIT 9

**From:** Dana Calumby
**Sent:** Monday, January 30, 2023 12:37 PM
**To:** 'Faisal Gill' <fgill@amhealthsystems.com>
**Cc:** 'Mike Sarian' <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** RE: AHS New Lease (from defaulted SA Hospital)

Faisal & Mike,

Its now been a week since the commitment to wire over one monthly restructured (lowered) payment.   While I understand there may be a hold on the operating entities bank account I have provided the suggestion to have the funds wired over from another entity as a show of good faith which has gone unanswered and ignored.

NFS has acquiesced to all demands as part of the contemplated transaction for the continued use of our equipment as a show of partnership which has not been reciprocated.  As such, should we not receive a wire payment today NFS will proceed forward with replevin action to collect our equipment.  In the event a sale of the hospital is consummated anything but a payoff of the lease debt will not be accepted.

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

 



To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**


**From:** Dana Calumby
**Sent:** Thursday, January 26, 2023 6:03 PM
**To:** 'Faisal Gill' <fgill@amhealthsystems.com>
**Cc:** 'Mike Sarian' <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** RE: AHS New Lease (from defaulted SA Hospital)

Faisal and Mike,

Following up on my email from earlier today.  Is there any other account you can issue a wire from to satisfy the payment?  What about from AHS LLC?

Best,
**Dana Calumby**

**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com





To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**

**From:** Dana Calumby
**Sent:** Thursday, January 26, 2023 1:31 PM
**To:** 'Faisal Gill' <fgill@amhealthsystems.com>
**Cc:** Mike Sarian <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** RE: AHS New Lease (from defaulted SA Hospital)

Faisal and Mike,

Is there any other account you can issue a wire from to satisfy the payment?  What about from AHS LLC?

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com





To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**

**From:** Faisal Gill <fgill@amhealthsystems.com>
**Sent:** Thursday, January 26, 2023 1:29 PM
**To:** Dana Calumby <danac@nfsleasing.com>
**Cc:** Mike Sarian <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** Re: AHS New Lease (from defaulted SA Hospital)

That is what our cfo is trying to work out right now. Normally it would be a judgment but we do. It have any
Sent from my iPhone

On Jan 26, 2023, at 10:06 AM, Dana Calumby <danac@nfsleasing.com> wrote:

Can you add some color/context as to why there is a hold on the account?

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image001.png>

<image002.png>

<image003.png>

<image004.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click here.

**From:** Faisal Gill <fgill@amhealthsystems.com>
**Sent:** Thursday, January 26, 2023 1:05 PM
**To:** Dana Calumby <danac@nfsleasing.com>
**Cc:** Mike Sarian <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** Re: AHS New Lease (from defaulted SA Hospital)

We are just waiting on our bank to release holds.

Sincerely,
Faisal

On Thu, Jan 26, 2023 at 8:55 AM Dana Calumby <danac@nfsleasing.com> wrote:
Faisal & Mike,

What's the latest story?  Will NFS receive the wire payment today?

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image001.png>

<image002.png>

<image003.png>

<image004.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**


**From:** Dana Calumby
**Sent:** Wednesday, January 25, 2023 6:34 PM
**To:** 'Faisal Gill' <fgill@amhealthsystems.com>
**Cc:** Mike Sarian <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** RE: AHS New Lease (from defaulted SA Hospital)

Faisal,

Can you provide an update or add some color on the hold on the account?  While I understand some things can be out of our control please note the wire payment was committed to be sent and received by NFS by Monday morning and it's now Wednesday evening.

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image002.png>

<image003.png>

<image004.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**


**From:** Faisal Gill <fgill@amhealthsystems.com>
**Sent:** Wednesday, January 25, 2023 3:35 PM
**To:** Dana Calumby <danac@nfsleasing.com>
**Cc:** Mike Sarian <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** Re: AHS New Lease (from defaulted SA Hospital)

There is a hold on our account that is preventing money from going out, we are trying to resolve it now.

Sincerely
Faisal
Sent from my iPhone

On Jan 25, 2023, at 12:24 PM, Dana Calumby <danac@nfsleasing.com> wrote:

Hi Faisal,

Following up as we still have not received the wire.  Where you able to get a copy of the wire confirmation from your CFO?

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image001.png>

<image002.png>

<image003.png>

<image004.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**

**From:** Faisal Gill <fgill@amhealthsystems.com>
**Sent:** Wednesday, January 25, 2023 11:47 AM
**To:** Dana Calumby <danac@nfsleasing.com>
**Cc:** Mike Sarian <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** Re: AHS New Lease (from defaulted SA Hospital)

Let me find out from our CFO.
Sent from my iPhone

On Jan 25, 2023, at 8:44 AM, Dana Calumby <danac@nfsleasing.com> wrote:

Hi Faisal,

I am looking to follow up with you as we have not yet received the wire transfer you indicated was sent yesterday.  Please send a copy of the wire confirmation so I can track the funds down.

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image001.png>

<image002.png>

<image003.png>


<image004.jpg>

**To receive our email communications including *BEYOND THE BALANCE SHEET*, please click here.**


**From:** Dana Calumby
**Sent:** Tuesday, January 24, 2023 4:10 PM
**To:** 'Faisal Gill' <fgill@amhealthsystems.com>
**Cc:** Mike Sarian <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** RE: AHS New Lease (from defaulted SA Hospital)

Thank you.  Can you please send a copy of the confirmation so we can keep an eye out for it.  As of now, we have not received funds.

Best,

**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image001.png>

<image002.png>

<image003.png>

<image004.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click here.

**From:** Faisal Gill <fgill@amhealthsystems.com>
**Sent:** Tuesday, January 24, 2023 4:01 PM
**To:** Dana Calumby <danac@nfsleasing.com>
**Cc:** Mike Sarian <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** Re: AHS New Lease (from defaulted SA Hospital)

Yes it has.

Sincerely
Faisal

On Tue, Jan 24, 2023 at 12:58 PM Dana Calumby <danac@nfsleasing.com> wrote:
Faisal and Mike,

I am looking to follow up on the below.  Has the wire been initiated?

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image001.png>

<image002.png>

<image003.png>

<image004.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**

**From:** danac@nfsleasing.com <danac@nfsleasing.com>
**Sent:** Tuesday, January 24, 2023 11:34 AM
**To:** Faisal Gill <fgill@amhealthsystems.com>
**Cc:** Mike Sarian <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** Re: AHS New Lease (from defaulted SA Hospital)
**Importance:** High

Faisal and Mike,

At all points of our discussions it was always contemplated that AHS LLC would be an obligor to the lease.  That is what the restructuring and extension of the lease was based upon.  To come back at the last hour and demand that is removed when we don't have any financial information on the AHS Missouri does not feel as though the negotiations have been in good faith.

However, NFS will agree to eliminate AHS LLC should we receive a wire payment for the first monthly payment by the end of the day today ($56,974.02 which is a combination of the monthly payment $51,946.15 plus sales tax equal to $5,027.87.)  Upon receipt we will update the documents accordingly which will reflect:

1. Removal of AHS LLC as an obligor
2. Removal of required security deposit(s)
3. Language to state AHS Missouri will have a one-time right to cancel the lease upon 30 days' notice to NFS in the event that AHS does not proceed forward with the purchase of SA Hospital

Please confirm we are in agreement and there are no further changes.  Please send a copy of the wire confirmation once submitted.

**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

**To receive our email communications including*BEYOND THE BALANCE SHEET,* please click here.**

On Jan 23, 2023, at 9:17 PM, Faisal Gill <fgill@amhealthsystems.com> wrote:

Dana,

We have the wire ready to do, just need the last piece done. Cannot have AHS LLC. Other than that, we can wire tomorrow morning.

Sincerely
Faisal
Sent from my iPhone

On Jan 23, 2023, at 1:43 PM, Dana Calumby <danac@nfsleasing.com> wrote:

Was the payment initiated Mike?  You gave me your word it would be completed first thing Monday morning but haven't seen the funds come through as of yet.

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA  01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image001.png>

<image002.png>

<image003.png>

<image004.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click here.

**From:** Dana Calumby
**Sent:** Monday, January 23, 2023 3:09 PM
**To:** 'Faisal Gill' <fgill@amhealthsystems.com>
**Cc:** Mike Sarian <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** RE: AHS New Lease (from defaulted SA Hospital)

Mike,

That was never part of our discussion (nor was it even brought up.)

NFS agreed on all "requests" from our call on Friday which again are outlined in my email below.  You stated you would wire the payment first thing on Monday morning and I have yet to receive funds.  What is the status of the wire?

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image001.png>

<image002.png>

<image003.png>

<image004.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**


**From:** Faisal Gill <fgill@amhealthsystems.com>
**Sent:** Monday, January 23, 2023 3:05 PM
**To:** Dana Calumby <danac@nfsleasing.com>
**Cc:** Mike Sarian <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** Re: AHS New Lease (from defaulted SA Hospital)

That is what was told to me since I was not on the call.
Sent from my iPhone

On Jan 23, 2023, at 12:03 PM, Dana Calumby <danac@nfsleasing.com> wrote:

This was NOT discussed with Mike and I.

What we discussed is outlined in my email from Friday.

Pursuant our discussion enclosed is our wire instructions.  Should AHS issue the one monthly payment of the lease agreement before 3pm EST Monday January 23rd NFS will agree to modify the lease agreement as follows:

1.  Eliminate security deposits
2.  AHS Missouri will have a one-time right to cancel the lease upon 30 days' notice to NFS in the event that ASH does not proceed forward with the purchase of SA Hospital.


Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U

Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image001.png>

<image002.png>

<image003.png>

<image004.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click here.

**From:** Faisal Gill <fgill@amhealthsystems.com>
**Sent:** Monday, January 23, 2023 3:02 PM
**To:** Dana Calumby <danac@nfsleasing.com>
**Cc:** Mike Sarian <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** Re: AHS New Lease (from defaulted SA Hospital)

You are right, we did. But that is my understanding that is what you and Mike discussed.
Sent from my iPhone

On Jan 23, 2023, at 11:43 AM, Dana Calumby <danac@nfsleasing.com> wrote:

Faisal,

We were sent the financials of AHS, LLC to induce NFS to providing more favorable terms and discussed that both AHS Missouri and AHS LLC would both be obligors under the lease.   This is yet another departure from what we discussed.  Both entities are required to be either co-obligors or if you would prefer AHS, LLC can be a documented as a Corporate Guarantor.

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image002.png>

<image003.png>

<image004.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**

**From:** Faisal Gill <fgill@amhealthsystems.com>
**Sent:** Monday, January 23, 2023 2:38 PM
**To:** Dana Calumby <danac@nfsleasing.com>
**Cc:** Mike Sarian <msarian@amhealthsystems.com>; Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** Re: AHS New Lease (from defaulted SA Hospital)

Dana,

Our understanding was that this agreement would be with AHS Missouri, but all of the lease documents include both AHS Missouri and AHS, LLC. We are ready to move forward with an agreement with AHS Missouri and to make the first payment for February, but we can't sign for both AHS Missouri and AHS, LLC.

Sincerely,
Faisal
Sent from my iPhone

On Jan 20, 2023, at 1:15 PM, Dana Calumby <danac@nfsleasing.com> wrote:

Mike,

Pursuant our discussion enclosed is our wire instructions.  Should AHS issue the one monthly payment of the lease agreement before 3pm EST Monday January 23rd NFS will agree to modify the lease agreement as follows:

1. Eliminate security deposits
2. AHS Missouri will have a one-time right to cancel the lease upon 30 days' notice to NFS in the event that ASH does not proceed forward with the purchase of SA Hospital.

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

\<image002.png\>

\<image003.png\>

\<image004.jpg\>

To receive our email communications including ***BEYOND THE BALANCE SHEET***, please click <u>here.</u>


**From:** Mike Sarian <<u>msarian@amhealthsystems.com</u>>
**Sent:** Thursday, January 19, 2023 10:54 PM
**To:** Dana Calumby <<u>danac@nfsleasing.com</u>>
**Cc:** Ashley Whyman <<u>awhyman@nfsleasing.com</u>>; Faisal Gill <<u>fgill@amhealthsystems.com</u>>
**Subject:** Re: AHS New Lease (from defaulted SA Hospital)

310-809-6042
Sent from my iPhone

On Jan 19, 2023, at 2:31 PM, Dana Calumby <<u>danac@nfsleasing.com</u>> wrote:

Hi Mike,

I will give you a call momentarily.  What is the best number to reach you at?

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
<u>danac@nfsleasing.com</u>
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
<u>www.nfsleasing.com</u>

\<image001.png\>

\<image002.png\>

\<image003.png\>


\<image004.jpg\>

To receive our email communications including ***BEYOND THE BALANCE SHEET***, please click <u>here.</u>


**From:** Mike Sarian <<u>msarian@amhealthsystems.com</u>>
**Sent:** Thursday, January 19, 2023 4:30 PM
**To:** Dana Calumby <<u>danac@nfsleasing.com</u>>

**Cc:** Ashley Whyman <awhyman@nfsleasing.com>; Faisal Gill <fgill@amhealthsystems.com>
**Subject:** Re: AHS New Lease (from defaulted SA Hospital)

Dane
Please give me a call so we can discuss this
Thanks
Mike
Sent from my iPhone

On Jan 19, 2023, at 12:03 PM, Dana Calumby <danac@nfsleasing.com> wrote:

Good Afternoon Mike,

I am looking to follow up with as Faisal has been unresponsive with respect to the proposed terms we discussed over the weekend.  Since you are the authorized signatory to enter into the transaction with NFS I wanted to escalate to your attention that NFS will start the the collection of the equipment at the hospital should we not enter into an agreement.  To summarize, we agreed to make the following changes to the lease agreement that was drafted:

1. Update the current lease agreement for an advance payment that would require the first monthly lease payment (commencement date 1/1/23) and a Security Deposit equal to 3 monthly lease payments.
<image005.png>
1. AHS Missouri will have a one time right to cancel the lease upon 30 days' notice to NFS.  In the event AHS Missouri exercises this right, NFS will be permitted to retain the Security Deposit for the use and occupancy AHS Missouri received for the months of October – December of 2022.

If you would like to discuss further I can make myself available.  Please understand the urgency as AHS has been using NFS's equipment for now 4 months without payment which is unacceptable so we need to get this wrapped up or NFS needs to take alternative actions.

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image008.png>

<image009.png>

<image010.png>


<image011.jpg>

To receive our email communications including ***BEYOND THE BALANCE SHEET***, please click **here.**

**From:** Dana Calumby
**Sent:** Wednesday, January 18, 2023 4:43 PM
**To:** Faisal Gill <fgill@amhealthsystems.com>
**Cc:** Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** RE: FW: AHS New Lease (from defaulted SA Hospital)

Faisal,

I am looking to follow up on my calls and texts on the below.  Yesterday you stated the lack of response was due to you were traveling/in flight but why have we not received a response today?  We need to get this resolved today.  Are we in agreement?

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image008.png>

<image009.png>

<image010.png>


<image011.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click here.


**From:** Dana Calumby
**Sent:** Tuesday, January 17, 2023 11:05 AM
**To:** 'Faisal Gill' <fgill@amhealthsystems.com>
**Cc:** Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** RE: FW: AHS New Lease (from defaulted SA Hospital)

Faisal,

Looking to follow up on the below.  Can you please confirm you are in agreement with the terms outlined below and based on our conversation Saturday evening.

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.

900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image008.png>

<image009.png>

<image010.png>

<image011.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**


**From:** Dana Calumby
**Sent:** Saturday, January 14, 2023 7:52 PM
**To:** Faisal Gill <fgill@amhealthsystems.com>
**Cc:** Ashley Whyman <awhyman@nfsleasing.com>
**Subject:** RE: FW: AHS New Lease (from defaulted SA Hospital)

Faisal,

Thank you for your time this evening to discuss the contemplated lease agreement with AHS Missouri.  I wanted to send a quick email to memorialize our conversation.

NFS has proposed the following:

1. Update the current lease agreement for an advance payment that would require the first monthly lease payment (commencement date 1/1/23) and a Security Deposit equal to 3 monthly lease payments.
<image005.png>
1. AHS Missouri will have a one time right to cancel the lease upon 30 days' notice to NFS.  In the event AHS Missouri exercises this right, NFS will be permitted to retain the Security Deposit for the use and occupancy AHS Missouri received for the months of October – December of 2022.

If you could kindly confirm you are in agreement with the above terms I can have the documents updated to reflect this on Tuesday.

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile

978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image008.png>

<image009.png>

<image010.png>

<image011.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click here.

**From:** Dana Calumby <danac@nfsleasing.com>
**Sent:** Tuesday, January 3, 2023 6:18 PM
**To:** Faisal Gill <fgill@amhealthsystems.com>
**Cc:** Maryjane O'Neill <maryjaneo@nfsleasing.com>; Emily Silva <emilys@nfsleasing.com>; accounting@nfsleasing.com; Derek Howell <derekh@nfsleasing.com>; Jesse Markarian <jmarkarian@nfsleasing.com>
**Subject:** RE: FW: AHS New Lease (from defaulted SA Hospital)

Faisal,

Unfortunately an agreement for a lower payment amount that can be terminated is not something that NFS is willing to entertain.  Should AHS want to continue the use of the equipment but also have the option to opt out of payments if the deal does not proceed they would need to continue the monthly payments per the existing agreement as outlined below.

I have copied Derek Howell and Jesse Markarian from our logistics team on this email.  They will be in contact if not already to have inspectors to take photos of the equipment so we can prepare for the removal.  I would ask that you cooperate and respond timely to their inquiries.

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

<image008.png>

<image009.png>

<image010.png>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**


**From:** Faisal Gill <fgill@amhealthsystems.com>
**Sent:** Tuesday, January 3, 2023 6:04 PM
**To:** Dana Calumby <danac@nfsleasing.com>
**Cc:** Maryjane O'Neill <maryjaneo@nfsleasing.com>; Emily Silva <emilys@nfsleasing.com>; accounting@nfsleasing.com
**Subject:** Re: FW: AHS New Lease (from defaulted SA Hospital)

Dana,

We are fine with signing the agreement and sending the $100K, the only sentence which will essentially say that this new agreement is valid so long as AHS operates the hospital, if we are not the operators then the current agreement is in force and you guys have all your rights under the agreement.  This way both of us are protected.

Sincerely,
Faisal

On Fri, Dec 30, 2022 at 11:24 AM Dana Calumby <danac@nfsleasing.com> wrote:
Thank you for the update Faisal.

The closing on your acquisition of the hospital has certainly not been easy and I can imagine to be very frustrating.  Unfortunately though, as you continue to try and work through the issues with the sellers, NFS would not be agreeable to enter into a lease contract that is cancelable.  The solution that we can present is that AHS can continue to pay rent under the old contract for the continued use of the equipment located in the hospital.

