UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NFS LEASING, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00203-AGF |
| | ) | |
| SA HOSPITAL ACQUISITION GROUP, LLC, AMERICAN HEALTHCARE SYSTEMS, LLC, and AMERICAN HEALTHCARE SYSTEMS MISSOURI, LLC | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).

Plaintiff NFS Leasing, Inc. filed its verified complaint in this case on February 20, 2023. Plaintiff alleges that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000. Plaintiff asserts three causes of action under state law: replevin (Count I), conversion (Count II), and unjust enrichment (Count III).

Along with its complaint, Plaintiff filed a motion (ECF No. 2) for prejudgment writ of attachment, pursuant to Federal Rule of Civil Procedure 64, Missouri Rule of Civil Procedure 85, and Missouri Revised Statute § 521.010 et seq.  Plaintiff seeks prejudgment attachment of certain leased equipment alleged to be owned by Plaintiff.  On February 21, 2023, Plaintiff filed a motion (ECF No. 10) for an immediate ex parte hearing on its motion for prejudgment writ of attachment.

As to diversity jurisdiction, Plaintiff alleges that it is a corporation organized under the laws of Massachusetts with its principal place of business in Massachusetts. The three Defendants in this action are limited liability companies.  Plaintiff alleges that the first, Defendant SA Hospital Acquisition Group, LLC ("SA Hospital LLC"), is a Delaware limited liability company with its principal place of business in Missouri. Plaintiff further alleges that the "members of SA Hospital are Benjamin Meir Klein, Jeffrey K. Alholm, Lawrence Feigen, and Troy Schell"; that Klein is a citizen of New Jersey; and that Alholm, Feigen, and Schell are all citizens of California.  ECF No. 1, Compl. at ¶¶ 8-18.

The other two Defendants are American Healthcare Systems, LLC ("AHS LLC"), and American Healthcare Systems Missouri, LLC ("AHS MO LLC").  Plaintiff alleges that AHS LLC is a Virginia limited liability company with its principal place of business in Virginia and that AHS MO LLC is a Missouri limited liability company with its principal place of business in California.  Plaintiff's only allegation with respect to the members of these two LLCs is that, upon information and belief, neither AHS LLC nor AHS MO LLC has any members "domiciled in Missouri."  *Id.* at ¶¶ 20-25.

Unlike a corporation, which is a citizen of its state of organization and its principal place of business, 28 U.S.C. § 1332(c)(1), a limited liability company is a citizen of every state of which any member is a citizen. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  Thus, to determine whether complete diversity of citizenship exists in this case, the Court must examine the citizenship of each member of Defendants AHS LLC and AHS MO LLC.  Further, if any member "is itself a partnership or limited liability company, then the identity of each member of each of these entities must be traced until we reach a corporation or natural person." *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020). Plaintiff has not pled the citizenship of the members of these two LLCs.  And it is not clear from the complaint whether any such member (appropriately traced through) is a citizen of Massachusetts, which would destroy diversity.

Therefore, the Court will grant Plaintiff seven days to file an amended complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties.  If Plaintiff fails to timely and fully comply with this Order, the Court may dismiss this matter without prejudice for lack of subject matter jurisdiction.

Further, the Court will not consider Plaintiff's motion for an immediate ex parte hearing on its motion for a writ of prejudgment attachment under Rule 64—and will not schedule any such hearing—until Plaintiff has established that the Court has subject matter jurisdiction.[1]

---

[1]  Rule 64 provides that "throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that, within **seven (7) days from the date of this Order**, Plaintiff shall file an amended complaint that alleges facts establishing the citizenship of each party. If Plaintiff fails to timely and fully comply with this Order, this matter may be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Court will not consider Plaintiff's motion (ECF No. 10) for an immediate ex parte hearing on its motion for prejudgment writ of attachment, and will not schedule any such hearing, until Plaintiff has established that the Court has subject matter jurisdiction.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2023.

---

secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). The specific remedies available under Rule 64 include attachment and replevin. Fed. R. Civ. P. 64(b). "But the state prejudgment remedies available under Rule 64 are just that—remedies— and not separate causes of action." *KM Organic Fund, Inc. v. Smithson*, No. 3:20-CV-01016, 2020 WL 7178929, at *2 (M.D. Tenn. Dec. 7, 2020). Such a remedy depends on the existence of an underlying cause of action over which the federal court has subject-matter jurisdiction. *See United States v. Stone*, 59 F.R.D. 260, 263 (D. Del. 1973) ("Although Rules 4(e) and 64 of the Federal Rules of Civil Procedure permit the utilization of state procedures of service and attachment to confer original quasi in rem jurisdiction upon Federal District Courts, the plaintiff must satisfy subject matter jurisdiction and venue requirements before such procedures may be properly employed.") (citing *Great American Insurance Co. v. Louis Lesser Enterprises, Inc.*, 353 F.2d 997 (8th Cir. 1965)).

4