UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NFS LEASING, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00203-AGF |
| | ) | |
| SA HOSPITAL ACQUISITION GROUP, LLC, AMERICAN HEALTHCARE SYSTEMS, LLC, and AMERICAN HEALTHCARE SYSTEMS MISSOURI, LLC | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff NFS Leasing, Inc. ("NFS") filed its verified complaint in this case on February 20, 2023, asserting three causes of action against Defendants SA Hospital Acquisition Group, LLC ("SA Hospital"), American Healthcare Systems Missouri, LLC ("AHS MO"), and American Healthcare Systems, LLC ("AHS") (the latter two, collectively, the "AHS Parties") : (1) replevin against all Defendants with respect to certain medical equipment alleged to be owned by NFS and leased to SA Hospital ("Leased Equipment"); (2) conversion against the AHS Parties with respect to their alleged unlawful possession of and refusal to return the Leased Equipment; and (3) unjust enrichment against the AHS Parties with respect to their alleged use of the Leased Equipment without payment.

The matter is now before the Court on NFS's motion (ECF No. 2) for prejudgment writ of attachment as against Defendant SA Hospital. Pursuant to Federal Rule of Civil

Procedure 64, Missouri Rule of Civil Procedure 85, and Missouri Revised Statute § 521.010 et seq.  NFS seeks prejudgment attachment of the Leased Equipment and other equipment in which NFS alleges to have a security interest (the "Collateral").  NFS seeks the attachment and removal of the Leased Equipment and Collateral.

On February 21, 2023, NFS filed a motion (ECF No. 10) for an immediate ex parte hearing on its motion for prejudgment writ of attachment.  The Court set a hearing for February 28, 2023.  However, believing that ex parte relief was not warranted, the Court advised two attorneys believed to have previously represented Defendants of NFS's motions and of the hearing shortly before the hearing began.[1]  These attorneys then entered their appearances for Defendants SA Hospital and AHS MO[2] in this case, appeared at the hearing, and presented argument.

NFS has presented evidence in the form of an affidavit that SA Hospital has been in negotiations with the AHS Parties to enter into an asset purchase agreement, that SA Hospital is currently in default under its lease agreement with NFS and owes several hundred thousands of dollars in overdue lease payments, that NFS attempted to enter SA Hospital's property in order to inspect the Leased Equipment and Collateral but was denied access, and that the AHS Parties represented to NFS that they intended to take

---

[1]   The Court also asked defense counsel to caution their clients against doing anything to jeopardize the equipment at issue in this case.

[2]   The attorney for AHS MO represented that he did not yet have authorization to enter an appearance on behalf of the third Defendant, AHS, but that he had communicated with this Defendant, which is also closely related to AHS MO.

2

over the lease agreement at issue and/or to make payments owed under the lease agreement but failed to do so.

At the hearing, SA Hospital and AHS MO, through counsel, both represented on the record that they would agree, within 72 hours or such later date as the parties agreed, to facilitate NFS's full inspection of the Leased Equipment and Collateral; that the Leased Equipment and Collateral has not been transferred and is currently being used by the hospital, which is still fully operating; and that these Defendants would commit to taking no action to transfer or permitting any other entity to transfer the Leased Equipment and Collateral without full disclosure to NFS, and would safeguard NFS's interest in the Leased Equipment and Collateral, during the pendency of this litigation.

## DISCUSSION

Rule 64 of the Federal Rules of Civil procedure provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed.R.Civ.P. 64(a). The specific remedies available under Rule 64 include attachment. Fed. R. Civ. P. 64(b).

An attachment proceeding "is a prejudgment remedy, or part of a remedy, by which property can be taken into custody to satisfy an anticipated judgment. The attachment does not create the right to a judgment or debt; rather, it provides a means of enforcing a judgment." *State ex rel. Union Elec. Co. v. Barnes*, 893 S.W.2d 804, 805 (Mo. 1995) (citations omitted).  However, "[p]re-judgment attachments are not favored, principally because they are subject to a constitutional attack on due process grounds."

3

*State ex rel Belle Starr Saloon, Inc. v. Patterson*, 659 S.W.2d 789, 791 (Mo. App. 1983) (citing *Fuentes v. Shevin*, 407 U.S. 67 (1972)).

In relevant part, Mo. Rev. Stat. 512.010 states that a prejudgment writ of attachment is appropriate "in any one or more of the following cases": "[w]here the defendant is about fraudulently to convey or assign his property or effects, so as to hinder or delay his creditor" or has already done so; or "[w]here the defendant is about fraudulently to conceal, remove or dispose of his property or effects, so as to hinder or delay his creditors" or has already done so.  Mo. Rev. Stat. 512.010 (7)-(10).

For the reasons discussed extensively at the hearing and based on the representations and commitments of the parties--which are to be memorialized in a separate agreement to be signed by all parties and filed in the Court—the Court will deny NFS's motion.  While NFS may well be entitled to replevin on the merits and on a properly supported record, the record at this stage, including the representations to be memorialized in the parties' forthcoming signed agreement, does not demonstrate that the extraordinary remedy of prejudgment attachment is warranted.  NFS's affidavit does not demonstrate that the equipment at issue has been or is about to be fraudulently conveyed or disposed; rather, the affidavit indicates that the hospital where the equipment is located is in the process of being sold and that the parties to that contemplated sale recognize NFS's interests and anticipate continuing a lease or other agreement with NFS to protect that interest, though finalizing this and other aspects of the sale as a whole has been delayed.  And while NFS's allegation that it was denied access to inspect the equipment gave the Court great concern as to whether the equipment was being fraudulently

4

concealed, based on the representations of the parties to be memorialized in a signed agreement, the Court is comfortable that such concealment is no longer a concern.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for a prejudgment writ of attachment is **DENIED**, subject to the parties entering and filing a signed agreement that provides for Defendants facilitating Plaintiff's full inspection of property owned by Plaintiff or in which Plaintiff has a security interest, within 72 hours or such other time frame as the parties agree, and for Defendants taking no action to transfer, or allow any other entity to transfer, the above-described property without full disclosure to Plaintiff and to safeguard Plaintiff's interest in such property during the pendency of this litigation.  ECF No. 2.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2023.