However, without either a signed lease or the continued (and brought current) monthly rental payments for the continued use, NFS will need to begin to enforce our remedies under the Master Lease Agreement which would include the pick up and disposal of the equipment starting as early as next week.

The below is the outstanding balance for the current lease which does not account for the January payment which will be due in a few days.
<image012.png>

Please let me know how you would like to proceed.

Best,
**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

\<image009.png\>

\<image010.png\>

\<image011.jpg\>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**

**From:** Faisal Gill <fgill@amhealthsystems.com>
**Sent:** Friday, December 30, 2022 12:09 PM
**To:** Dana Calumby <danac@nfsleasing.com>
**Cc:** Maryjane O'Neill <maryjaneo@nfsleasing.com>; Emily Silva <emilys@nfsleasing.com>; accounting@nfsleasing.com
**Subject:** Re: FW: AHS New Lease (from defaulted SA Hospital)

Dana,

Here is the situation.  We have received some word that Larry and Jeff are working to sell the hospital to some other entity.  They obviously cannot do that since we have an APA, but we have not fully closed.  So we have been trying to run that down.  Given that, I see us headed to court.  We would like to have a sentence in our new agreement which states that this agreement is valid so long as AHS is operating South City Hospital.  If AHS is not operating the hospital, then old Agreement will be valid.  Basically, we don't want to have this liability if we somehow are kicked out.  I hope you can understand that.  I can work with your counsel in drafting some language.  I am around all day, if you want to discuss.

Sincerely,
Faisal

On Wed, Dec 28, 2022 at 12:11 PM Dana Calumby <danac@nfsleasing.com> wrote:
Faisal,

As a follow up to our text conversation, the documents will be signed today and the advance payment will be wired upon receipt of a payment from ████████████████ which you are hoping to be today as well.  If for any reason, that the payment is not initiated today can you please let me know.

Best,
**Dana Calumby**
Chief Financial Officer
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com

\<image008.png\>

\<image009.png\>

<image010.png>

<image011.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**

**From:** Maryjane O'Neill <maryjaneo@nfsleasing.com>
**Sent:** Wednesday, December 28, 2022 10:11 AM
**To:** Faisal Gill <fgill@amhealthsystems.com>
**Cc:** Dana Calumby <danac@nfsleasing.com>; Emily Silva <emilys@nfsleasing.com>
**Subject:** RE: FW: AHS New Lease (from defaulted SA Hospital)
**Importance:** High

Hi Faisal,

Hope you are well. I just wanted to confirm that you and Mike Sarian received the lease documents sent for signature via Docusign on 12/22/22. Sometimes Docusign emails can get stuck in spam/junk mail folders so I just wanted to follow up.

Also, if you could confirm the requested information highlighted in yellow below, that would be great.

Thank you,

**Maryjane O'Neill**
**Manager of Leasing Services**
NFS Leasing, Inc.
900 Cummings Center, Suite 226-U
Beverly, MA 01915
MaryjaneO@nfsleasing.com
Office: 978-706-2601
Fax: 978-306-6182
www.nfsleasing.com

<image008.png>

<image009.png>

<image010.png>

<image011.jpg>

To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**







# EXHIBIT 10

**From:** Lawrence E. Feigen <larry@yesinvestllc.com>
**Sent:** Wednesday, August 17, 2022 8:40 PM
**To:** Matthew Blaisdell <Matthewb@nfsleasing.com>; Mike Sarian <msarian@amhealthsystems.com>; Darleen Poe <darleen.poe@schstl.com>
**Cc:** accounts.payable@southcityhospitalstl.com; accounts.payable@schstl.com; darleen.poe@southcityhospitalstl.com; bklein@mtsconsulting.com; Jeff Ahlholm <jeff@agracapital.com>; Frank Saidara <franks@saidara.org>; accounting@nfsleasing.com
**Subject:** RE: Invoice 109413 from NFS Leasing, Inc. (SA Hospital Acquisition)

Thank you

**From:** Matthew Blaisdell <Matthewb@nfsleasing.com>
**Sent:** Wednesday, August 17, 2022 12:01 PM
**To:** Lawrence E. Feigen <larry@yesinvestllc.com>; Mike Sarian <msarian@amhealthsystems.com>; Darleen Poe <darleen.poe@schstl.com>
**Cc:** accounts.payable@southcityhospitalstl.com; accounts.payable@schstl.com; darleen.poe@southcityhospitalstl.com; bklein@mtsconsulting.com; Jeff Ahlholm <jeff@agracapital.com>; Frank Saidara <franks@saidara.org>;

accounting@nfsleasing.com
**Subject:** RE: Invoice 109413 from NFS Leasing, Inc. (SA Hospital Acquisition)

Thank you, Larry. I have updated the contacts accordingly.

@Mike Sarian, pleasure to meet you – please advise on when the monthly payment of $98,359.83 will be made.

Thank you,

**Matthew Blaisdell**
**Senior Accountant**
Matthewb@nfsleasing.com
Office: 978-733-0400
www.nfsleasing.com


We are THE story lender. Tell us your story.

**From:** Lawrence E. Feigen <larry@yesinvestllc.com>
**Sent:** Wednesday, August 17, 2022 2:11 PM
**To:** Matthew Blaisdell <Matthewb@nfsleasing.com>; Mike Sarian <msarian@amhealthsystems.com>; Darleen Poe <darleen.poe@schstl.com>
**Cc:** accounts.payable@southcityhospitalstl.com; accounts.payable@schstl.com; darleen.poe@southcityhospitalstl.com; bklein@mtsconsulting.com; Jeff Ahlholm <jeff@agracapital.com>; Frank Saidara <franks@saidara.org>
**Subject:** Re: Invoice 109413 from NFS Leasing, Inc.

Matthew,
Please note Darleen's new email address which I've added as well as Mr. Mike Sarian, principal of AHS. They make the monthly payment.
Thank you,
Larry

Lawrence (Yehuda) Feigen | President & CEO
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
**YES Investments, LLC**
137 N Larchmont Blvd, Suite 141 • Los Angeles, CA • 90004
Main: 323.612.0010
Direct: 323.612.0015
Mobile: 310.614.3360

Confidentiality Statement: This email is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential and/or exempt from disclosure. If you have received this in error, please (1) do not use this information in any way; (2) notify the sender by reply e-mail; and (3) delete this message and any attachments and destroy all copies of the original message. If you are not the intended recipient, you -are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited

On Aug 17, 2022, at 1:03 PM, Matthewb@nfsleasing.com wrote:

## NFS Leasing, Inc.

**Invoice** *Due 09/01/2022*
*109413*

Amount Due: **$98,359.83**

Dear Customer :

Your NFS Leasing, Inc. invoice is attached. Please note that if you are an ACH customer, this invoice is sent out solely for your AP records and funds will be withdrawn from your account on the due date based on the terms displayed on the invoice.

If you have any questions about the invoice, feel free to contact our Accounting Department at the e-mail address of accounting@nfsleasing.com.

Thank you for your business - we appreciate it very much.

Sincerely,

NFS Leasing, Inc.

.

# EXHIBIT 11

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
**Jonathan Burket 818-666-0602**

B. E-MAIL CONTACT AT FILER (optional)
**jburket@amhealthsystems.com**

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

⌐ **505 North Brand Blvd Suite 1110**
**Glendale, CA 91203** ⌐

Delaware Department of State
U.C.C. Filing Section
Filed: 09:15 AM 10/24/2022
U.C.C. Initial Filing No: 2022 8811804

Service Request No:  20223838757

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of Item 1 blank, check here ☐ and provide the Individual Debtor information in Item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME **SA HOSPITAL ACQUISITION GROUP LLC** | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS **3933 South Broadway** | CITY **St. Louis** | STATE **MO** / POSTAL CODE **63118** | COUNTRY **USA** |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of Item 2 blank, check here ☐ and provide the Individual Debtor information in Item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME **South City Hospital** | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS **3933 South Broadway** | CITY **St. Louis** | STATE **MO** / POSTAL CODE **63118** | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME **AMERICAN HEALTHCARE SYSTEMS MISSOURI LLC** | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS **505 NORTH BRAND BLVD SUITE 1110** | CITY **GLENDALE** | STATE **CA** / POSTAL CODE **91203** | COUNTRY **USA** |

4. COLLATERAL: This financing statement covers the following collateral:

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable):   ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**Assignment from TVT**

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

DocuSign Envelope ID: FB120FDB-A903-463F-9CE1-D2F4B32ABE67

## AGREEMENT TO ASSIGN CONTRACT RIGHTS

**THIS AGREEMENT TO ASSIGN CONTRACT RIGHTS** (the "**Agreement**") is made effective as of July 1, 2022 (the "**Effective Date**"), and entered into by and between TVT 2.0 LLC, a Utah limited liability company ("**Assignor**"), and American Healthcare Systems Missouri LLC, a Missouri limited liability company ("**Assignee**). Assignor and Assignee shall each be referred to individually as a "**Party**" and collectively, as the "**Parties**".

## I.    RECITALS

A.    WHEREAS, Assignor is a party to a Business Loan and Security Agreement dated on or about April 14, 2022, pursuant to which Assignor lent to SA Hospital Acquisition Group, LLC ("Borrower") $3,304,437.50 (the "Loan Agreement"); and

B.    WHEREAS, Assignee desires to purchase from Assignor all of Assignor's rights under the Loan Agreement; and

C.    WHEREAS, Assignor desires to assign and transfer to the Assignee, all of its rights under the Loan Agreement.

## II.    OPERATIVE PROVISIONS

**IN CONSIDERATION** of the recitations set forth above, the mutual promises and covenants hereinafter contained and other good and valuable consideration, the receipt and sufficiency of which are acknowledged hereby, the Parties to this Agreement, intending legally to be bound, hereby agree as follows:

1.    The foregoing recitals are hereby reincorporated and realleged herein in their entirety.

2.    Assignee shall pay to Assignor, on or before the second business day after the Effective Date, in immediately available funds, Three Million Two Hundred Fifty Thousand 00/100 Dollars ($3,250,000.00) (the "Monetary Consideration"). No assignment or transfer provided hereunder shall be effective until receipt by Assignor of the Monetary Consideration, and this Agreement shall be held in escrow until receipt by Assignor of the Monetary Consideration.

3.    Assignor hereby assigns, transfer, and sets over unto the Assignee all of Assignor's right, title, and interest under the Loan Agreement, attached hereto as Exhibit A.

4.    Assignee hereby accepts the assignment of the Transferred Units from Assignors.

5.    Following Assignor's receipt of the Monetary Consideration, Assignee may, at its own cost, enforce the Loan Agreement according to its terms and to take all legal measures that may be proper or necessary for that purpose

6.    The Parties shall execute any and all documents necessary to effectuate the

transaction contemplated by this Agreement.

7.  This Agreement may be signed in counterparts, and that signatures transmitted electronically or by facsimile shall have the same force and effect as original signatures.

8.  This Agreement may not be altered, terminated, or amended except by a written instrument signed by all of the parties hereto.

IN WITNESS WHEREOF, the Parties hereto evidence their agreement and have executed this Transfer and Consent as of the day and year first below written.

**TVT 2.0 LLC**

By: _Andrew Fellus_
Name: Andrew Fellus
Title: Chief Executive Officer

**American Healthcare Systems Missouri LLC**

By: _F C M R_
Name: Faisal Gill
Title: Counsel

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
| --- |
| Jonathan Burket 818-666-0602 |

| B. E-MAIL CONTACT AT FILER (optional) |
| --- |
| jburket@amhealthsystems.com |

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

505 North Brand Blvd Suite 1110
Glendale, CA

Delaware Department of State
U.C.C. Filing Section
Filed: 03:13 PM 11/03/2022
U.C.C. Initial Filing No: 2022 8811804
Amendment No: 2022 9126749
Service Request No:  20223934408

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] |
| --- | --- |
| **2022 8811804** | (or recorded) in the REAL ESTATE RECORDS<br>Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☑ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:

This Change affects ☐ Debtor or ☐ Secured Party of record

AND Check one of these three boxes to:

☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c   ☐ ADD name: Complete item 7a or 7b, and item 7c   ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION:  Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |

8. ☑ COLLATERAL CHANGE: Also check one of these four boxes: ☑ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral

Indicate collateral:
Borrower hereby grants to Lender, the secured party hereunder, a continuing security interest in a continuing security interest in and to any and all "Collateral" as described below to secure payment and performance of all debts, liabilities and obligations of Borrower to Lender hereunder and also any and all other debts, liabilities and obligations of Borrower to Lender of every kind and description, direct or indirect, absolute or contingent, primary or secondary, due or to become due, now existing or hereafter arising, related to the Loan described in this Agreement, whether or not contemplated by the parties at the time of the granting of this security interest, regardless of how they

9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT:  Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| **AMERICAN HEALTHCARE SYSTEMS MISSOURI LLC** | | | |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:

# UCC FINANCING STATEMENT AMENDMENT ADDENDUM

FOLLOW INSTRUCTIONS

11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as item 1a on Amendment form

**2022 8811804**

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as item 9 on Amendment form

12a. ORGANIZATION'S NAME

**AMERICAN HEALTHCARE SYSTEMS MISSOURI LLC**

OR

12b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13): Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

13a. ORGANIZATION'S NAME

OR

13b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):

arise or by what agreement or instrument they may be evidenced or whether evidenced by any agreement or instrument, and includes obligations to perform acts and refrain from taking action as well as obligations to pay money including, without limitation, all interest, other fees and expenses (all hereinafter called "Obligations"). The Collateral includes the following property that Borrower (or Guarantor, if applicable, pursuant to Section 12) now owns or shall acquire or create immediately upon the acquisition or creation thereof: (i) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions; and (ii) all other tangible and intangible personal property, including, but not limited to (a) cash and cash equivalents, (b) inventory, accounts, security entitlements, commodity contracts and commodity accounts, (e) instruments, including promissory notes (f) chattel paper, including tangible chattel paper and electronic chattel paper, (g) documents, (h) letter of credit rights, (i) accounts, including health-care insurance receivables, (j) deposit accounts, (k)commercial tort claims, (l) general intangibles, including payment intangibles and software and (m) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower (or Guarantor, if applicable, pursuant to Section 12) grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto. Lender disclaims any security interest in household goods in which Lender is forbidden by law from taking a security interest.

15. This FINANCING STATEMENT AMENDMENT:

☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing

16. Name and address of a RECORD OWNER of real estate described in item 17 (if Debtor does not have a record interest):

17. Description of real estate:

18. MISCELLANEOUS:

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Name: Wolters Kluwer Lien Solutions Phone: 800-331-3282 Fax: 818-662-4141

B. E-MAIL CONTACT AT FILER (optional)
uccfilingreturn@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)   25426 – CAPITAL STACK

Lien Solutions           87457867
P.O. Box 29071
Glendale, CA 91209-9071     MOMO

File with: Secretary of State, MO

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |
|---|---|
| 2021061700003092271  6/17/2021  SS MO | |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 also indicate affected collateral in item 8

4. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☒ PARTY INFORMATION CHANGE:

Check one of these two boxes:                    AND Check one of these three boxes to:

This Change affects ☐ Debtor or ☒ Secured Party of record    ☒ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| C T Corporation System, as representative | | | |
| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| American Healthcare Systems Missouri LLC | | | |
| 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 505 N Brand Blvd, Suite 1110 | Glendale | CA | 91203 | USA |

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral

Indicate collateral:
All assets of the Debtor, now existing and hereafter arising, wherever located

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| C T Corporation System, as representative | | | |
| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA: Debtor Name: SA HOSPITAL ACQUISITION GROUP, LLC
87457867

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

Prepared by Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282

# EXHIBIT 12

**From:** Dana Calumby
**Sent:** Thursday, November 17, 2022 1:59 PM
**To:** 'Ben Klein' <bklein@mtsconsulting.com>; Jeff Ahlholm <jeff@agracapital.com>
**Cc:** Mayer Klein <mklein@frankelrubin.com>; Yaakov Klein <yklein@frankelrubin.com>; larry@yesinvestllc.com; accounting@nfsleasing.com; legal <legal@nfsleasing.com>
**Subject:** RE: SA Hospital Acquisition Group - Notice of Default

Ben,

No this has not been resolved.  NFS has not received the wire that was said to be sent (several times) nor have we received a wire confirmation.

Is 201-470-5751 the best number to reach you at?

Best,

**Dana Calumby**
**Chief Financial Officer**
NFS Leasing, Inc.
900 Cummings Center. Suite 226-U
Beverly, MA   01915
danac@nfsleasing.com
978 338-4243 office
781 962-6378 mobile
978-712-4272 conference
978 564-3932 fax
www.nfsleasing.com





To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**

---

**From:** Ben Klein <bklein@mtsconsulting.com>
**Sent:** Thursday, November 17, 2022 12:29 PM
**To:** Jeff Ahlholm <jeff@agracapital.com>; Dana Calumby <danac@nfsleasing.com>
**Cc:** Mayer Klein <mklein@frankelrubin.com>; Yaakov Klein <yklein@frankelrubin.com>; larry@yesinvestllc.com; accounting@nfsleasing.com; legal <legal@nfsleasing.com>
**Subject:** Re: SA Hospital Acquisition Group - Notice of Default

Did this get resolved?

Ben Klein
1 University Plaza
Suite 408
Hackensack, NJ 07601
201-470-5751

---

**From:** Jeff Ahlholm <jeff@agracapital.com>
**Date:** Monday, November 7, 2022 at 3:54 PM
**To:** Dana Calumby <danac@nfsleasing.com>
**Cc:** Mayer Klein <mklein@frankelrubin.com>, Yaakov Klein <yklein@frankelrubin.com>, Ben Klein <bklein@mtsconsulting.com>, Larry Feigen <larry@yesinvestllc.com>, "accounting@nfsleasing.com" <accounting@nfsleasing.com>, legal <legal@nfsleasing.com>
**Subject:** Re: SA Hospital Acquisition Group - Notice of Default

Dana,

Our legal team has been in court addressing another South City matter. I am happy to speak now. Either way, you still can expect a complete response today to your prior email to resolve the matter.

   Best Regards,

Jeffrey Ahlholm
Managing Director
AGRA Capital Advisors, LLC
(805) 262-0284 office
(310) 909-3865 mobile
(323) 297-1554 fax

***Registered Representative of and Securities Products offered through BA Securities, LLC Member FINRA SIPC. This email is subject to an important disclaimer, please click on the following link or cut and paste the link into the address bar of your browser:*** http://www.basecuritiesllc.com/email/disclaimer/

On Mon, Nov 7, 2022 at 12:39 PM Dana Calumby <danac@nfsleasing.com> wrote:

Good Afternoon,

Looking to follow up on the below.  The 5 day cure period outlined in the lease will expire end of the day tomorrow 11/08/2022 and NFS will begin actions to proceed with the remedies outlined in my prior email unless payment is issued.  Please advise.

**Dana Calumby**

**Chief Financial Officer**

NFS Leasing, Inc.

900 Cummings Center. Suite 226-U

Beverly, MA   01915

danac@nfsleasing.com

978 338-4243 office

781 962-6378 mobile

978-712-4272 conference

978 564-3932 fax

www.nfsleasing.com





To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**

---

**From:** Dana Calumby <danac@nfsleasing.com>
**Sent:** Friday, November 4, 2022 6:08 PM
**To:** Jeff Ahlholm <jeff@agracapital.com>; Mayer Klein <mklein@frankelrubin.com>; Yaakov Klein <yklein@frankelrubin.com>
**Cc:** Ben Klein <bklein@mtsconsulting.com>; larry@yesinvestllc.com; accounting@nfsleasing.com
**Subject:** RE: SA Hospital Acquisition Group - Notice of Default

Jeff,

Thank you for the response and please let me know a good time to connect with your counsel on Monday.

However to be clear, our contract and payment obligations are with SA Hospital and the 3 Personal Guarantors which are not subject to any sale of the business.

Best,

**Dana Calumby**

**Chief Financial Officer**

NFS Leasing, Inc.

900 Cummings Center. Suite 226-U

Beverly, MA   01915

danac@nfsleasing.com

978 338-4243 office

781 962-6378 mobile

978-712-4272 conference

4

978 564-3932 fax

[www.nfsleasing.com](http://www.nfsleasing.com)





To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**

---

**From:** Jeff Ahlholm <[jeff@agracapital.com](mailto:jeff@agracapital.com)>
**Sent:** Friday, November 4, 2022 5:42 PM
**To:** Dana Calumby <[danac@nfsleasing.com](mailto:danac@nfsleasing.com)>; Mayer Klein <[mklein@frankelrubin.com](mailto:mklein@frankelrubin.com)>; Yaakov Klein <[yklein@frankelrubin.com](mailto:yklein@frankelrubin.com)>
**Cc:** Ben Klein <[bklein@mtsconsulting.com](mailto:bklein@mtsconsulting.com)>; [larry@yesinvestllc.com](mailto:larry@yesinvestllc.com); [accounting@nfsleasing.com](mailto:accounting@nfsleasing.com)
**Subject:** Re: SA Hospital Acquisition Group - Notice of Default

Dana,

We just received notice of this situation yesterday, one that apparently dates back to early September. You can expect to hear from our counsel on Monday. Our plan and expectation remain that either:

- NFS is paid off at the closing of the sale of the hospital business operations, or

- Subject to the required approvals, the NFS outstanding balance and monthly payments are assumed by the new owner of the hospital business operations.

We look forward to discussing the current situation on Monday.

    Best Regards,

Jeffrey Ahlholm

Managing Director

AGRA Capital Advisors, LLC

(805) 262-0284 office

(310) 909-3865 mobile

(323) 297-1554 fax

***Registered Representative of and Securities Products offered through BA Securities, LLC Member FINRA SIPC. This email is subject to an important disclaimer, please click on the following link or cut and paste the link into the address bar of your browser:*** http://www.basecuritiesllc.com/email/disclaimer/

On Fri, Nov 4, 2022 at 12:55 PM Dana Calumby <danac@nfsleasing.com> wrote:

Ben, Larry & Jeff,

I did not receive a response to the below email.  Please advise.

**Dana Calumby**

**Chief Financial Officer**

NFS Leasing, Inc.

900 Cummings Center. Suite 226-U

Beverly, MA   01915

danac@nfsleasing.com

978 338-4243 office

781 962-6378 mobile

978-712-4272 conference

978 564-3932 fax

www.nfsleasing.com





To receive our email communications including *BEYOND THE BALANCE SHEET*, please click **here.**

---

**From:** Dana Calumby <danac@nfsleasing.com>
**Sent:** Thursday, November 3, 2022 5:29 PM
**To:** Ben Klein <bklein@mtsconsulting.com>; larry@yesinvestllc.com; jeff@agracapital.com
**Cc:** accounting@nfsleasing.com
**Subject:** RE: SA Hospital Acquisition Group - Notice of Default
**Importance:** High

Ben, Jeff and Lawrence,

The lease is currently three months in arrears and the buyer for the Hospital is no longer issuing payments to NFS prior to closing on the transaction. As such NFS will need to look to the Personal Guarantors to cover the outstanding payment obligations.

| Item Due | Amount |
|---|---|
| Sch 1 (September 2022) | $98,359.83 |
| Sch 1 (October 2022) | $98,359.83 |
| Sch 1 (November 2022) | $98,359.83 |
| Interest and Late Charges | $5,807.33 |
| ACH Bounce Fee | $35.00 |
| **TOTAL Past Due:** | **$300,921.82** |

In the event the default is not cured within the 5 day period outlined in the Master Lease Agreement NFS will proceed forward with the following remedies:

7

- Notify the Landlord and proceed forward with the repossession process of the equipment outlined in the attached agreement.  Our logistics team has been engaged and we can be on site as early as next week.
- Issue a foreclosure notice to all lenders of SA Hospital – NFS has a 1st Position  All Asset Lien
- File a law suit in the Commonwealth of Massachusetts (venue and jurisdiction pursuant Master Lease Agreement and Personal Guaranty and Security Agreements) to enforce collection.   All Agreements are joint and several.

NFS has been flexible throughout the process but can no longer do so.  Please give this matter your immediate attention to avoid further escalation.

**Dana Calumby**

**Chief Financial Officer**

NFS Leasing, Inc.

900 Cummings Center. Suite 226-U

Beverly, MA   01915

danac@nfsleasing.com

978 338-4243 office

781 962-6378 mobile

978-712-4272 conference

978 564-3932 fax

www.nfsleasing.com





To receive our email communications including *BEYOND THE BALANCE SHEET*, please click here.

**From:** Taylor Nohelty <Taylorn@nfsleasing.com>
**Sent:** Thursday, November 3, 2022 12:15 PM
**To:** fgill@amhealthsystems.com; agill@amhealthsystems.com; msarian@amhealthsystems.com; hikeatraildar@gmail.com; Ben Klein <bklein@mtsconsulting.com>; Accounts.Payable@southcityhospitalSTL.com; Accounts Payable <Accounts.Payable@schstl.com>; larry@yesinvestllc.com; jeff@agracapital.com
**Cc:** accounting@nfsleasing.com; Heather Lee <heather.lee@nfsleasing.com>
**Subject:** SA Hospital Acquisition Group - Notice of Default

Hello,

Please see the attached Notice of Default regarding your lease agreement with NFS Leasing.  Please wire payment immediately to cure such default status and notify NFS that payment has been processed.  Wire instructions are attached for your reference. If you have any questions please reach out to accounting@nfsleasing.com.

Regards,

*Taylor Nohelty*

NFS Leasing, Inc.

900 Cummings Center, Suite 226-U

Beverly, MA   01915

taylorn@nfsleasing.com

Office: 978-530-5069

www.nfsleasing.com

  



**To receive our email communications including *BEYOND THE BALANCE SHEET*, please click <u>here.</u>**

Notice: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank You.

# EXHIBIT 13



**Collateral Specialists Inc.**
**1670 Corporate Circle, Suite 200**
**Petaluma, CA 94954**
**Phone (800) 252-1057  Fax (800) 515-7297**

# Site Inspection

## PREPARED ESPECIALLY FOR:

## NFS Leasing Inc.

**Site:**               SA Hospital /American Healthcare Systems

**Location:**           3933 S. Broadway
                        Saint Louis, MO 63118

**Date of Inspection:** January 10, 2023

**Inquiry Request #:**  1391917

**Client Acct #:**      5583

**Client Reference #:** NFS Leasing

This report is confidential and is intended only for the use of the client referenced above under "Prepared Especially For." It is presented to the client in accordance with the terms and conditions of the agreement entered into between client and Collateral Specialists Inc. Collateral Specialists Inc. shall have no liability to any third party for the contents of the report, or lack thereof.

| **Collateral Specialists Inc.** | **Equipment Inspection Request** |
|---|---|

| **Customer Requesting Inspection:** | | |
|---|---|---|
| | NFS Leasing Inc. | **Inquiry Number**     **1391917** |
| Requested By | Jesse Markarian | |
| Phone: | (978) 530-5011    Ext: | **Customer Number:**   **5583** |

| **Inspection Location:** | **Customer Requests the Following:** |
|---|---|

| | | | |
|---|---|---|---|
| Site: | SA Hospital /American Healthcare Systems | Service Type: | R |
| Client Ref: | NFS Leasing | Call for appointment: | No |
| Address: | 3933 S. Broadway | Inventory List Attached | Yes |
| | Saint Louis, MO 63118 | Photos Required: | Yes |
| Contact: | Faisal Gill | Phone Clearance Reqd: | No |
| | | UnitTagging: | No |

**INQUIRY SPECIAL INSTRUCTIONS:**

See next page.

**Inspection Procedures:**

1) Update CSI website with the date scheduled as soon as possible.
2) Inspect each item on the list and verify serial number provided. If a serial number was not given, look for it on the item and provide it back to the customer in your written report.
3) Mark the inventory list:
Checkmark – item seen directly and verified by serial number.
M – item seen but verified by model only, not by serial number.
B – item not seen directly, is on-site in a factory-sealed box. (Request the contact open the boxes to allow you to verify the equipment. Note the result of this conversation.)
I – item not seen directly, is an internal component of something larger that you saw.
X – item not onsite; note where it is and when it will arrive.
4) Collect the mileage and/or hours on all equipment seen with meters.
5) Take pictures of:
    1 view of main entrance to the business
    1 photo of signage
    1 photo showing the address
    1 Each item from a few steps away showing it in its surroundings
    1 Serial number on each item, in readable size and clear focus.
    1 Photograph all sides of vehicles and odometer/hour meters.
Digital picture resolution should be about 2 megapixels, adjust camera as needed.
6) Complete the Equipment Inspection Report questionnaire. Answer every question and write extra notes as needed for completeness.
7) If Telephone clearance is requested, call the customer contact listed above before leaving the site. Leave a message if you are unable to speak directly with the contact; give a brief but useful summary of your findings and your cell phone number so the lender can call you if needed.
8) Submit inspection and photos online at www.csina.com/field.
9) If appl., fax the completed invt, list to 877-383-5413 (West) or 877-856-7676 (East).
10) All reports must be submitted the same day you perform the inspection.

# Collateral Specialists Inc.

# Inspection Request

| **Customer Requesting Inspection:** | **Inquiry Number   1391917** |
|---|---|
| Name:        NFS Leasing Inc. | |
| Requested By   Jesse Markarian | |

## INQUIRY SPECIAL INSTRUCTIONS:

Contact email: fgill@amhealthsystems.com - - Please have the inspector go to the facility operated by SA Hospital Acquisition Group c/o American Healthcare Systems. They have defaulted on their lease agreement with NFS. We would like to verify with pictures that the equipment on the attached list is still onsite. Please ask for either Faisal Gill, Mike Sarian, or Aramais Paronyan and hand deliver the attached Notice of Default. If they are not present, please leave a copy of the Notice of Default with the front desk   Attached file: 206238.pdf

# Collateral Specialists Inc.          Leased Equipment Inspection

| **Inquiry #:** 1391917 | **Date / Time:** 1/10/2023    11:00 AM | **Location:** SA Hospital /American Healthcare ! |
|---|---|---|

## A.  Business Information

1. Was the inspection completed at the address specified? ☒ Yes  ☐ No - Insert address in comments below
2. Was the business open? ☒ Yes  ☐ No
3. Are there any other locations? ☒ Yes  ☒ No
4. Does the name on the building/office match the name on the inspection request form?
   ☐ Yes
   ☒ No - name is South City Hospital
5. Were there any telephone number discrepancies? ☐ Yes (Note Below)  ☐ No  ☒ N/A
6. Are any "Grand Opening", "Going out of Business", "Under New Management" or similar signs visible? ☐ Yes (Note Below)  ☒ No
7. What type of building is the equipment in? ☐ Warehouse  ☐ Commercial Office Bldg.  ☐ Strip Mall  ☐ Private Residence  ☒ Other (insert in comments below)
8. How many employees does the company have? N/A
9. Does the business share space with anyone else? ☐ Yes (see 9a)  ☒ No
9a. Does the other company use the equipment? If Yes, note name of company and owner below ☐ Yes (Note Below)  ☐ No  ☒ N/A
10. Did you notice anything unusual? ☒ Yes (Note Below)  ☐ No
11. Does the location make sense for the business? ☒ Yes  ☐ No (Note Below)
12. How long has the business been in operation? 2 years
13. How long at this location? 2 years
14. Name of person you met with: Bea    Title: Receptionist

## B.  Equipment Information

1. Was all of the equipment seen? ☐ Yes  ☐ Yes - Except for Internal Items  ☒ No (Note Below)
2. Were any of the items internal components? ☐ Yes  ☒ No
3. Did you verify or obtain any serial numbers? ☐ Yes  ☒ No (Note Below)
4. Were there any serial number discrepancies? ☐ Yes (Note Below)  ☐ No  ☒ N/A
5. Was the equipment viewed in operation? ☐ Yes  ☒ No (Note Below)  ☐ N/A
6. Is the equipment physically attached to the building? ☐ Yes  ☒ No
7. Does the equipment make sense for the business? ☒ Yes  ☐ No (Note Below)
8. What is the overall condition of the equipment? ☐ New  ☐ Used (Good)  ☐ Used (Fair)  ☒ Poor (Note Below)
9. Does any of the equipment appear damaged? ☐ Yes (Note Below)  ☒ No
10. When was the equipment delivered? N/A
11. When was the equipment installed? N/A
12. Is the customer satisfied with the equipment? ☐ Yes  ☐ No (Note Below)  ☒ N/A
13. Does the company plan to finance any other equipment within the next 12 months? ☐ Yes  ☒ No

## C.  Inspection Summary

1. Inspection completed by: Celeste McGlothin
2. Phone clearance given to: Not Requested    Date/Time: N/A
3. Was phone clearance left on voice mail? ☐ Yes  ☒ No

Comments:

See Narrative

Form 601 (01/17)

 **Collateral Specialists Inc.** **Narrative**

| **Inquiry #:** 1391917 | **Date of Inspection:** 1/10/2023 | **Location Name:** SA Hospital /American Healthcar |
| --- | --- | --- |

Comments:

The inspector arrived and spoke with Bea, the receptionist. The inspector asked to speak with the persons listed on the assignment. The inspector was told those folks reside in California. The inspector asked who was in charge and was told Bianca was the CEO at this facility. Bea spoke with Bianca's assistant, Donna, and was told Bianca would be down to see the inspector. Bea told her that the inspector was looking for equipment to take. The inspector told her that was incorrect, and that she was only there to do an inspection of the inventory listed. She got a call back from Donna, who stated Bianca would not be coming down to meet me nor take the letter. Bea stated she was told that "they had been working with the company". When the inspector asked who 'they' or 'the company' were as there was no information provided to us she would not elaborate. The mood changed and they became less cooperative. The inspector then called CSI and was advised to hold there until we could speak with the client.

The inspector received a call back from CSI, advising her to leave the letter at the reception desk. The inspector attempted to but they want nothing to do with the document since it has SA Hospital on it when they are now South City Hospital. The inspector photographed the building front and left the premises.

## Subject Property Exterior



## Subject Property Exterior



## Subject Property Exterior



# EXHIBIT 14

**From:**    Mike Barker <mikeb@nfsleasing.com>
**Sent:**    Friday, January 20, 2023 2:10 PM
**To:**     rao@positiveinvestments.com
**Cc:**     Dan Salstein; Dana Calumby
**Subject:**   Tri-Party Landlord Agreement - SA Hospital
**Attachments:**  2023-01-20 MCB - Yalamanchili RE LLW Breach.pdf


Mr. Yalamanchili:

Please see attached.

**Michael C. Barker**
*Associate Counsel*
NFS Leasing, Inc.
(978) 564-3961
www.nfsleasing.com



1



Michael C. Barker
*Associate Counsel*
(978) 564-3961
mikeb@nfsleasing.com

January 20, 2023

**<u>VIA EMAIL & CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>**

ATTN: Rao Yalamanchili
PI Broadway LLC
c/o Positive Investments, Inc.
610 N. Santa Anita Ave.
Arcadia, CA 91006
rao@positiveinvestments.com

Re:    **Tri-Party Landlord Agreement - SA Hospital Acquisition Group, LLC**

Dear Mr. Yalamanchili:

I am corporate counsel for NFS Leasing, Inc. ("NFS").

I write regarding the Tri-Party Landlord Agreement, dated April 30, 2021 (the "Agreement"), concerning the real property located at 3933 S. Broadway St., St. Louis, MO 63118 (the "Premises"). The Agreement, appended as Attachment 1, was entered into by each of NFS, as equipment lessor, PI Broadway LLC (the "Landlord), as real property lessor, and SA Hospital Acquisition Group, LLC ("Lessee"), as equipment lessee and real property lessee. The Agreement was signed by you, as Manager of Landlord, PI Broadway LLC, and identifies you as the Landlord's contact person. If Landlord PI Broadway LLC is represented by counsel, please have him or her contact me immediately.

The Landlord is currently in breach of the Agreement for failing to cooperate and facilitate removal of the NFS equipment identified on Schedule 1 to the Agreement (the "Leased Equipment"). Paragraph 3 of the Agreement states:

> Each of the Lessee and Landlord hereby agrees that in the event of default declared by NFS under the Equipment Lease [between NFS and Lessee] . . . the Landlord is hereby authorized and directed, at NFS' option, to allow NFS or its designated agents to . . . remove the Leased Equipment and/or Collateral from the Premises . . . after NFS provides notice to Landlord of the Default. . . . Landlord further agrees that Landlord will not hinder NFS' actions in repossessing the Leased Equipment or exercising its rights with respect to the Collateral.

NFS provided notice to the Landlord of Lessee's default under the equipment lease on November 22, 2022, as evidenced by Attachment 2. To date, the Landlord has failed to honor its obligation to provide NFS access to the Premises to remove the Leased Equipment. Most



Michael C. Barker
*Associate Counsel*
(978) 564-3961
mikeb@nfsleasing.com

recently, on Tuesday, January 10, NFS's agent was denied access to the Premises to inspect the Leased Equipment.

**Please contact me on or before Friday, January 27, to coordinate the removal of the Leased Equipment from the Premises.**  If I do not hear from you by that date, NFS intends to take legal action to enforce the Agreement and intends to hold the Landlord liable for all fees and costs incurred by virtue of Landlord's continuing breach of the Agreement, including but not limited to expenses incurred in litigating the enforcement of the Agreement.

Sincerely,
NFS Leasing, Inc.

*/s/ Michael C. Barker*
Michael C. Barker
Associate Counsel

ENCLS

# ATTACHMENT 1



# NFS Leasing

## TRI-PARTY LANDLORD AGREEMENT

This Tri-Party Landlord Agreement is entered into as of this 30th day of April 2021 (this "Agreement") by and among NFS Leasing, Inc., a Massachusetts corporation ("NFS"), SA Hospital Acquisition Group, LLC, a Delaware limited liability company ("Lessee"), and PI Broadway LLC ("Landlord"), a Missouri limited liability company

WHEREAS, NFS and Lessee are entering into a certain equipment leasing transaction (the "Equipment Lease") whereby NFS will lease to Lessee certain equipment (the "Leased Equipment"), which Leased Equipment is more fully described below; and

WHEREAS, Landlord and Lessee are parties to that certain Hospital Lease dated January 19, 2021 and a true, complete and accurate copy of such lease, as amended, is attached hereto as Exhibit A (as amended, restated or otherwise modified from time to time the "Lease") for certain premises located at **3933 S. Broadway St., Louis, MO 63118** (the "Premises"); and

WHEREAS, the purpose of this Agreement is to provide for NFS to gain access to the Leased Equipment in the event Lessee defaults under the Equipment Lease and NFS exercises its rights thereunder to repossess the Leased Equipment

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties to this Agreement hereby agree as follows:

1. **Landlord's Representations:** Landlord hereby warrants and represents that the Lessee is the tenant under the Lease. The Landlord waives any claim or defense to the contrary. The Lease represents the entire understanding between Landlord and Lessee with respect to the leasing of the Premises. The Lease has been duly authorized, executed and delivered by Landlord, and is in full force and effect. To the best knowledge of Landlord the Premises have not become subject to any mechanic's, laborer's, material person's or other lien. There exists no default of Landlord or Lessee under the Lease nor state of facts which, with the passage of time or the giving of notice or both, could ripen into a default on the part of Landlord, or to the best knowledge of Landlord, could ripen into a default on the part of Lessee under the Lease

2. **Collateral and Leased Equipment.** For all purposes of this Agreement the "Leased Equipment" means that certain equipment set forth on the attached Schedule 1 as well as any subsequent equipment which may, in the future be leased to Lessee under any additional schedule to the Equipment Lease and which is to be physically located at the Premises, together with any replacements or additions thereto. Each of Landlord and Lessee agree to at all times recognize NFS' ownership interest in the Leased Equipment even where the Leased Equipment may be affixed to, or upon the Premises, and shall not assert any claims to a lien or other interest in the Leased Equipment. Additionally, Landlord acknowledges that NFS has required and may in the future require as security for the obligations under the Equipment Lease, inter alia, liens on certain assets owned by Lessee that may be located at the Premises (the "Collateral"). Landlord hereby agrees that (a) Landlord will not assert against any of Lessee's assets (including without limitation the Collateral) any statutory or possessory liens including, without limitation, rights of levy or distraint for rent, all of which Landlord hereby waives, and (b) none of the Collateral located at the Premises shall be deemed to be fixtures

3. **Access to Leased Equipment in the Event of Default Under Equipment Lease** Each of Lessee and Landlord hereby agrees that in the event of any default declared by NFS under the Equipment Lease ("Default") which gives rise to NFS seeking to enforce its rights of repossession of the Leased Equipment and to enforce its security interest in the Lease and/or the Collateral, Landlord is hereby authorized and directed, at NFS' option, to allow NFS or its designated agents to (a) succeed to Lessee's right, title and interest under the Lease, and (b) or (c) remove the Leased Equipment and/or Collateral from the Premises within a reasonable time, not to exceed ninety (90) days after NFS provides notice to Landlord of the Default, provided that if NFS occupies the Premises in excess of twenty (20) days (the "Initial Period") after such notice of Default, NFS shall pay to Landlord a true and occupancy fee equal to the amount of the prorated monthly rental payment that would have been due under the Lease for the period of time NFS occupies the Premises after the Initial Period, and NFS shall pay Landlord for any actual damages directly caused by NFS or its representatives in removing the Leased Equipment and/or Collateral from the Premises. Landlord further agrees that Landlord will not hinder NFS' actions in repossessing the Leased Equipment or exercising its rights with respect to the Collateral 

4. ~~Certain Agreements. Landlord hereby agrees that it will unconditionally provide NFS with a copy of any notice of default, or any similar notice, sent to Lessee which relates to Lessee's use or occupancy of the Premises in connection with the Lease. Landlord will not seek to exercise any right it may have to terminate the Lease by reason of an alleged default of Lessee until a reasonable period of time (but no less than thirty (30) days) shall have elapsed following the service to Lessee of the notice described above) during which period NFS shall have the right, but shall not be under an obligation, to remedy such act or omission. Landlord agrees to accept such performance by NFS in accordance of Lessee under the Lease. The agreements contained herein shall continue in full force and effect with respect and continue to Lessee to NFS are paid and performed in full and all leasing and other arrangements between the Lessee and Lessor under the Equipment Lease have been terminated. Landlord shall return all necessary waivers, transferees, purchasers, and mortgagees of the existence of this Agreement and the terms and conditions contained herein.~~

5. **Notices.** All notices permitted or required by this Agreement shall be in writing and served upon the parties by either certified mail, return receipt requested, or by a reputable overnight delivery service requiring a signature upon delivery, or via facsimile or electronic mail transmission for which a successful transmission report is generated. Any such notice shall be deemed effective when received by that party at the following address, email or facsimile number

| If to NFS Leasing, Inc. | | SA Hospital Acquisition Group, LLC | If to Landlord | PI Broadway LLC |
|---|---|---|---|---|
| 900 Cummings Center, Suite 226-U | If to Lessee: Address | 269 West Florida | Address | c/o Positive Investments, Inc. |
| Beverly, MA 01915 | | Claremont, CA 91711 | | 610 N. Santa Anita Ave Arcadia, CA 91006 |
| Fax (866) 805-8667 | Phone: | | Phone | (626) 321-4815 |
| Attn: Legal | Fax | | Attn | Rao Yalamanchili |
| Email: legal@nfsleasing.com | Email | Tony.scheff@schmuelle.com | Email | rao@positiveinvestments.com |

6  Governing Law, Jurisdiction and Venue:  This Agreement shall be interpreted under and governed by the laws of the State where the Leased Equipment is located and any action commenced hereunder shall be brought only in a court of competent jurisdiction sitting within said State

7  Modification:  To be effective  any modification of this Agreement must be in writing and executed by all parties

8  Execution:  Each party represents and warrants to the other parties that the person executing this Agreement on its behalf is duly authorized to do so and that once executed, this Agreement is intended to be a binding agreement enforceable in accordance with its terms  This Agreement may be executed in several counterparts with each such counterpart constituting an original. Any party may execute this Agreement via fax with original signature pages thereafter furnished to the other parties, provided however that no party may avoid any obligation hereunder by virtue of its failure to furnish such original signatures

9  Severability.  In the event that any provision of this Agreement shall be held to be invalid  void, voidable, or otherwise unenforceable, the remaining portions of this Agreement shall remain in full force and effect to the extent that they can be given effect without the invalid portions

10  Successors and Assigns  It is the intent of the parties that this Agreement shall be binding upon each of the party's successors, assigns, and personal representatives, upon any successor owner or transferee of the Premises, and upon any purchaser, including any mortgagee, from Landlord

Executed as an agreement under seal and effective on the date first above written

NFS Leasing, Inc

Name: Mark Bhisdell
Signature:
Title: CFO
Date: 4/30/2021

Lessee: SA Hospital Acquisition Group, LLC

Name:
Signature:
Title:
Date: 5/5/21

Landlord: PI Broadway LLC

Name: Rao Yalamanchili
Signature:
Title: Manager
Date: 4/30/21

2

## Schedule 1

| Vendor | Invoice or PO # | Description |
|---|---|---|
| Alco Sales And Service Co | 2833897-IN | QTY 25 LITHIUM IRON PHOSPHATE BATTERY |
| BidMed, LLC | L-282-21 | PRECISION FLOUROSCOPY SYSTEM |
| BidMed, LLC | L-282-21 | SIGNA EXCITE 1.5T MOBILE MRI |
| Boelter | 720763-1 | CONTRACT TO FURNISH KITCHEN EQUIPMENT |
| Cadwell | 245921 | CAMERA ACCESSORIES |
| CDW 2 | 4049065 | MS SOFTWARE |
| CDW 3 | 3835877 | ARUBA SOFTWARE |
| CDW 4 | 3716877 | 48 WIRELESS GATEWAYS AND CONTROLLERS |
| CDW 5 | 4207989 | 100 7480 MONITORS 100 LOGITECH WIRELESS |
| CDW | 4171567 | 452 SOFTWARE LICENSES FOR MS EXCHANGE ETC |
| FISHER HEALTHCARE | 5819729 | JPL430A HIGH PERFORMANCE PLASMA FREEZER |
| FUTURA MOBILITY | 100063518 | QTY 10 M3BL CHASSIS POWER MI IFI AND ACCESORIES |
| FUTURA MOBILITY | 100063515 | 10 DELL OPTIPLEX MEDMI K |
| FUTURA MOBILITY | 100064007 | 10 HONEYWELL 1950 SCANNER ONLY |
| HILLROM | 1171078 | VOLARA SYSTEM AND STAND |
| JAKEN MEDICAL | 47560 | QTY 4 ELECTROCARDIOGRAPH GE MAC COLOR DISP 12SL GS INTERP |
| JUST MEDICAL | 4010584 | MRI SPIRODOC SPIROMETER AND OXIMETER |
| LINET -2 | 20202612 | BEDS MATTRESSES TABLES CHAIRS |
| MEDICAL POSITIONING | 5890 | ECHO TABLE AND ACCESSORIES |
| MINDRAY | P60D1320A | QTY 4 MINDRAY ULTRASOUND SYSTEMS AND ACCESORIES |
| MINDRAY | P60601320 | MINDRAY PATIENT MONITORING AND ANESTHESIA SYSTEM |
| NORIX | INV88672 | BEDS MATTRESSES RESTRAINT CHAIRS LOUNGE |
| ORTHO CLINICAL DIAGNOSTICS | 1851665718 | VITRO XT 7600 INTEGRATED SYSTEM ANTIGEN TESTING |
| SERVICE EXPRESS | 987076 | EMC DELL INTEL VM WARE |
| STLCOM COM 2 | 136089 | NURSECALL SYSTEM AND PATIENT MONITORING |
| STLCOM COM 3 | 136055 | TWO INVOICE INCLUDE SOFTWARE HARDWARE INSTALL AND TAX |
| STLCOM COM 1 | STL-135917 | AVAYA PHONE HARDWARE AND SYS SOFTWARE |
| ABBOT | 27314 | HEMATOLOGY ANALYZER |
| ADVANCED STERILIZATION PRODUCTS | 22474 | SURGERY STERILIZER - ST100NX ALL CLEAR 1-DR DUO and install kit |
| ARJO | 27482 | PATIENT LIFT AND SAFETY |
| COVIDIEN (Medtronic) | 27460 | QTY 4 VENTILATOR |
| FERGUSON FACILITIES SUPPLIES | 27256 | QTY 2 EVS DEPARTMENTS |
| GE | 27199 | DICOM GW PRO |
| GE | 27390 | DIGITAL X RAY - Optima XR646 1D base LED (Item # S1204AH) |
| GE | 27360 | RADIOLOGY |
| GE | 27366 | CT SCAN - Revolution Evo Gen 2 ES Digital BI |
| GE | 27442 | C-ARMS |
| GE | 27361 | NUCLEAR MEDICINE - GS INF2 375IN ACQ SYS - GoldSeal Infinia II dual detection imaging system |
| GE | 27363 | ULTRASOUND - GoldSeal Logiq S8 R4.5 OLED (Catalog # L8029SE) and Array Probe |
| MCKESSON | 30479 | BIOMERIEUX (MICROBIOLOGY) |
| MCKESSON | 30426 | BIOMERIEUX MICROBIOLOGY) |

| PHILIPS | 27473 | QTY 4 BIPAP MACHINE |
|---|---|---|
| SIEMENS | 27328 | CO AG ANALYZER |
| STERIS | 27424 | QTY 2 SURGICAL TABLES |
| STERIS | 27424 | SURGICAL LIGHTS FOR 3 OR ROOMS |
| STRYKER | 27310 | NEPTUNE WASTE SYSTEM |
| STRYKER | 27462 | INSTRUMENTS |
| GE | POs 27360 & 27581 | Cath lab & Hemodynamics |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 10/50/100, Ergo Trinoc (Catalog # NC1881917) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 4/10/20/100, Ergo Trinoc, Upgraded Stage (Catalog # NC1881919) |
| FISHER HEALTHCARE | Invoice # 4804846 | Ultra-Low Freezer: ULT FZ TSX40086A 115V/60HZ (Catalog # TSX40086A) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC3 W PL 4 PH 10/40 FULL GOUT (Catalog # NC1882294) |
| Philips Healthcare | PO # 27984 | 102503 IntraSight (NNAW511 - IntraSight 7) |

:*

## Exhibit A

*Copy of Hospital Lease Attached.*

# TRI-PARTY LANDLORD AGREEMENT

This Tri-Party Landlord Agreement is entered into as of this _____ day of _____, 2021 (this "Agreement") by and among NFS Leasing, Inc., a Massachusetts corporation ("NFS"), SA Hospital Acquisition Group, LLC, a Delaware limited liability company ("Lessee"), and PI Broadway LLC ("Landlord"), a Missouri limited liability company.

WHEREAS, NFS and Lessee are entering into a certain equipment leasing transaction (the "Equipment Lease") whereby NFS will lease to Lessee certain equipment (the "Leased Equipment"), which Leased Equipment is more fully described below; and

WHEREAS, Landlord and Lessee are parties to that certain Hospital Lease dated January 19, 2021 and a true, complete and accurate copy of such lease, as amended, is attached hereto as **Exhibit A** (as amended, restated or otherwise modified from time to time the "Lease") for certain premises located at **3933 S. Broadway St. Louis, MO 63118** (the "Premises"); and

WHEREAS, the purpose of this Agreement is to provide for NFS to gain access to the Leased Equipment in the event Lessee defaults under the Equipment Lease and NFS exercises its rights thereunder to repossess the Leased Equipment.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties to this Agreement hereby agree as follows:

1.  <u>Landlord's Representations</u>:  Landlord hereby warrants and represents that the Lessee is the tenant under the Lease.  The Landlord waives any claim or defense to the contrary.  The Lease represents the entire understanding between Landlord and Lessee with respect to the leasing of the Premises.  The Lease has been duly authorized, executed and delivered by Landlord, and is in full force and effect.  To the best knowledge of Landlord, the Premises have not become subject to any mechanic's, laborer's, material person's or other lien.  There exists no default of Landlord or Lessee under the Lease nor state of facts which, with the passage of time or the giving of notice or both, could ripen into a default on the part of Landlord, or to the best knowledge of Landlord, could ripen into a default on the part of Lessee under the Lease.

2.  <u>Collateral and Leased Equipment</u>:  For all purposes of this Agreement the "Leased Equipment" means that certain equipment set forth on the attached **Schedule 1** as well as any subsequent equipment which may in the future be leased to Lessee under any additional schedule to the Equipment Lease and which is to be physically located at the Premises, together with any replacements or additions thereto.  Each of Landlord and Lessee agree to at all times recognize NFS' ownership interest in the Leased Equipment even where the Leased Equipment may be attached to, affixed to or installed in or upon the Premises, and shall not assert any claims to a lien or other interest in the Leased Equipment.  Additionally,  Landlord acknowledges that NFS has required, and may in the future require, as security for the obligations under the Equipment Lease, inter alia, liens on certain assets owned by Lessee that may be located at the Premises (the "Collateral").  Landlord hereby agrees that: (a) Landlord will not assert against any of Lessee's assets (including, without limitation, the Collateral) any statutory or possessory liens, including, without limitation, rights of levy or distraint for rent, all of which Landlord hereby waives; and (b) none of the Collateral located at the Premises shall be deemed to be fixtures.

3.  <u>Access to Leased Equipment in the Event of Default Under Equipment Lease</u>:  Each of Lessee and Landlord hereby agrees that in the event of any default declared by NFS under the Equipment Lease ("Default") which gives rise to NFS seeking to enforce its rights of repossession of the Leased Equipment and to enforce its security interest in the Lease and/or the Collateral, Landlord is hereby authorized and directed, at NFS' option, to allow NFS or its designated agents to (a) succeed to Lessee's right, title and interest under the Lease, and (b)  or (c) remove the Leased Equipment and/or Collateral from the Premises within a reasonable time, not to exceed ninety (90) days after NFS provides notice to Landlord of the Default, provided that if NFS occupies the Premises in excess of twenty (20) days (the "Initial Period") after such notice of Default, NFS shall pay to Landlord a use and occupancy fee equal to the amount of the prorated monthly rental payment that would have been due under the Lease for the period of time NFS occupies the Premises after the Initial Period, and NFS shall pay Landlord for any actual damages directly caused by NFS or its representatives in removing the Leased Equipment and/or Collateral from the Premises. Landlord further agrees that Landlord will not hinder NFS' actions in repossessing the Leased Equipment or exercising its rights with respect to the Collateral.

4.  <u>Certain Agreements</u>:  Landlord hereby agrees that it will simultaneously provide NFS with a copy of any notice of default, or any similar notice, sent to Lessee which relates to Lessee's use or occupancy of the Premises in connection with the Lease. Landlord will not seek to exercise any right it may have to terminate the Lease by reason of any act or omission of Lessee until a reasonable period of time (but in any event not less than thirty (30) days) shall have elapsed following the notice to Lessee (with a copy to NFS as provided above), during which period NFS shall have the right, but shall not be under any obligation, to remedy such act or omission. Landlord agrees to accept such performance by NFS on account of Lessee under the Lease.  The agreements contained herein shall continue in full force until all obligations and liabilities of Lessee to NFS are paid and performed in full and all leasing and other arrangements between the Lessee and Lessor under the Equipment Lease have been terminated. Landlord shall notify all successor owners, transferees, purchasers and mortgagees of the existence of this Agreement and the terms and conditions contained herein.

5.  <u>Notices</u>:  All notices permitted or required by this Agreement shall be in writing and served upon the parties by either certified mail, return receipt requested, or by a reputable overnight delivery service requiring a signature upon delivery, or via facsimile or electronic mail transmission for which a successful transmission report is generated. Any such notice shall be deemed effective when received by that party at the following address, email or facsimile number:

| If to: NFS Leasing, Inc. | If to Lessee: | SA Hospital Acquisition Group, LLC | If to Landlord: | PI Broadway LLC |
|---|---|---|---|---|
| 900 Cummings Center, Suite 226-U | Address: | 269 West Bonita | Address: | c/o Positive Investments, Inc. |
| Beverly, MA 01915 | | Claremont, CA 91711 | | 610 N. Santa Anita Ave Arcadia, CA 91006 |
| Fax: (866) 805-3667 | Phone: | | Phone: | |
| Attn: Legal | Fax: | | Attn: | Rao Yalamanchili |
| Email: legal@nfsleasing.com | Email: | Troy.schell@schnuelle.com | Email: | rao@positiveinvestments.com |

6.  <u>Governing Law, Jurisdiction and Venue</u>:   This Agreement shall be interpreted under and governed by the laws of the State where the Leased Equipment is located and any action commenced hereunder shall be brought only in a court of competent jurisdiction sitting within said State.

7.  <u>Modification</u>:  To be effective, any modification of this Agreement must be in writing and executed by all parties.

8.  <u>Execution</u>:  Each party represents and warrants to the other parties that the person executing this Agreement on its behalf is duly authorized to do so and that once executed, this Agreement is intended to be a binding agreement enforceable in accordance with its terms. This Agreement may be executed in several counterparts with each such counterpart constituting an original. Any party may execute this Agreement via fax with original signature pages thereafter furnished to the other parties, provided however that no party may avoid any obligation hereunder by virtue of its failure to furnish such original signatures.

9.  <u>Severability</u>. In the event that any provision of this Agreement shall be held to be invalid, void, voidable, or otherwise unenforceable, the remaining portions of this Agreement shall remain in full force and effect to the extent that they can be given effect without the invalid portions.

10.  <u>Successors and Assigns</u>.  It is the intent of the parties that this Agreement shall be binding upon each of the party's successors, assigns, and personal representatives, upon any successor owner or transferee of the Premises, and upon any purchaser, including any mortgagee, from Landlord.

Executed as an agreement under seal and effective on the date first above written.

| NFS Leasing, Inc. | Lessee: SA Hospital Acquisition Group, LLC | Landlord: PI Broadway LLC |
|---|---|---|
| Name:_____ | Name:_____ | Name:_____ |
| Signature:_____ | Signature:_____ | Signature:_____ |
| Title:_____ | Title:_____ | Title:_____ |
| Date:_____ | Date:_____ | Date:_____ |

# **Schedule 1**

| Vendor | Invoice or PO # | Description |
|---|---|---|
| Alco Sales And Service Co. | 2833897-IN | QTY 25 LITHIUM IRON PHOSPHATE BATTERY |
| BidMed, LLC | T-282-21 | PRECISION FLOUROSCOPY SYSTEM |
| BidMed, LLC | T-282-21 | SIGNA EXCITE 1.5T MOBILE MRI |
| Boelter | 720763-1 | CONTRACT TO FURNISH KITCHEN EQUIPMENT |
| Cadwell | 245921 | CAMERA ACCESSORIES |
| CDW 2 | 4049065 | MS SOFTWARE |
| CDW 3 | 3835877 | ARUBA SOFTWARE |
| CDW 4 | 3716877 | 48 WIRELESS GATEWAYS AND CONTROLLERS |
| CDW 5 | 4207989 | 100 7480 MONITORS 100 LOGITECH WIRELESS |
| CDW | 4171567 | 452 SOFTWARE LICENSES FOR MS EXCHANGE ETC. |
| FISHER HEALTHCARE | 5819729 | JPL430A HIGH PERFORMANCE PLASMA FREEZER |
| FUTURA MOBILITY | 100063518 | QTY 10 M38E CHASSIS POWER MLIFT AND ACCESORIES |
| FUTURA MOBILITY | 100063915 | 10 DELL OPTIPLEX MFF MLK |
| FUTURA MOBILITY | 100064007 | 10 HONEYWELL 1950 SCANNER ONLY |
| HILLROM | 1171078 | VOLARA SYSTEM AND STAND |
| JAKEN MEDICAL | 47560 | QTY 4 ELECTROCARDIOGRAPH GE MAC COLOR DISP 12SL GS INTERP |
| JUST MEDICAL | 4010584 | MRI SPIRODOC SPIROMETER AND OXIMETER |
| LINET -2 | 20202612 | BEDS MATTRESSES TABLES CHAIRS |
| MEDICAL POSITIONING | 5890 | ECHOTABLE AND ACCESSORIES |
| MINDRAY | P6001320A | QTY 4 MINDRAY ULTRASOUND SYSTEMS AND ACCESORIES |
| MINDRAY | P600011320 | MINDRAY PATIENT MONITORING AND ANESTHESIA SYSTEM |
| NORIX | INV88672 | BEDS MATTRESSES RESTRAINT CHAIRS LOUNGE |
| ORTHO CLINICAL DIAGNOSTICS | 1851665718 | VITRO XT 7600 INTEGRATED SYSTEM ANTIGEN TESTING |
| SERVICE EXPRESS | 987076 | EMC DELL INTEL VM WARE |
| STLCOM.COM 2 | 136089 | NURSE CALL SYSTEM AND PATIENT MONITORING |
| STLCOM.COM 3 | 136055 | TWO INVOICE INCLUDE SOFTWARE HARDWARE INSTALL AND TAX |
| STLCOM.COM 4 | STL-135017 | AVAYA PHONE HARDWARE AND SYS SOFTWARE |
| ABBOT | 27314 | HEMATOLOGY ANALYZER |
| ADVANCED STRILIZATION PRODUCTS | 27474 | SURGERY STERILIZER - ST100NX ALLCLEAR 1-DR DUO and install kit |
| ARJO | 27482 | PATIENT LIFT AND SAFETY |
| COVIDIEN (Medtronic) | 27460 | QTY 4 VENTILATOR |
| FERGUSON FACILITIES SUPPLIES | 27256 | QTY 2 EVS DEPARTMENTS |
| GE | 27499 | DICOM GW PRO |
| GE | 27390 | DIGITAL X RAY - Optima XR646 1D base LED (Item # S1204AH) |
| GE | 27360 | RADIOLOGY |
| GE | 27306 | CT SCAN - Revolution Evo Gen 2 ES Digital BJ |
| GE | 27442 | C-ARMS |
| GE | 27361 | NUCLEAR MEDICINE - GS INF2 .375IN ACQ SYS - GoldSeal Infinia II dual detector imaging system |
| GE | 27365 | ULTRASOUND - GoldSeal Logiq S8 R4.5 OLED (Catalog # L8029SE) and Array Probe |
| MCKESSON | 30429 | BIOMERIEUX (MICROBIOLOGY) |
| MCKESSON | 30426 | BIOMERIEUX MICROBIOLOGY) |

3

| | | |
|---|---|---|
| PHILIPS | 27473 | QTY 4 BIPAP MACHINE |
| SIEMENS | 27328 | CO AG ANALYZER |
| STERIS | 27424 | QTY 2 SURGICAL TABLES |
| STERIS | 27424 | SURGICAL LIGHTS FOR 3 OR ROOMS |
| STRYKER | 27310 | NEPTUNE WASTE SYSTEM |
| STRYKER | 27462 | INSTRUMENTS |
| GE | POs 27360 & 27581 | Cath lab & Hemodynamics |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 10/50/100, Ergo Trinoc (Catalog # NC1881917) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 4/10/20/100, Ergo Trinoc, Upgraded Stage (Catalog # NC1881919) |
| FISHER HEALTHCARE | Invoice # 4804846 | Ultra-Low Freezer: ULT FZ TSX40086A 115V/60HZ (Catalog # TSX40086A) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC3 W PL 4 PH 10/40 FULL GOUT (Catalog # NC1882294) |
| Philips Healthcare | PO # 27984 | 102503 IntraSight (NNAW511 - IntraSight 7) |

# **Exhibit A**

*Copy of Hospital Lease Attached.*

# ATTACHMENT 2



November 22, 2022

PI Broadway LLC
610 N Santa Anita Ave
Arcadia, California, 91006
Attn: Rao R Yalamanchili

  RE: Tri-Party Landlord Waiver Dated as of April 30, 2021, among NFS Leasing, Inc. ("NFS"), SA Hospital Acquisition Group, LLC ("Lessee") and PI Broadway LLC ("Landlord")

## CERTIFICATION OF LESSEE'S DEFAULT

To Whom It May Concern:

  Reference is made to the above Agreement executed in connection with a certain Equipment Lease between NFS and the Lessee. In accordance with Paragraph 3 of the Agreement, NFS hereby certifies as follows:

1. Lessee has defaulted under the Equipment Lease after giving effect to all cure periods set forth therein;
2. A copy of this Certification of Lessee's Default has been simultaneously provided to Lessee.

  In accordance with the provisions of the Agreement, NFS is requesting access to the Premises on Monday, November 28, 2022 for purposes of removing the Leased Equipment as described in the Agreement. We note that this date is more than 48 hours from your and Lessee's receipt of this Notice.

  As a courtesy we are enclosing herewith a copy of the Agreement including the Schedules of Equipment located at the Premises.

  Please contact the undersigned upon your receipt hereof, and we thank you in advance for your immediate attention regarding this matter.

    Very truly yours,
    NFS Leasing, Inc.

    By: Taylor Nohelty,
    Contracts Administrative Assistant

encl.
cc: SA Hospital Acquisition Group, LLC ("Lessee")
3933 S. Broadway
St. Louis, MO 63118



*With copies to:*

*Benjamin Meir Klein*
*102 24th Street, Apt. 1608A*
*Miami Beach, FL 33139*

*Lawrence Edward Feigen*
*415 S. June Street*
*Los Angeles, CA 90020*

*Benjamin Meir Klein*
*284 East Palisade Avenue*
*Englewood, NJ 07631*

*Jeffrey Kenneth Ahlholm*
*4308 Via Entrada*
*Newbury Park, CA 91320*

# EXHIBIT 15



Michael C. Barker
*Associate Counsel*
(978) 564-3961
mikeb@nfsleasing.com

January 25, 2023

**VIA EMAIL & CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

ATTN: Marc Hirshman, Registered Agent
Twain GL XXV, LLC
2200 Washington Ave.
St. Louis, MO 63103
marc.hirshman@twainfinancial.com

Re:    **Tri-Party Landlord Agreement - SA Hospital Acquisition Group, LLC**

Dear Mr. Hirshman:

I am in-house counsel for NFS Leasing, Inc. ("NFS").

I understand that, by Special Warranty Deed, dated December 21, 2021, Twain GL XXV, LLC ("Twain") succeeded PI Broadway, LLC ("PI Broadway") as the owner and landlord of the real property located at 3933 S. Broadway, St. Louis, MO 63118 (the "Premises"). I also understand that the Premises is leased from Twain by SA Hospital Realty Holding, LLC, as it was from PI Broadway, and is operated as South City Hospital (the "Hospital").

Eight months prior to Twain's acquisition of the Premises, SA Hospital Acquisition Group, LLC ("SHA") entered into Master Equipment Lease No. 2021-0233 in favor of NFS, whereby SHA leased certain equipment for the Hospital's operations (the "Equipment Lease"). In connection with the Equipment Lease, PI Broadway and SHA, entered into the attached Tri-Party Landlord Agreement with NFS, on April 30, 2021 (the "Landlord Agreement"). The leased equipment located at the Premises is identified in Schedule 1 to the attached Landlord Agreement. I note that the stated purpose of the Landlord Agreement "is to provide for NFS to gain access to the Leased Equipment in the event Lessee defaults under the Equipment Lease and NFS exercises its rights thereunder to repossess the Leased Equipment."

NFS hereby notifies Twain, as landlord of the Premises and successor owner and transferee of PI Broadway as provided in paragraph 10, that SHA defaulted under the Equipment Lease and NFS is exercising its rights under the Landlord Agreement to access the Premises to repossess the leased equipment.

**Please contact me directly on or before Monday, January 30, to arrange for NFS's access to the Premises to recover the leased equipment owned by NFS.** If I do not hear from

| **From:** | Mike Barker |
|---|---|
| **To:** | marc.hirshman@twainfinancial.com |
| **Cc:** | Dana Calumby; Dan Salstein |
| **Subject:** | Tri-Party Landlord Agreement - SA Hospital |
| **Attachments:** | 2023-01-25 MCB - Hirshman RE Twain-PI Broadway LLW.pdf |

Mr. Hirshman:

Please see attached.  I look forward to hearing from you.  Thank you.

Mike

**Michael C. Barker**
*Associate Counsel*
NFS Leasing, Inc.
(978) 564-3961
www.nfsleasing.com





Michael C. Barker
*Associate Counsel*
(978) 564-3961
mikeb@nfsleasing.com

you on or before that date, NFS intends to pursue legal recourse to recover its leased equipment at the Premises, including enforcement of the Landlord Agreement, if necessary.

I look forward to hearing from you shortly.  Thank you.

Sincerely,
NFS Leasing, Inc.

*/s/ Michael C. Barker*
Michael C. Barker
Associate Counsel

ENCLS



**NFS Leasing**

## TRI-PARTY LANDLORD AGREEMENT

This Tri-Party Landlord Agreement is entered into as of this 30th day of April 2021 (this "Agreement") by and among NFS Leasing, Inc., a Massachusetts corporation ("NFS"), SA Hospital Acquisition Group, LLC, a Delaware limited liability company ("Lessee"), and PI Broadway LLC ("Landlord"), a Missouri limited liability company

WHEREAS, NFS and Lessee are entering into a certain equipment leasing transaction (the "Equipment Lease") whereby NFS will lease to Lessee certain equipment (the "Leased Equipment"), which Leased Equipment is more fully described below; and

WHEREAS, Landlord and Lessee are parties to that certain Hospital Lease dated January 19, 2021 and a true, complete and accurate copy of such lease, as amended, is attached hereto as Exhibit A (as amended, restated or otherwise modified from time to time the "Lease") for certain premises located at **3933 S. Broadway St, Louis, MO 63118** (the "Premises"); and

WHEREAS, the purpose of this Agreement is to provide for NFS to gain access to the Leased Equipment in the event Lessee defaults under the Equipment Lease and NFS exercises its rights thereunder to repossess the Leased Equipment

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties to this Agreement hereby agree as follows:

1. **Landlord's Representations:** Landlord hereby warrants and represents that the Lessee is the tenant under the Lease. The Landlord waives any claim or defense to the contrary. The Lease represents the entire understanding between Landlord and Lessee with respect to the leasing of the Premises. The Lease has been duly authorized, executed and delivered by Landlord, and is in full force and effect. To the best knowledge of Landlord the Premises have not become subject to any mechanic's, laborer's, material person's or other lien. There exists no default of Landlord or Lessee under the Lease nor state of facts which, with the passage of time or the giving of notice or both, could ripen into a default on the part of Landlord, or to the best knowledge of Landlord, could ripen into a default on the part of Lessee under the Lease

2. **Collateral and Leased Equipment.** For all purposes of this Agreement the "Leased Equipment" means that certain equipment set forth on the attached Schedule I, as well as any subsequent equipment which may, in the future be leased to Lessee under any additional schedule to the Equipment Lease and which is to be physically located at the Premises, together with any replacements or additions thereto. Each of Landlord and Lessee agree to at all times reorganize NFS' ownership interest in the Leased Equipment even where the Leased Equipment may be attached to, affixed to or upon the Premises, and shall not assert any claims to a lien or other interest in the Leased Equipment. Additionally, Landlord acknowledges that NFS has required and may in the future require as security for the obligations under the Equipment Lease, inter alia, liens on certain assets owned by Lessee that may be located at the Premises (the "Collateral"). Landlord hereby agrees that (a) Landlord will not assert against any of Lessee's assets (including without limitation the Collateral) any statutory or possessory liens including, without limitation, rights of levy or distraint for rent, all of which Landlord hereby waives; and (b) none of the Collateral located at the Premises shall be deemed to be fixtures

3. **Access to Leased Equipment in the Event of Default Under Equipment Lease.** Each of Lessee and Landlord hereby agrees that in the event of any default declared by NFS under the Equipment Lease ("Default") which gives rise to NFS seeking to enforce its rights of repossession of the Leased Equipment and to enforce its security interest in the Lease and/or the Collateral, Landlord is hereby authorized and directed, at NFS' option, to allow NFS or its designated agents to (a) succeed to Lessee's right, title and interest under the Lease, and (b) or (c) remove the Leased Equipment and/or Collateral from the Premises within a reasonable time, not to exceed ninety (90) days after NFS provides notice to Landlord of the Default, provided that if NFS occupies the Premises in excess of twenty (20) days (the "Initial Period") after such notice of Default, NFS shall pay to Landlord a true and occupancy fee equal to the amount of the prorated monthly rental payment that would have been due under the Lease for the period of time NFS occupies the Premises after the Initial Period, and NFS shall pay Landlord for any actual damages directly caused by NFS or its representatives in removing the Leased Equipment and/or Collateral from the Premises. Landlord further agrees that Landlord will not hinder NFS' actions in repossessing the Leased Equipment or exercising its rights with respect to the Collateral

4. ~~Certain Agreements. Landlord hereby agrees that it will unconditionally provide NFS with a copy of any notice of default, or any similar notice, sent to Lessee which relates to Lessee's use or occupancy of the Premises in connection with the Lease. Landlord will not seek to exercise any right it may have to terminate the Lease by reason of any such termination of Lessee until a reasonable period of time (not less than thirty (30) days) shall have elapsed following the receipt by Lessee (and to you, to NFS, as provided above) during which period NFS shall have the right, but shall not be under an obligation, to remedy such act or omission. Landlord agrees to accept such performance by NFS as though it were performed by Lessee under the Lease. The agreements contained herein shall continue in full force and all obligations of Lessee to NFS are paid and performed in full and all leasing and other arrangements between the Lessee and Lessor under the Equipment Lease have been terminated. Landlord shall retain all interest in monies, transferees, purchases, and mortgages of the existence of this Agreement and the terms and conditions contained herein.~~

5. **Notices:** All notices permitted or required by this Agreement shall be in writing and served upon the parties by either certified mail, return receipt requested, or by a reputable overnight delivery service requiring a signature upon delivery, or via facsimile or electronic mail transmission for which a successful transmission report is generated. Any such notice shall be deemed effective when received by that party at the following address, email or facsimile number

| If to NFS Leasing, Inc | | If to Lessee: | SA Hospital Acquisition Group, LLC | If to Landlord: | PI Broadway LLC |
|---|---|---|---|---|---|
| 900 Cummings Center, Suite 226-U | | Address | 269 West Florida | Address | c/o Positive Investments, Inc |
| Beverly, MA 01915 | | | Claremont, CA 91711 | | 610 N. Santa Anita Ave Arcadia, CA 91006 |
| Fax: (866) 805-8667 | | Phone: | | Phone | (626) 321-4815 |
| Attn: Legal | | Fax: | | Attn: | Rao Yalamanchili |
| Email: legal@nfsleasing.com | | Email: | Tom_scheff@schnuelle.com | Email | rao@positiveinvestments.com |



6    Governing Law, Jurisdiction and Venue:   This Agreement shall be interpreted under and governed by the laws of the State where the Leased Equipment is located and any action commenced hereunder shall be brought only in a court of competent jurisdiction sitting within said State

7    Modification:  To be effective, any modification of this Agreement must be in writing and executed by all parties

8    Execution:  Each party represents and warrants to the other parties that the person executing this Agreement on its behalf is duly authorized to do so and that once executed, this Agreement is intended to be a binding agreement enforceable in accordance with its terms  This Agreement may be executed in several counterparts with each such counterpart constituting an original. Any party may execute this Agreement via fax with original signature pages thereafter furnished to the other parties, provided however that no party may avoid any obligation hereunder by virtue of its failure to furnish such original signatures

9    Severability.  In the event that any provision of this Agreement shall be held to be invalid  void, voidable, or otherwise unenforceable, the remaining portions of this Agreement shall remain in full force and effect to the extent that they can be given effect without the invalid portions

10   Successors and Assigns  It is the intent of the parties that this Agreement shall be binding upon each of the party's successors, assigns, and personal representatives, upon any successor owner or transferee of the Premises, and upon any purchaser, including any mortgagee, from Landlord

Executed as an agreement under seal and effective on the date first above written

NFS Leasing, Inc

Name:  Mark Bhisdell

Signature:

Title:  CFO

Date:  4/30/2021

Lessee: SA Hospital Acquisition Group, LLC

Name:

Signature:

Date:  5/5/21

Landlord: PI Broadway LLC

Name:  Rao Yalammchili

Signature:

Title:  Manager

Date:  4/30/21

2

## Schedule 1

| Vendor | Invoice or PO # | Description |
|---|---|---|
| Alco Sales And Service Co | 2833897-IN | QTY 25 LITHIUM IRON PHOSPHATE BATTERY |
| BidMed, LLC | L-282-21 | PRECISION FLOUROSCOPY SYSTEM |
| BidMed, LLC | L-282-21 | SIGNA EXCITE 1.5T MOBILE MRI |
| Boelter | 720763-1 | CONTRACT TO FURNISH KITCHEN EQUIPMENT |
| Cadwell | 245921 | CAMERA ACCESSORIES |
| CDW 2 | 4049965 | MS SOFTWARE |
| CDW 3 | 3835877 | ARUBA SOFTWARE |
| CDW 4 | 3716877 | 48 WIRELESS GATEWAYS AND CONTROLLERS |
| CDW 5 | 4207989 | 100 7480 MONITORS 100 LOGITECH WIRELESS |
| CDW | 4171567 | 452 SOFTWARE LICENSES FOR MS EXCHANGE ETC |
| FISHER HEALTHCARE | 5819729 | JPL430A HIGH PERFORMANCE PLASMA FREEZER |
| FUTURA MOBILITY | 100063518 | QTY 10 M3EC CHASSIS POWER MI IFT AND ACCESORIES |
| FUTURA MOBILITY | 100063915 | 10 DELL OPTIPLEX MFI MFK |
| FUTURA MOBILITY | 100064007 | 10 HONEYWELL 1950 SCANNER ONLY |
| HILLROM | 1171078 | VOLARA SYSTEM AND STAND |
| JAKEN MEDICAL | 47560 | QTY 4 ELECTROCARDIOGRAPH GE MAC COLOR DISP 12SL GS INTERP |
| JUST MEDICAL | 4010584 | MRI SPIRODOC SPIROMETER AND OXIMETER |
| LINET -2 | 20202612 | BEDS MATTRESSES TABLES CHAIRS |
| MEDICAL POSITIONING | 5890 | ECHOTABLE AND ACCESSORIES |
| MINDRAY | P600D1320A | QTY 4 MINDRAY ULTRASOUND SYSTEMS AND ACCESORIES |
| MINDRAY | P6060H1320 | MINDRAY PATIENT MONITORING AND ANESTHESIA SYSTEM |
| NORIX | INV88672 | BEDS MATTRESSES RESTRAINT CHAIRS LOUNGE |
| ORTHO CLINICAL DIAGNOSTICS | 1851665718 | VITRO X1 7600 INTEGRATED SYSTEM ANTIGEN TESTING |
| SERVICE EXPRESS | 987076 | EMC DELL INTEL VM WARE |
| STLCOM COM 2 | 136089 | NURSECALL SYSTEM AND PATIENT MONITORING |
| STLCOM COM 3 | 136055 | TWO INVOICE INCLUDE SOFTWARE HARDWARE INSTALL AND FAX |
| STLCOM COM 1 | STL-135917 | AVAYA PHONE HARDWARE AND SYS SOFTWARE |
| ABBOT | 27314 | HEMATOLOGY ANALYZER |
| ADVANCED STERILIZATION PRODUCTS | 27474 | SURGERY STERILIZER - ST100NX ALL CLEAR 1-DR DUO and install kit |
| ARJO | 27482 | PATIENT LIFT AND SAFETY |
| COVIDIEN (Medtronic) | 27460 | QTY 4 VENTILATOR |
| FERGUSON FACILITIES SUPPLIES | 27256 | QTY 2 EVS DEPARTMENTS |
| GE | 27499 | DICOM GW PRO |
| GE | 27390 | DIGITAL X RAY - Optima XR646 1D base LED (Item # S1204AH) |
| GE | 27360 | RADIOLOGY |
| GE | 27366 | CT SCAN - Revolution Evo Gen 2 ES Digital B1 |
| GE | 27442 | C-ARMS |
| GE | 27361 | NUCLEAR MEDICINE - GS INF2 375IN ACQ SYS - GoldSeal Infinia II dual detection imaging system |
| GE | 27365 | ULTRASOUND - GoldSeal Logiq S8 R4.5 QLED (Catalog # L8029SE) and Array Probe |
| MCKESSON | 30479 | BIOMERIEUX (MICROBIOLOGY) |
| MCKESSON | 30426 | BIOMERIEUX MICROBIOLOGY) |

3

| PHILIPS | 27473 | QTY 4 BIPAP MACHINE |
|---|---|---|
| SIEMENS | 27328 | CO AG ANALYZER |
| STERIS | 27424 | QTY 2 SURGICAL TABLES |
| STERIS | 27424 | SURGICAL LIGHTS FOR 3 OR ROOMS |
| STRYKER | 27310 | NEPTUNE WASTE SYSTEM |
| STRYKER | 27462 | INSTRUMENTS |
| GE | POs 27360 & 27581 | Cath lab & Hemodynamics |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 10/50/100. Ergo Trinoc (Catalog # NC1881917) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 4/10/20/100. Ergo Trinoc, Upgraded Stage (Catalog # NC1881919) |
| FISHER HEALTHCARE | Invoice # 4804846 | Ultra-Low Freezer: ULT FZ TSX40086A 115V/60HZ (Catalog # TSX40086A) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC3 W PL 4 PH 10/40 FULL GOUT (Catalog # NC1882294) |
| Philips Healthcare | PO # 27984 | 102503 IntruSight (NNAW511 - IntraSight 7) |

4

## Exhibit A

*Copy of Hospital Lease Attached.*

**NFS Leasing**

# TRI-PARTY LANDLORD AGREEMENT

This Tri-Party Landlord Agreement is entered into as of this _____ day of _____, 2021 (this "Agreement") by and among NFS Leasing, Inc., a Massachusetts corporation ("NFS"), SA Hospital Acquisition Group, LLC, a Delaware limited liability company ("Lessee"), and PI Broadway LLC ("Landlord"), a Missouri limited liability company.

WHEREAS, NFS and Lessee are entering into a certain equipment leasing transaction (the "Equipment Lease") whereby NFS will lease to Lessee certain equipment (the "Leased Equipment"), which Leased Equipment is more fully described below; and

WHEREAS, Landlord and Lessee are parties to that certain Hospital Lease dated January 19, 2021 and a true, complete and accurate copy of such lease, as amended, is attached hereto as **Exhibit A** (as amended, restated or otherwise modified from time to time the "Lease") for certain premises located at **3933 S. Broadway St, Louis, MO 63118** (the "Premises"); and

WHEREAS, the purpose of this Agreement is to provide for NFS to gain access to the Leased Equipment in the event Lessee defaults under the Equipment Lease and NFS exercises its rights thereunder to repossess the Leased Equipment.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties to this Agreement hereby agree as follows:

1.  <u>Landlord's Representations</u>:  Landlord hereby warrants and represents that the Lessee is the tenant under the Lease.  The Landlord waives any claim or defense to the contrary.  The Lease represents the entire understanding between Landlord and Lessee with respect to the leasing of the Premises.  The Lease has been duly authorized, executed and delivered by Landlord, and is in full force and effect.  To the best knowledge of Landlord, the Premises have not become subject to any mechanic's, laborer's, material person's or other lien.  There exists no default of Landlord or Lessee under the Lease nor state of facts which, with the passage of time or the giving of notice or both, could ripen into a default on the part of Landlord, or to the best knowledge of Landlord, could ripen into a default on the part of Lessee under the Lease.

2.  <u>Collateral and Leased Equipment</u>:  For all purposes of this Agreement the "Leased Equipment" means that certain equipment set forth on the attached **Schedule 1** as well as any subsequent equipment which may in the future be leased to Lessee under any additional schedule to the Equipment Lease and which is to be physically located at the Premises, together with any replacements or additions thereto.  Each of Landlord and Lessee agree to at all times recognize NFS' ownership interest in the Leased Equipment even where the Leased Equipment may be attached to, affixed to or installed in or upon the Premises, and shall not assert any claims to a lien or other interest in the Leased Equipment.  Additionally,  Landlord acknowledges that NFS has required, and may in the future require, as security for the obligations under the Equipment Lease, inter alia, liens on certain assets owned by Lessee that may be located at the Premises (the "Collateral").  Landlord hereby agrees that: (a) Landlord will not assert against any of Lessee's assets (including, without limitation, the Collateral) any statutory or possessory liens, including, without limitation, rights of levy or distraint for rent, all of which Landlord hereby waives; and (b) none of the Collateral located at the Premises shall be deemed to be fixtures.

3.  <u>Access to Leased Equipment in the Event of Default Under Equipment Lease</u>:  Each of Lessee and Landlord hereby agrees that in the event of any default declared by NFS under the Equipment Lease ("Default") which gives rise to NFS seeking to enforce its rights of repossession of the Leased Equipment and to enforce its security interest in the Lease and/or the Collateral, Landlord is hereby authorized and directed, at NFS' option, to allow NFS or its designated agents to (a) succeed to Lessee's right, title and interest under the Lease, and (b)  or (c) remove the Leased Equipment and/or Collateral from the Premises within a reasonable time, not to exceed ninety (90) days after NFS provides notice to Landlord of the Default, provided that if NFS occupies the Premises in excess of twenty (20) days (the "Initial Period") after such notice of Default, NFS shall pay to Landlord a use and occupancy fee equal to the amount of the prorated monthly rental payment that would have been due under the Lease for the period of time NFS occupies the Premises after the Initial Period, and NFS shall pay Landlord for any actual damages directly caused by NFS or its representatives in removing the Leased Equipment and/or Collateral from the Premises. Landlord further agrees that Landlord will not hinder NFS' actions in repossessing the Leased Equipment or exercising its rights with respect to the Collateral.

4.  <u>Certain Agreements</u>:  Landlord hereby agrees that it will simultaneously provide NFS with a copy of any notice of default, or any similar notice, sent to Lessee which relates to Lessee's use or occupancy of the Premises in connection with the Lease. Landlord will not seek to exercise any right it may have to terminate the Lease by reason of any act or omission of Lessee until a reasonable period of time (but in any event not less than thirty (30) days) shall have elapsed following the notice to Lessee (with a copy to NFS as provided above), during which period NFS shall have the right, but shall not be under any obligation, to remedy such act or omission. Landlord agrees to accept such performance by NFS on account of Lessee under the Lease.  The agreements contained herein shall continue in full force until all obligations and liabilities of Lessee to NFS are paid and performed in full and all leasing and other arrangements between the Lessee and Lessor under the Equipment Lease have been terminated. Landlord shall notify all successor owners, transferees, purchasers and mortgagees of the existence of this Agreement and the terms and conditions contained herein.

5.  <u>Notices</u>:  All notices permitted or required by this Agreement shall be in writing and served upon the parties by either certified mail, return receipt requested, or by a reputable overnight delivery service requiring a signature upon delivery, or via facsimile or electronic mail transmission for which a successful transmission report is generated. Any such notice shall be deemed effective when received by that party at the following address, email or facsimile number:

| If to: NFS Leasing, Inc. | If to Lessee: | SA Hospital Acquisition Group, LLC | If to Landlord: | PI Broadway LLC |
|---|---|---|---|---|
| 900 Cummings Center, Suite 226-U | Address: | 269 West Bonita | Address: | c/o Positive Investments, Inc. |
| Beverly, MA 01915 | | Claremont, CA 91711 | | 610 N. Santa Anita Ave Arcadia, CA 91006 |
| Fax: (866) 805-3667 | Phone: | | Phone: | |
| Attn: Legal | Fax: | | Attn: | Rao Yalamanchili |
| Email: legal@nfsleasing.com | Email: | Troy.schell@schnuelle.com | Email: | rao@positiveinvestments.com |

6.  <u>Governing Law, Jurisdiction and Venue</u>:  This Agreement shall be interpreted under and governed by the laws of the State where the Leased Equipment is located and any action commenced hereunder shall be brought only in a court of competent jurisdiction sitting within said State.

7.  <u>Modification</u>:  To be effective, any modification of this Agreement must be in writing and executed by all parties.

8.  <u>Execution</u>:  Each party represents and warrants to the other parties that the person executing this Agreement on its behalf is duly authorized to do so and that once executed, this Agreement is intended to be a binding agreement enforceable in accordance with its terms. This Agreement may be executed in several counterparts with each such counterpart constituting an original. Any party may execute this Agreement via fax with original signature pages thereafter furnished to the other parties, provided however that no party may avoid any obligation hereunder by virtue of its failure to furnish such original signatures.

9.  <u>Severability</u>. In the event that any provision of this Agreement shall be held to be invalid, void, voidable, or otherwise unenforceable, the remaining portions of this Agreement shall remain in full force and effect to the extent that they can be given effect without the invalid portions.

10.  <u>Successors and Assigns</u>.  It is the intent of the parties that this Agreement shall be binding upon each of the party's successors, assigns, and personal representatives, upon any successor owner or transferee of the Premises, and upon any purchaser, including any mortgagee, from Landlord.

Executed as an agreement under seal and effective on the date first above written.

| NFS Leasing, Inc. | Lessee: SA Hospital Acquisition Group, LLC | Landlord: PI Broadway LLC |
|---|---|---|
| Name:_____ | Name:_____ | Name:_____ |
| Signature:_____ | Signature:_____ | Signature:_____ |
| Title:_____ | Title:_____ | Title:_____ |
| Date:_____ | Date:_____ | Date:_____ |

2

# **Schedule 1**

| Vendor | Invoice or PO # | Description |
|---|---|---|
| Alco Sales And Service Co. | 2833897-IN | QTY 25 LITHIUM IRON PHOSPHATE BATTERY |
| BidMed, LLC | T-282-21 | PRECISION FLOUROSCOPY SYSTEM |
| BidMed, LLC | T-282-21 | SIGNA EXCITE 1.5T MOBILE MRI |
| Boelter | 720763-1 | CONTRACT TO FURNISH KITCHEN EQUIPMENT |
| Cadwell | 245921 | CAMERA ACCESSORIES |
| CDW 2 | 4049065 | MS SOFTWARE |
| CDW 3 | 3835877 | ARUBA SOFTWARE |
| CDW 4 | 3716877 | 48 WIRELESS GATEWAYS AND CONTROLLERS |
| CDW 5 | 4207989 | 100 7480 MONITORS 100 LOGITECH WIRELESS |
| CDW | 4171567 | 452 SOFTWARE LICENSES FOR MS EXCHANGE ETC. |
| FISHER HEALTHCARE | 5819729 | JPL430A HIGH PERFORMANCE PLASMA FREEZER |
| FUTURA MOBILITY | 100063518 | QTY 10 M38E CHASSIS POWER MLIFT AND ACCESORIES |
| FUTURA MOBILITY | 100063915 | 10 DELL OPTIPLEX MFF MLK |
| FUTURA MOBILITY | 100064007 | 10 HONEYWELL 1950 SCANNER ONLY |
| HILLROM | 1171078 | VOLARA SYSTEM AND STAND |
| JAKEN MEDICAL | 47560 | QTY 4 ELECTROCARDIOGRAPH GE MAC COLOR DISP 12SL GS INTERP |
| JUST MEDICAL | 4010584 | MRI SPIRODOC SPIROMETER AND OXIMETER |
| LINET -2 | 20202612 | BEDS MATTRESSES TABLES CHAIRS |
| MEDICAL POSITIONING | 5890 | ECHOTABLE AND ACCESSORIES |
| MINDRAY | P6001320A | QTY 4 MINDRAY ULTRASOUND SYSTEMS AND ACCESORIES |
| MINDRAY | P600011320 | MINDRAY PATIENT MONITORING AND ANESTHESIA SYSTEM |
| NORIX | INV88672 | BEDS MATTRESSES RESTRAINT CHAIRS LOUNGE |
| ORTHO CLINICAL DIAGNOSTICS | 1851665718 | VITRO XT 7600 INTEGRATED SYSTEM ANTIGEN TESTING |
| SERVICE EXPRESS | 987076 | EMC DELL INTEL VM WARE |
| STLCOM.COM 2 | 136089 | NURSE CALL SYSTEM AND PATIENT MONITORING |
| STLCOM.COM 3 | 136055 | TWO INVOICE INCLUDE SOFTWARE HARDWARE INSTALL AND TAX |
| STLCOM.COM 4 | STL-135017 | AVAYA PHONE HARDWARE AND SYS SOFTWARE |
| ABBOT | 27314 | HEMATOLOGY ANALYZER |
| ADVANCED STRILIZATION PRODUCTS | 27474 | SURGERY STERILIZER - ST100NX ALLCLEAR 1-DR DUO and install kit |
| ARJO | 27482 | PATIENT LIFT AND SAFETY |
| COVIDIEN (Medtronic) | 27460 | QTY 4 VENTILATOR |
| FERGUSON FACILITIES SUPPLIES | 27256 | QTY 2 EVS DEPARTMENTS |
| GE | 27499 | DICOM GW PRO |
| GE | 27390 | DIGITAL X RAY - Optima XR646 1D base LED (Item # S1204AH) |
| GE | 27360 | RADIOLOGY |
| GE | 27306 | CT SCAN - Revolution Evo Gen 2 ES Digital BJ |
| GE | 27442 | C-ARMS |
| GE | 27361 | NUCLEAR MEDICINE - GS INF2 .375IN ACQ SYS - GoldSeal Infinia II dual detector imaging system |
| GE | 27365 | ULTRASOUND - GoldSeal Logiq S8 R4.5 OLED (Catalog # L8029SE) and Array Probe |
| MCKESSON | 30429 | BIOMERIEUX (MICROBIOLOGY) |
| MCKESSON | 30426 | BIOMERIEUX MICROBIOLOGY) |

| PHILIPS | 27473 | QTY 4 BIPAP MACHINE |
| SIEMENS | 27328 | CO AG ANALYZER |
| STERIS | 27424 | QTY 2 SURGICAL TABLES |
| STERIS | 27424 | SURGICAL LIGHTS FOR 3 OR ROOMS |
| STRYKER | 27310 | NEPTUNE WASTE SYSTEM |
| STRYKER | 27462 | INSTRUMENTS |
| GE | POs 27360 & 27581 | Cath lab & Hemodynamics |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 10/50/100, Ergo Trinoc (Catalog # NC1881917) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 4/10/20/100, Ergo Trinoc, Upgraded Stage (Catalog # NC1881919) |
| FISHER HEALTHCARE | Invoice # 4804846 | Ultra-Low Freezer: ULT FZ TSX40086A 115V/60HZ (Catalog # TSX40086A) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC3 W PL 4 PH 10/40 FULL GOUT (Catalog # NC1882294) |
| Philips Healthcare | PO # 27984 | 102503 IntraSight (NNAW511 - IntraSight 7) |

# **Exhibit A**

*Copy of Hospital Lease Attached.*

# EXHIBIT 16



Michael C. Barker
*Associate Counsel*
(978) 564-3961
mikeb@nfsleasing.com

January 26, 2023

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED & FEDEX**

SA Hospital Real Estate Holdings LLC
c/o Paracorp Incorporated, Registered Agent
222 E. Dunklin Suite 102
Jefferson City, MO 65101

SA Hospital Real Estate Holdings LLC
ATTN: Managing Member
16192 Coastal Highway
Lewes, DE 19958

SA Hospital Real Estate Holdings LLC
c/o Incorp Services, Inc., Registered Agent
919 North Market Street, Suite 950
Wilmington, DE 19801

SA Hospital Real Estate Holdings LLC
ATTN: Managing Member
137 N Larchmont Blvd., Suite 141
Los Angeles, CA 9004

Re:    **Tri-Party Landlord Agreement - SA Hospital Acquisition Group, LLC**

Dear Sir or Madam:

I am in-house counsel for NFS Leasing, Inc. ("NFS").

This letter serves as notice to SA Hospital Real Estate Holdings LLC ("SHRE") that NFS is exercising its rights to enter and recover the equipment it previously leased to SA Hospital Acquisition Group, LLC ("SHA") at the real property controlled by SHRE at 3933 S. Broadway, St. Louis, MO 63118 (the "Premises"). If SHRE is represented by counsel, please forward this letter and have him or her contact me immediately.

SHA entered into Master Equipment Lease No. 2021-0233 in favor of NFS, whereby it leased certain equipment for use at the Premises (the "Equipment Lease"). In connection with the Equipment Lease, SHA and its prior landlord, PI Broadway, LLC ("PI Broadway"), entered into the attached Tri-Party Landlord Agreement with NFS, on April 30, 2021 (the "Agreement"). The leased equipment located at the Premises is identified in Schedule 1 to the Agreement. I note that the stated purpose of the Agreement "is to provide for NFS to gain access to the Leased Equipment in the event Lessee defaults under the Equipment Lease and NFS exercises its rights thereunder to repossess the Leased Equipment." I further note that both SHA and PI Broadway specifically agreed, in Paragraph 3 of the Agreement,

> that in the event of default declared by NFS under the Equipment Lease [between NFS and SHA] . . . the Landlord is hereby authorized and directed, at NFS' option, to allow NFS or its designated agents to . . . remove the Leased Equipment and/or



Michael C. Barker
*Associate Counsel*
(978) 564-3961
mikeb@nfsleasing.com

Collateral from the Premises . . . after NFS provides notice to Landlord of the Default. . . . Landlord further agrees that Landlord will not hinder NFS' actions in repossessing the Leased Equipment or exercising its rights with respect to the Collateral.

**NFS demands immediate access to the Premises to recover its personal property because SHA has defaulted under the Equipment Lease.  Contact me directly on or before Friday, February 3, 2023, to arrange access to the Premises to recover the leased equipment owned by NFS.**

If I do not hear from SHRE or its counsel, NFS intends to take legal action to enforce its rights to recover the leased equipment pursuant to the Equipment Lease, the Agreement, and any legal and equitable remedies, including to the extent available at law, claims and damages for deprivation of its personal property and willful breach of the foregoing contracts.

Sincerely,
NFS Leasing, Inc.

*/s/ Michael C. Barker*
Michael C. Barker

ENCLS


**NFS Leasing**

## TRI-PARTY LANDLORD AGREEMENT

This Tri-Party Landlord Agreement is entered into as of this 30th day of April 2021 (this "Agreement") by and among NFS Leasing, Inc., a Massachusetts corporation ("NFS"), SA Hospital Acquisition Group, LLC, a Delaware limited liability company ("Lessee"), and PI Broadway LLC ("Landlord"), a Missouri limited liability company

WHEREAS, NFS and Lessee are entering into a certain equipment leasing transaction (the "Equipment Lease") whereby NFS will lease to Lessee certain equipment (the "Leased Equipment"), which Leased Equipment is more fully described below; and

WHEREAS, Landlord and Lessee are parties to that certain Hospital Lease dated January 19, 2021 and a true, complete and accurate copy of such lease, as amended, is attached hereto as Exhibit A (as amended, restated or otherwise modified from time to time the "Lease") for certain premises located at **3933 S. Broadway St, Louis, MO 63118** (the "Premises"); and

WHEREAS, the purpose of this Agreement is to provide for NFS to gain access to the Leased Equipment in the event Lessee defaults under the Equipment Lease and NFS exercises its rights thereunder to repossess the Leased Equipment

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties to this Agreement hereby agree as follows:

1. **Landlord's Representations:** Landlord hereby warrants and represents that the Lessee is the tenant under the Lease. The Landlord waives any claim or defense to the contrary. The Lease represents the entire understanding between Landlord and Lessee with respect to the leasing of the Premises. The Lease has been duly authorized, executed and delivered by Landlord, and is in full force and effect. To the best knowledge of Landlord the Premises have not become subject to any mechanic's, laborer's, material person's or other lien. There exists no default of Landlord or Lessee under the Lease nor state of facts which, with the passage of time or the giving of notice or both, could ripen into a default on the part of Landlord, or to the best knowledge of Landlord, could ripen into a default on the part of Lessee under the Lease.

2. **Collateral and Leased Equipment.** For all purposes of this Agreement the "Leased Equipment" means that certain equipment set forth on the attached Schedule 1 as well as any subsequent equipment which may, in the future be leased to Lessee under any additional schedule to the Equipment Lease and which is to be physically located at the Premises, together with any replacements or additions thereto. Each of Landlord and Lessee agree to at all times recognize NFS' ownership interest in the Leased Equipment even where the Leased Equipment may be attached to, affixed to or upon the Premises, and shall not assert any claims to a lien or other interest in the Leased Equipment. Additionally, Landlord acknowledges that NFS has required and may in the future require as security for the obligations under the Equipment Lease, inter alia, liens on certain assets owned by Lessee that may be located at the Premises (the "Collateral"). Landlord hereby agrees that (a) Landlord will not assert against any of Lessee's assets (including, without limitation, the Collateral) any statutory or possessory liens, including, without limitation, rights of levy or distraint for rent, all of which Landlord hereby waives; and (b) none of the Collateral located at the Premises shall be deemed to be fixtures

3. **Access to Leased Equipment in the Event of Default Under Equipment Lease.** Each of Lessee and Landlord hereby agrees that in the event of any default declared by NFS under the Equipment Lease ("Default") which gives rise to NFS seeking to enforce its rights of repossession of the Leased Equipment and to enforce its security interest in the Lease and/or the Collateral, Landlord is hereby authorized and directed, at NFS' option, to allow NFS or its designated agents to (a) succeed to Lessee's right, title and interest under the Lease, and (b) or (c) remove the Leased Equipment and/or Collateral from the Premises within a reasonable time, not to exceed ninety (90) days after NFS provides notice to Landlord of the Default, provided that if NFS occupies the Premises in excess of twenty (20) days (the "Initial Period") after such notice of Default, NFS shall pay to Landlord a true and occupancy fee equal to the amount of the prorated monthly rental payment that would have been due under the Lease for the period of time NFS occupies the Premises after the Initial Period, and NFS shall pay Landlord for any actual damages directly caused by NFS or its representatives in removing the Leased Equipment and/or Collateral from the Premises. Landlord further agrees that Landlord will not hinder NFS' actions in repossessing the Leased Equipment or exercising its rights with respect to the Collateral

4. ~~Certain Agreements. Landlord hereby agrees that it will simultaneously provide NFS with a copy of any notice of default, or any similar notice, sent to Lessee which relates to Lessee's use or occupancy of the Premises in connection with the Lease. Landlord will not seek to exercise any right it may have to terminate the Lease by reason of an alleged default of Lessee until a reasonable period of time of no less than thirty (30) days shall have elapsed following the receipt by Lessee of the notice to cure such default provided above, during which period NFS shall have the right, but shall not be under any obligation, to remedy such act or omission. Landlord agrees to accept such performance by NFS as performance of Lessee under the Lease. The agreements contained herein shall continue in full force and effect until such time as all equipment owned by Lessee to NFS acquired and performed in full and all leasing and other arrangements between the Lessee and Lessor under the Equipment Lease have been terminated. Landlord shall deliver all interested waivers, transferees, purchasers, and mortgagees of the existence of this Agreement and the terms and conditions contained herein~~

5. **Notices.** All notices permitted or required by this Agreement shall be in writing and served upon the parties by either certified mail, return receipt requested, or by a reputable overnight delivery service requiring a signature upon delivery, or via facsimile or electronic mail transmission for which a successful transmission report is generated. Any such notice shall be deemed effective when received by that party at the following address, email or facsimile number.



| If to NFS Leasing, Inc | | | If to Lessee: | SA Hospital Acquisition Group, LLC | | If to Landlord | PI Broadway LLC |
|---|---|---|---|---|---|---|---|
| 900 Cummings Center, Suite 226-U | | | Address | 269 West Bonita | | Address | c/o Positive Investments, Inc |
| | | | | | | | 610 N. Santa Anita Ave |
| Beverly, MA 01915 | | | | Claremont, CA 91711 | | | Arcadia, CA 91006 |
| Fax (866) 805-3667 | | | Phone: | | | Phone | (626) 321-4815 |
| Attn Legal | | | Fax: | | | Attn | Rao Yalamanchili |
| Email legal@nfsleasing.com | | | Email | Tony.scheff@schnuelle.com | | Email | ravi@positiveinvestments.com |

6   Governing Law, Jurisdiction and Venue:  This Agreement shall be interpreted under and governed by the laws of the State where the Leased Equipment is located and any action commenced hereunder shall be brought only in a court of competent jurisdiction sitting within said State

7   Modification:  To be effective  any modification of this Agreement must be in writing and executed by all parties

8   Execution:  Each party represents and warrants to the other parties that the person executing this Agreement on its behalf is duly authorized to do so and that once executed, this Agreement is intended to be a binding agreement enforceable in accordance with its terms  This Agreement may be executed in several counterparts with each such counterpart constituting an original. Any party may execute this Agreement via fax with original signature pages thereafter furnished to the other parties, provided however that no party may avoid any obligation hereunder by virtue of its failure to furnish such original signatures

9   Severability.  In the event that any provision of this Agreement shall be held to be invalid  void, voidable, or otherwise unenforceable, the remaining portions of this Agreement shall remain in full force and effect to the extent that they can be given effect without the invalid portions

10   Successors and Assigns  It is the intent of the parties that this Agreement shall be binding upon each of the party's successors, assigns, and personal representatives, upon any successor owner or transferee of the Premises, and upon any purchaser, including any mortgagee, from Landlord

Executed as an agreement under seal and effective on the date first above written

| NFS Leasing, Inc | Lessee: SA Hospital Acquisition Group, LLC | Landlord: PI Broadway LLC |
|---|---|---|
| Name  Mark Bhisdell | Name: | Name  Rao Yalamanchili |
| Signature | Signature | Signature |
| Title  CFO | | Title  Manager |
| Date  4/30/2021 | Date  5/5/21 | Date  4/30/21 |

# Schedule 1

| Vendor | Invoice or PO # | Description |
|---|---|---|
| Alco Sales And Service Co | 2833897-IN | QTY 25 LITHIUM IRON PHOSPHATE BATTERY |
| BidMed, LLC | I-282-21 | PRECISION FLOUROSCOPY SYSTEM |
| BidMed, LLC | I-282-21 | SIGNA EXCITE 1.5T MOBILE MRI |
| Boelter | 720763-1 | CONTRACT TO FURNISH KITCHEN EQUIPMENT |
| Cadwell | 245921 | CAMERA ACCESSORIES |
| CDW 2 | 4049065 | MS SOFTWARE |
| CDW 3 | 3835877 | ARUBA SOFTWARE |
| CDW 4 | 3716877 | 48 WIRELESS GATEWAYS AND CONTROLLERS |
| CDW 5 | 4207989 | 100 7480 MONITORS 100 LOGITECH WIRELESS |
| CDW | 4171567 | 452 SOFTWARE LICENSES FOR MS EXCHANGE ETC |
| FISHER HEALTHCARE | 5819729 | JPL 430A HIGH PERFORMANCE PLASMA FREEZER |
| FUTURA MOBILITY | 100063518 | QTY 10 M3BC CHASSIS POWER MI IF1 AND ACCESORIES |
| FUTURA MOBILITY | 100063915 | 10 DELL OPTIPLEX MFF MFK |
| FUTURA MOBILITY | 100064007 | 10 HONEYWELL 1950 SCANNER ONLY |
| HILLROM | 1171078 | VOLARA SYSTEM AND STAND |
| JAKEN MEDICAL | 47560 | QTY 4 ELECTROCARDIOGRAPH GE MAC COLOR DISP 12SL GS INTERP |
| JUST MEDICAL | 4010584 | MRI SPIRODOC SPIROMETER AND OXIMETER |
| LINET -2 | 20202612 | BEDS MATTRESSES TABLES CHAIRS |
| MEDICAL POSITIONING | 5890 | ECHO TABLE AND ACCESSORIES |
| MINDRAY | P600D1320A | QTY 4 MINDRAY ULTRASOUND SYSTEMS AND ACCESORIES |
| MINDRAY | P60601320 | MINDRAY PATIENT MONITORING AND ANESTHESIA SYSTEM |
| NORIX | INV88672 | BEDS MATTRESSES RESTRAINT CHAIRS LOUNGE |
| ORTHO CLINICAL DIAGNOSTICS | 1851665718 | VITRO XT 7600 INTEGRATED SYSTEM ANTIGEN TESTING |
| SERVICE EXPRESS | 987076 | EMC DELL INTEL VM WARE |
| STLCOM COM 2 | 136089 | NURSECALL SYSTEM AND PATIENT MONITORING |
| STLCOM COM 3 | 136055 | TWO INVOICE INCLUDE SOFTWARE HARDWARE INSTALL AND FAX |
| STLCOM COM 1 | STL-135917 | AVAYA PHONE HARDWARE AND SYS SOFTWARE |
| ABBOT | 27314 | HEMATOLOGY ANALYZER |
| ADVANCED STERILIZATION PRODUCTS | 27474 | SURGERY STERILIZER - STI00NX ALL CLEAR 1-DR DUO and install kit |
| ARJO | 27482 | PATIENT LIFT AND SAFETY |
| COVIDIEN (Medtronic) | 27460 | QTY 4 VENTILATOR |
| FERGUSON FACILITIES SUPPLIES | 27256 | QTY 2 EVS DEPARTMENTS |
| GE | 27399 | DICOM GW PRO |
| GE | 27390 | DIGITAL X RAY - Optima XR646 1D base LED (Item # S1204AH) |
| GE | 27360 | RADIOLOGY |
| GE | 27366 | CT SCAN - Revolution Evo Gen 2 ES Digital B1 |
| GE | 27442 | C-ARMS |
| GE | 27361 | NUCLEAR MEDICINE - GS INF2  375IN ACQ SYS - GoldSeal Infinia II dual detection imaging system |
| GE | 27365 | ULTRASOUND - GoldSeal Logiq S8 R4.5 OLED (Catalog # L8029SE) and Array Probe |
| MCKESSON | 30479 | BIOMERIEUX (MICROBIOLOGY) |
| MCKESSON | 30426 | BIOMERIEUX MICROBIOLOGY) |

| | | |
|---|---|---|
| PHILIPS | 27473 | QTY 4 BIPAP MACHINE |
| SIEMENS | 27328 | CO AG ANALYZER |
| STERIS | 27424 | QTY 2 SURGICAL TABLES |
| STERIS | 27424 | SURGICAL LIGHTS FOR 3 OR ROOMS |
| STRYKER | 27310 | NEPTUNE WASTE SYSTEM |
| STRYKER | 27462 | INSTRUMENTS |
| GE | POs 27360 & 27581 | Cath lab & Hemodynamics |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 10/50/100, Ergo Trinoc (Catalog # NC1881917) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 4/10/20/100, Ergo Trinoc, Upgraded Stage (Catalog # NC1881919) |
| FISHER HEALTHCARE | Invoice # 4804846 | Ultra-Low Freezer: ULT FZ TSX40086A 115V/60HZ (Catalog # TSX40086A) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC3 W PL 4 PH 10/40 FULL GOUT (Catalog # NC1882294) |
| Philips Healthcare | PO # 27984 | 102303 IntraSight (NNAW511 - IntraSight 7) |

:k

## Exhibit A

*Copy of Hospital Lease Attached.*

**NFS Leasing**

# TRI-PARTY LANDLORD AGREEMENT

This Tri-Party Landlord Agreement is entered into as of this _____ day of _____, 2021 (this "Agreement") by and among NFS Leasing, Inc., a Massachusetts corporation ("NFS"), SA Hospital Acquisition Group, LLC, a Delaware limited liability company ("Lessee"), and PI Broadway LLC ("Landlord"), a Missouri limited liability company.

WHEREAS, NFS and Lessee are entering into a certain equipment leasing transaction (the "Equipment Lease") whereby NFS will lease to Lessee certain equipment (the "Leased Equipment"), which Leased Equipment is more fully described below; and

WHEREAS, Landlord and Lessee are parties to that certain Hospital Lease dated January 19, 2021 and a true, complete and accurate copy of such lease, as amended, is attached hereto as **Exhibit A** (as amended, restated or otherwise modified from time to time the "Lease") for certain premises located at **3933 S. Broadway St. Louis, MO 63118** (the "Premises"); and

WHEREAS, the purpose of this Agreement is to provide for NFS to gain access to the Leased Equipment in the event Lessee defaults under the Equipment Lease and NFS exercises its rights thereunder to repossess the Leased Equipment.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties to this Agreement hereby agree as follows:

1.  Landlord's Representations:  Landlord hereby warrants and represents that the Lessee is the tenant under the Lease.  The Landlord waives any claim or defense to the contrary.  The Lease represents the entire understanding between Landlord and Lessee with respect to the leasing of the Premises.  The Lease has been duly authorized, executed and delivered by Landlord, and is in full force and effect.  To the best knowledge of Landlord, the Premises have not become subject to any mechanic's, laborer's, material person's or other lien.  There exists no default of Landlord or Lessee under the Lease nor state of facts which, with the passage of time or the giving of notice or both, could ripen into a default on the part of Landlord, or to the best knowledge of Landlord, could ripen into a default on the part of Lessee under the Lease.

2.  Collateral and Leased Equipment:  For all purposes of this Agreement the "Leased Equipment" means that certain equipment set forth on the attached **Schedule 1** as well as any subsequent equipment which may in the future be leased to Lessee under any additional schedule to the Equipment Lease and which is to be physically located at the Premises, together with any replacements or additions thereto.  Each of Landlord and Lessee agree to at all times recognize NFS' ownership interest in the Leased Equipment even where the Leased Equipment may be attached to, affixed to or installed in or upon the Premises, and shall not assert any claims to a lien or other interest in the Leased Equipment.  Additionally,  Landlord acknowledges that NFS has required, and may in the future require, as security for the obligations under the Equipment Lease, inter alia, liens on certain assets owned by Lessee that may be located at the Premises (the "Collateral").  Landlord hereby agrees that: (a) Landlord will not assert against any of Lessee's assets (including, without limitation, the Collateral) any statutory or possessory liens, including, without limitation, rights of levy or distraint for rent, all of which Landlord hereby waives; and (b) none of the Collateral located at the Premises shall be deemed to be fixtures.

3.  Access to Leased Equipment in the Event of Default Under Equipment Lease:  Each of Lessee and Landlord hereby agrees that in the event of any default declared by NFS under the Equipment Lease ("Default") which gives rise to NFS seeking to enforce its rights of repossession of the Leased Equipment and to enforce its security interest in the Lease and/or the Collateral, Landlord is hereby authorized and directed, at NFS' option, to allow NFS or its designated agents to (a) succeed to Lessee's right, title and interest under the Lease, and (b)  or (c) remove the Leased Equipment and/or Collateral from the Premises within a reasonable time, not to exceed ninety (90) days after NFS provides notice to Landlord of the Default, provided that if NFS occupies the Premises in excess of twenty (20) days (the "Initial Period") after such notice of Default, NFS shall pay to Landlord a use and occupancy fee equal to the amount of the prorated monthly rental payment that would have been due under the Lease for the period of time NFS occupies the Premises after the Initial Period, and NFS shall pay Landlord for any actual damages directly caused by NFS or its representatives in removing the Leased Equipment and/or Collateral from the Premises. Landlord further agrees that Landlord will not hinder NFS' actions in repossessing the Leased Equipment or exercising its rights with respect to the Collateral.

4.  Certain Agreements:  Landlord hereby agrees that it will simultaneously provide NFS with a copy of any notice of default, or any similar notice, sent to Lessee which relates to Lessee's use or occupancy of the Premises in connection with the Lease. Landlord will not seek to exercise any right it may have to terminate the Lease by reason of any act or omission of Lessee until a reasonable period of time (but in any event not less than thirty (30) days) shall have elapsed following the notice to Lessee (with a copy to NFS as provided above), during which period NFS shall have the right, but shall not be under any obligation, to remedy such act or omission. Landlord agrees to accept such performance by NFS on account of Lessee under the Lease.  The agreements contained herein shall continue in full force until all obligations and liabilities of Lessee to NFS are paid and performed in full and all leasing and other arrangements between the Lessee and Lessor under the Equipment Lease have been terminated. Landlord shall notify all successor owners, transferees, purchasers and mortgagees of the existence of this Agreement and the terms and conditions contained herein.

5.  Notices:  All notices permitted or required by this Agreement shall be in writing and served upon the parties by either certified mail, return receipt requested, or by a reputable overnight delivery service requiring a signature upon delivery, or via facsimile or electronic mail transmission for which a successful transmission report is generated. Any such notice shall be deemed effective when received by that party at the following address, email or facsimile number:

| If to: NFS Leasing, Inc. | If to Lessee: | SA Hospital Acquisition Group, LLC | If to Landlord: | PI Broadway LLC |
|---|---|---|---|---|
| 900 Cummings Center, Suite 226-U | Address: | 269 West Bonita | Address: | c/o Positive Investments, Inc. |
| Beverly, MA 01915 | | Claremont, CA 91711 | | 610 N. Santa Anita Ave Arcadia, CA 91006 |
| Fax: (866) 805-3667 | Phone: | | Phone: | |
| Attn: Legal | Fax: | | Attn: | Rao Yalamanchili |
| Email: legal@nfsleasing.com | Email: | Troy.schell@schnuelle.com | Email: | rao@positiveinvestments.com |

6.  <u>Governing Law, Jurisdiction and Venue</u>:   This Agreement shall be interpreted under and governed by the laws of the State where the Leased Equipment is located and any action commenced hereunder shall be brought only in a court of competent jurisdiction sitting within said State.

7.  <u>Modification</u>:  To be effective, any modification of this Agreement must be in writing and executed by all parties.

8.  <u>Execution</u>:  Each party represents and warrants to the other parties that the person executing this Agreement on its behalf is duly authorized to do so and that once executed, this Agreement is intended to be a binding agreement enforceable in accordance with its terms. This Agreement may be executed in several counterparts with each such counterpart constituting an original. Any party may execute this Agreement via fax with original signature pages thereafter furnished to the other parties, provided however that no party may avoid any obligation hereunder by virtue of its failure to furnish such original signatures.

9.  <u>Severability</u>. In the event that any provision of this Agreement shall be held to be invalid, void, voidable, or otherwise unenforceable, the remaining portions of this Agreement shall remain in full force and effect to the extent that they can be given effect without the invalid portions.

10.  <u>Successors and Assigns</u>.  It is the intent of the parties that this Agreement shall be binding upon each of the party's successors, assigns, and personal representatives, upon any successor owner or transferee of the Premises, and upon any purchaser, including any mortgagee, from Landlord.

Executed as an agreement under seal and effective on the date first above written.

| NFS Leasing, Inc. | Lessee: SA Hospital Acquisition Group, LLC | Landlord: PI Broadway LLC |
|---|---|---|
| Name:_____ | Name:_____ | Name:_____ |
| Signature:_____ | Signature:_____ | Signature:_____ |
| Title:_____ | Title:_____ | Title:_____ |
| Date:_____ | Date:_____ | Date:_____ |

# **Schedule 1**

| Vendor | Invoice or PO # | Description |
|---|---|---|
| Alco Sales And Service Co. | 2833897-IN | QTY 25 LITHIUM IRON PHOSPHATE BATTERY |
| BidMed, LLC | T-282-21 | PRECISION FLOUROSCOPY SYSTEM |
| BidMed, LLC | T-282-21 | SIGNA EXCITE 1.5T MOBILE MRI |
| Boelter | 720763-1 | CONTRACT TO FURNISH KITCHEN EQUIPMENT |
| Cadwell | 245921 | CAMERA ACCESSORIES |
| CDW 2 | 4049065 | MS SOFTWARE |
| CDW 3 | 3835877 | ARUBA SOFTWARE |
| CDW 4 | 3716877 | 48 WIRELESS GATEWAYS AND CONTROLLERS |
| CDW 5 | 4207989 | 100 7480 MONITORS 100 LOGITECH WIRELESS |
| CDW | 4171567 | 452 SOFTWARE LICENSES FOR MS EXCHANGE ETC. |
| FISHER HEALTHCARE | 5819729 | JPL430A HIGH PERFORMANCE PLASMA FREEZER |
| FUTURA MOBILITY | 100063518 | QTY 10 M38E CHASSIS POWER MLIFT AND ACCESORIES |
| FUTURA MOBILITY | 100063915 | 10 DELL OPTIPLEX MFF MLK |
| FUTURA MOBILITY | 100064007 | 10 HONEYWELL 1950 SCANNER ONLY |
| HILLROM | 1171078 | VOLARA SYSTEM AND STAND |
| JAKEN MEDICAL | 47560 | QTY 4 ELECTROCARDIOGRAPH GE MAC COLOR DISP 12SL GS INTERP |
| JUST MEDICAL | 4010584 | MRI SPIRODOC SPIROMETER AND OXIMETER |
| LINET -2 | 20202612 | BEDS MATTRESSES TABLES CHAIRS |
| MEDICAL POSITIONING | 5890 | ECHOTABLE AND ACCESSORIES |
| MINDRAY | P6001320A | QTY 4 MINDRAY ULTRASOUND SYSTEMS AND ACCESORIES |
| MINDRAY | P600011320 | MINDRAY PATIENT MONITORING AND ANESTHESIA SYSTEM |
| NORIX | INV88672 | BEDS MATTRESSES RESTRAINT CHAIRS LOUNGE |
| ORTHO CLINICAL DIAGNOSTICS | 1851665718 | VITRO XT 7600 INTEGRATED SYSTEM ANTIGEN TESTING |
| SERVICE EXPRESS | 987076 | EMC DELL INTEL VM WARE |
| STLCOM.COM 2 | 136089 | NURSE CALL SYSTEM AND PATIENT MONITORING |
| STLCOM.COM 3 | 136055 | TWO INVOICE INCLUDE SOFTWARE HARDWARE INSTALL AND TAX |
| STLCOM.COM 4 | STL-135017 | AVAYA PHONE HARDWARE AND SYS SOFTWARE |
| ABBOT | 27314 | HEMATOLOGY ANALYZER |
| ADVANCED STRILIZATION PRODUCTS | 27474 | SURGERY STERILIZER - ST100NX ALLCLEAR 1-DR DUO and install kit |
| ARJO | 27482 | PATIENT LIFT AND SAFETY |
| COVIDIEN (Medtronic) | 27460 | QTY 4 VENTILATOR |
| FERGUSON FACILITIES SUPPLIES | 27256 | QTY 2 EVS DEPARTMENTS |
| GE | 27499 | DICOM GW PRO |
| GE | 27390 | DIGITAL X RAY - Optima XR646 1D base LED (Item # S1204AH) |
| GE | 27360 | RADIOLOGY |
| GE | 27306 | CT SCAN - Revolution Evo Gen 2 ES Digital BJ |
| GE | 27442 | C-ARMS |
| GE | 27361 | NUCLEAR MEDICINE - GS INF2 .375IN ACQ SYS - GoldSeal Infinia II dual detector imaging system |
| GE | 27365 | ULTRASOUND - GoldSeal Logiq S8 R4.5 OLED (Catalog # L8029SE) and Array Probe |
| MCKESSON | 30429 | BIOMERIEUX (MICROBIOLOGY) |
| MCKESSON | 30426 | BIOMERIEUX MICROBIOLOGY) |

3

| PHILIPS | 27473 | QTY 4 BIPAP MACHINE |
|---|---|---|
| SIEMENS | 27328 | CO AG ANALYZER |
| STERIS | 27424 | QTY 2 SURGICAL TABLES |
| STERIS | 27424 | SURGICAL LIGHTS FOR 3 OR ROOMS |
| STRYKER | 27310 | NEPTUNE WASTE SYSTEM |
| STRYKER | 27462 | INSTRUMENTS |
| GE | POs 27360 & 27581 | Cath lab & Hemodynamics |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 10/50/100, Ergo Trinoc (Catalog # NC1881917) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC4BF w PL 4/10/20/100, Ergo Trinoc, Upgraded Stage (Catalog # NC1881919) |
| FISHER HEALTHCARE | Invoice # 4804846 | Ultra-Low Freezer: ULT FZ TSX40086A 115V/60HZ (Catalog # TSX40086A) |
| FISHER HEALTHCARE | | Laxco Microscope System: LMC3 W PL 4 PH 10/40 FULL GOUT (Catalog # NC1882294) |
| Philips Healthcare | PO # 27984 | 102503 IntraSight (NNAW511 - IntraSight 7) |

# **Exhibit A**

*Copy of Hospital Lease Attached.*

# EXHIBIT 17

| | |
|---|---|
| **From:** | Faisal Gill <fgill@amhealthsystems.com> |
| **Sent:** | Tuesday, February 7, 2023 1:14 AM |
| **To:** | Mike Barker |
| **Cc:** | Ashley Whyman; Dana Calumby |
| **Subject:** | Re: SA Hospital - Final Notice |

I do not have any authority to accept service for SA Acquisition Group, which is the entity your contract is with.

American Healthcare is not a party and until we close has not assumed any responsibility for your loan.

Sincerely
Faisal

Sent from my iPhone


On Feb 6, 2023, at 2:42 PM, Mike Barker <mikeb@nfsleasing.com> wrote:


Faisal:

I understand that NFS did not receive the wire payment today.  Please advise if you will accept email service of the lawsuit on behalf of the American Healthcare Systems entities.

**Michael C. Barker**
*Associate Counsel*
NFS Leasing, Inc.
(978) 564-3961
www.nfsleasing.com
<image002.jpg>

**From:** Mike Barker
**Sent:** Saturday, February 4, 2023 6:03 PM
**To:** 'Faisal Gill' <fgill@amhealthsystems.com>
**Cc:** Ashley Whyman <awhyman@nfsleasing.com>; Dana Calumby <danac@nfsleasing.com>
**Subject:** RE: SA Hospital - Final Notice

Faisal:

NFS will withhold from filing suit if:

1. NFS receives by close of business on Monday, February 6, a wire payment using the attached wire instructions of $121,448.04 (representing the January and February lease payments and sales tax that was due under the terms agreed-to in principle by email on January 24, as identified below); and
2. After receipt of the above wire payment, NFS receives executed copies by close of business on the day following your receipt of the revised contract documents, which will be revised by NFS to reflect the terms agreed-to in principle on January 24.

1

If NFS does not receive the wire payment and the executed lease documents as provided above, it will move forward with the suit.  In that case, NFS looks forward to your creative theory that a UCC financing statement impacts an equipment lessor's breach of contract claims and right to recover its own property under both Article 2A and the replevin statute.

**Michael C. Barker**
*Associate Counsel*
NFS Leasing, Inc.
(978) 564-3961
www.nfsleasing.com
<image002.jpg>

---

**From:** Faisal Gill <fgill@amhealthsystems.com>
**Sent:** Friday, February 3, 2023 5:21 PM
**To:** Mike Barker <mikeb@nfsleasing.com>
**Subject:** Re: SA Hospital - Final Notice

Mike,

We are trying to resolve this issue with NFS.  We thought we had an agreement and are still willing to honor it except that there was an issue with our bank accounts being frozen.  We have resolved the issue, if NFS wants to continue with the agreement, we can wire the money.  If not, we understand and we can proceed.  However, we do not believe that your UCC lien in valid under Missouri law and thus would have to resolve this through litigation.  We do not want that and have been trying to resolve it with the owners.  That has been the reason for the delay.  Please let us know how you wish to proceed.  We can wire the money on Monday.

Sincerely,
Faisal Gill
310-418-6675

On Wed, Feb 1, 2023 at 12:58 PM Mike Barker <mikeb@nfsleasing.com> wrote:

Dear Sir or Madam:


I write concerning the equipment (the "Equipment") owned by NFS Leasing, Inc. ("NFS"), which was leased to SA Hospital Acquisition Group, LLC d/b/a South City Hospital ("South City Hospital") pursuant to a lease agreement (the "Lease") with NFS.   South City Hospital is currently in irrevocable default under the Lease.  A copy of the Notice of Default with the transmittal email is attached.


Despite South City Hospital's irrevocable default and NFS's multiple demands for payment and attempts to resolve this matter, it is NFS's understanding that the Equipment is still in use and operation at South City Hospital's location at 3933 S Broadway, St. Louis, Missouri (the "Premises").

You have been identified as the agent of an entity or individual in possession or control of the Equipment and/or the Premises.  NFS has previously notified you of South City Hospital's default under the Lease and made demand upon you to arrange access to the Premises in order to evaluate and prepare for removal of the Equipment.  This demand is made, in part, pursuant to a certain Tri-Party Landlord Agreement (the "Tri-Party Agreement") executed contemporaneously with and in consideration of the Lease.  A copy of the Tri-Party Agreement is also attached.  Under the Tri-Party Agreement, South City Hospital and its prior landlord, on behalf of itself and its successors and transferees, agreed to provide NFS access to the Premises, in the event of South City Hospital's default, for removal of the Equipment.  To date, NFS has received no response or authorization from you and is therefore forced to take further action.

This email serves as NFS's final demand to you, as a party in possession or control of the Equipment and/or the Premises, to (i) allow for NFS and its agents' immediate access to the Premises and Equipment in order to remove any Equipment which is not immediately being used and to make arrangements for the safe and secure removal of all other Equipment, and (ii) immediately make all reasonable efforts to cease the use and operation of all of the Equipment and facilitate its return to NFS as the rightful owner and party entitled to possession.

If I do not hear from you on or before Friday, February 3, 2023, NFS will be filing suit against you for entry and access to the Premises and return of its Equipment, and may pursue all attendant rights and remedies, as appropriate against you under the circumstances and as available at law or in equity, including for unlawful conversion of the Equipment, return of the Equipment, breach of the Tri-Party Agreement, and any damages, costs, and attorneys' fees in connection therewith.

**Michael C. Barker**

*Associate Counsel*

NFS Leasing, Inc.

(978) 564-3961

www.nfsleasing.com

<image002.jpg>

3